FILED

United States District Court
for the District of Columbia

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Henry Lee Hill #14661-016
    Plaintiff, Pro Se Litigant.
FCI
P&B-V- 6000
Glenville, WV 26351-6000
United States of America
    Defendant's for the Government.

Civil action Demand
for a jury trial
7th Amendment/

Affidavit to Support Page(61-62)
(65)

(Fraudulent Indictment)
Grand jury Indictment is a
Forgery; Demand a reversal:

Officer D. Wright #3281
Officer Timothy S. Craggette
Officer Eugene Edwards Sgt. #463
Officer Dean Welsh #3389
Officer Govance Kearney #2706
Officer Daniel Whalen #3397
Officer Pamela Hopkins Wiggins #2603
Officer Charles Mckeown #S294
Officer Alvin Brown #S497
Officer Terrance T. Welsh #3175
Officer Gray O'Neal Det. #0823
Pro: Att: Richard L. Edwards, Ausa
Pro; Att; Jay B. Stephens, Ausa
Pro; Att; Roberto Iravla, Ausa
Pro; Att; Teresa Mchenry, Ausa
Judge; Thomas Penfield Jackson
Attorney at law: Lawrence H. Huebner, Esquire
Attorney at law: James Thomas Maloney, Esquire
Attorney at law: John Anothony Briley, Jr., Esquire

Case: 1:07-cv-00483
Assigned To : Walton, Reggie B.
Assign. Date : 04/04/2007
Description: HILL v. WRIGHT et al

-----------------------------------------------------------------------

Jurisdictional    Page (67-83)
--------------

18 U.S.C. Co-Conspiratials against rights

Jurisdiction of this court is invoked purpuant to and in accordance with
title 42. Section & 1983. This provisions of title 28 U.S.C. Section 1331-
1361. To redress the willful Deprivation of Federal Constitutional rights.
Plaintiff, request Declaratory relief under title 28 U.S.C. 2201-2202. The
matter in Controversy exceeds exclusive interest and cost cover the amount
of $10,000 (ten thousand dollars). Plaintiff, invokes the Fifth amendment:
No person shall be Deprived of life, liberty or property without Due Process
of law: The Eight amendment forbids cruel and unusual punishment.Pro Se co-
mplaint must be held to a less stringent standard than formal pleadings dr-
afted by attorney's Back [illegible] C. Ill. 1993, 357 F. Supp. 1125. Co-
urts should endeavor to [illegible] Se complaint for protection of Civil
rights with utmost liberaty and Without to technicalities: 28 U.S.C. 2106.

RECEIVED

FEB 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Supreme Court or any other court of Appellate jurisdiction may affirm, modify, vacate, set aside or reverse and judgment, decree, or direct the entry of such appropriate judgment, decree, or order or require such further proceedings to be had as may just under the circumstances.

Affective indictments changes the affectiveness of indictments or Grand juries:
A Statute changing the mode of procedure in criminal cases from indictment to information is not ex post facto as applied to offenses committed before its passage, and takes away no substantial right of an accused, although a few courts have taken the view that the adoption of a law authorizing the prosecution of crimes already committed by information instead of by indictment is forbidden by the EX POST FACTO Clause of the Constitution, on the theory that the right to an indictment is a substantial right of the accused. A Statute setting forth what shall be a sufficient indictment is not ex post facto and invalid. Laws are not ex post facto which, after the commission of an offense, allow amendments to pending indictments, thus preventing the defendant from taking advantage of variances in the indictment. And a Statute permitting the consolidation into one indictment of charges of crimes of a similar nature or constituting parts of a common plan or scheme is not, as applied to crimes committed prior to its enactment, violative of the EX POST Facto Clause of the Federal Constitution, nor is such a Statute rendered ex post facto because there would have been more peremptory challenges available to the defendants had they been tried separately.

Garnsey V. State, 4 Okla. Crim. 547, 112 P. 24 (1910).
An amendment to the Organic Act of Guam, purporting to create in its district court jurisdiction in certain criminal cases by retroactively denying the right to an indictment existing at the time a crime was committed, is invalid as ex post facto law. Putty V. United States, 220 F. 2d 473 (9th Cir. 1955), Cert. Denied, 350 U.S. 821, 76 S. CT. 46, 100 L. ED. 734 (1955).

Any indictment not charged by a Grand jury crime is inaffective charges is void false indictment is a reversal error, must me dismissed for lack of evidents.

Pro Se complaint must be held to a less stringent standard than formal pleadings drafted by attorney's Back V. Scott, D.C. ILL. 1993, 357 F. Supp. 1125.

Courts should endeavor to construed Pro Se complaint for protection of civil rights with utmost liberality and without to technicalities: 28 U.S.C. & 2106. The Supreme Court or any other court of Appellate jurisdiction may affirm, modify, vacate, set aside or reverse and judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order or require such further proceedings to be had as may just under the circumstances.

United States V. Lopez, 514 U.S. 131 L.ED. 2d. 626, 115 S. CT. 1624 (Fifth Cir. 1995): "Indeed on this cruial point, the majority and justice Breyer agreed in principle the Federal Government has nothing approaching a police power, Article 1, Section 8, Clause 3.

No person shall be deprived of life, liberty or property without Due Process of law: The Eight amendment prohibits cruel and unusal punishment. Pro Se Pleadings by plaintiff must be liberally construed, without regards to technic-

alities:
Wallace V. McManus, 776 F. 2d. 915. (10th Cir. 1985); Haines V. Jer-
ner, 4040, 579 At 594, 1972. one must ever be aware that the constituti-
on forbids sophisticated as well as simple-minded of discrimination, th-
e Federal courts will disregard their duty to protect Constitutional ri-
ghts. The valid claim has been stated then the Federal defendants offen-
ds evolving standards of decency.

Demallory  V. Cullen, 855 F. 2d. 442 (7th Cir. 1988); Plaintiff right-
s of access to the courts is most fundamental rights inmate holds. Just-
ice Brandus wrote, our goverment is the poten omni present teach  for g-
ood or bad. It teaches the people by example. Crime is like a cold, is
contagious if the government becomes a law breaker. it breeds contempt
for law, it invites hatred and anarchy, see: United States V. Payner,
65 U.S. 65 L.ED. 2d. 483. The District court shall have original jurisd-
iction of all civil actions under the constitution law or treaties of t-
he U.S. 632 F. 2d. Nicklus  V.  Carlson,446 U.S. 14, 100 ST. (3rd Cir.
1980). Justice Marshall, wrote the very essence of civil liberty certai-
nly consists in the right of every individual to claim the protection of
the law when ever he or she receives an injury one the first duties of
Government is to afford that protection; 632 F. 2d. 239, 18 U.S.C. 5011.

## Equal protection: Due Process (Fifth and Fourteen Amendment:

Government can not make or enforce any law to deprive any person of life,
liberty or property, without Due Process of law, nor deny to any person
within its jurisdiction the equal protection of the laws. Due Process as
defined under the Fifth amendment, means the right to be heard in a mean-
ingful time and a meaningful manner. The right to have the issue Constit-
utionally conducted. The right to bring withnesses on my own behalf. Pla-
intiff, is invoking his rights under the Fifth amendment, Johnson  V.  A-
very, 393 U.S. 483, 21 L.ED. 2d. 718, 95 S. CT. 747; lead others,Plaintif-
f have a Constitutional right to petition the Government for redress of t-
heir grievances, which includes a reasonable right of access to the court-
s. 1) Right not to be arrested or prosecuted without probable cause is cl-
early established Constitutional right for purposes of & 1983. Civil righ-
ts action. 2) False arrest, illegal detention (False imprisonment), and m-
alicious prosecution are recognized as causes of action under & 1983.

United States  V.  Kelly, 35 F. 3d. 929 (4th Cir. 1994); conviction acqui-
re through knowingly use of perjured testimony by Government violates Due
Process, regardless of whether Government solicated testimony that it knew
or should have known to be false, or simply allowed such testimony to pass
uncorrected U.S.C.A. Constitution amendment 5th and 14th amendment. Convic-
tion must be reversed if there is any reasonable likelihood that false te-
stimony could have affected judgment of jury, even if testimony relates o-
nly to credibility of Government withness and other evidence also has cal-
led into question credibilty of that witness. Governmental suppression of
exculpatary that is material to outcome of trial violates Due Process, ir-
respective of motivation of prosecutor. U.S.C.A. Constitution amendment 5-
th and 14th amendment.

Due Process requires Government to disclose material evidence affecting
credibility of Government witness. U.S.C.A. Constitution amendment 5th a-
nd 14th amendment.

Golino V. City of New Haven, 950 F. 2d. 864 (2nd Cir. 1991), qualified im- munity shields police officers from personal liability for damages for cond- uct which does "not violate clearly established Statutory or Constitutional rights of which reasonable person would have known or if it was objectively reasonable for police officers to believe that their acts did not violate t- hose rights. 42. U.S.C.A. & 1983.

Police officers loses qualified immunity shield in 1983. Civil rights action for alleged arrest without probable cause where officer knows or has reason to know that officer materially misled magistrate on basis for finding of p- robable cause, such as where material omission is intended to enhance conten- ts of affidavit as support for conclusion of probable cause 42. U.S.C.A. $ 1983.

Preponderance of evidence: As standard of proof in civil cases, is evidence which is of greater weight or more convincing than the evidence which is off- ered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved in more probable than not. Braud V. Kinchen,1a, App., 310 S. CT. 2d. 657, 659. with respect to burden of proof in civil acti- ons, means greater weight of evidence, or evidence which is more credible an- d convincing to the mind. That which best accords with reason and probabilit- y. The word "preponderance" means something more than" weight; it denotes a superiort of weight, or outweight. the words are not synonymous, but substan- tially different. There is generally a "weight" of evidence on each side in case os contest facts. But juries cannot properly act upon the Weight of evi- dence. in favor of the one having the onus, unless it overbear in some degre- e, the weight upon the other side. That amount of evidence necessary for the plaintiff to win in a civil case. It is that degree of proof which is more p- robable than not. Preponderance of evidence may not be determine by the num- ber of witnesses, but by the greater weight of all evidence, which does not necessary mean the greater number of witnesses, but opportunity for knowledge, information possessed, and manner of testifying determines the weight of test- imony.

Walton V. City Southfield, 995 F. 2d. 1331 (6th Cir. 1993); rights to be fr- ee from excessive force is clearly established. To violate clearly establish- ed right, particular conduct of official must fall within are protected by C- onstitutional rights such that reasonable official would have known that con- duct violated the Constitutional right. 42. U.S.C.A. & 1983.

Judge's are held liable; Supreme Court."

Mireles V. Waco, 116 L.ED. 2d. 947; in Forrester V. White, 484 U.S. 219 (1988). The Supreme Court, stated that although judges enjoy absolute immun- ity from liability and damages for their judicial or adjudicatory acts, the- y are not absolutely immune in their performance of Administrative and Exec- utive functions. It was acknowledged by a long line of Supreme Court preced- ents that a judge generally was immune from a suit for money damages, the c- ourt stated in Forrester V. White, (1988) 484 U.S. 219, 98 L.ED. 2d 555, 108 S. CT. 538. See: Mireles V. Waco, 1991, U.S.) 116 L.ED. 2d 9, 112 S. CT. 286. Citing Bradley V. Fisher (1872) 80 U.S. 335, 20 L.ED. 646, the c- ourt said that although unfairness and injustice to a litigant might result on occasion, it was a general principle of the highest importance to the pr- oper Administration of justice that a judicial officer, in exercising the a- uthority vested in him, was free to act upon his own convictions, without a- pprehension of personal consequences to himself. judge's who are now found g- uilty in his or her executive and Administrative can be held liable and acc- outable for punity damages are not absolute immune from liability in Mireles

V. Waco and Forrester V. White, (1988) 484 US 219, 98 L.ED. 2d 555, 108 S. CT. 538.

<u>Hale V. Townley</u>, 45 U.S. 914 F. 3d. (5th Cir. 1995); police officer who is present at scene and who does not take reasonable measures to protect suspect from another officer's use of excessive force may be held liable for civil rights violations <u>United States V. Koon</u>, 34 U.S. 1416 F. 3d. (9th Cir. 1994).

( <u>Parties to this Civil action</u> )

Henry L. Hill "

        Is a inmate presently incarcerated at F.C.I. Gilmer, Glenville, W-est-Virginia. False Indictment; Fraudulent Grand jury Indictment is a For-ery; Demand a Reversal all falsified edivedent. Plaintiff bring this Civil action in good faith inorder to redress the willful and malicious Depriva-tion of his Civil and Federal Protected Constitutionally rights by Agents of the Department of Safety. Defendant's employed by D.C. First District police Department in the District of Columbia. He or she is responsile for kednipping, crowing interstate commerce State line is responsible for Unc-onstitutional conduct in the instance case at bar.

### Defendant

(1). Officer James D. Wright #3281

        Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be Sued for anything they do at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

### Defendant

(2). Officer Timothy S. Craggette

        Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be Sued for anything they at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

(3). Officer Eugene Edwards Sgt: ID#463

        Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

(4). Officer Dean Welsh #3389

        Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

(5). Officer Govance Kearney #2706

(6)

Is being sued in his individual capacity; all Government Emply-ee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

Defendant

(6) Officer Daniel Whalen #3397

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

Defendant

(7) Officer Pamela Hopkins Wiggins #2603

Is being sued in her individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

Defendant

(8) Officer Charles Mckeown #S294

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional Rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

Defendant

(9) Officer Alvin Brown #S497

Is bein sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they at work that violates clearly established Constitutional Rights. <u>Hafer V. Melo</u>, 502 U.S. 21 (1991).

Defendant

(10). Officer Terrance T. Welsh #3175

Is being sued in his individual capacity; all Government Employee 's are persons under title 42. Section & 1983. Can be sued for anything th-ey do at work that violates clearly established Constitutional rights. <u>Haf er V. Melo</u>, 502 U.S. 21 (1991).

Defendant

(11). Officer Gary O'Neal Det: ID#0823

Is being sued in his individual capacity; all Government Employee are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. <u>Hafer</u>

Defendant

(12). Pro; Att: Richard L. Edwards,Ausa

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. Hafer  V.  Melo, 502 U.S. 21 (1991).

Defendant

(13). Pro; Att: Jay B. Stephens,Ausa

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. Hafer  V.  Melo, 502 U.S. 21 (1991).

Defendant

(14). Pro; Att: Roberto Iravla,Ausa

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. Hafer  V.  Melo, 502 U.S. 21 (1991).

Defendant

(15). Pro; Att: Teresa McHenry,Ausa

Is being sued in her individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. Hafer  V.  Melo, 502 U.S. 21 (1991).

Defendant

Judge: Thomas Penfield Jackson

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. Hafer  V.  Melo, 502 U.S. 21 (1991).

Defendant

(16). Attorney at law: Lawrence H. Huebner,esquire

Is being sued in his individual capacity; all Government Employee's are persons under title 42. Section & 1983. Can be sued for anything they do at work that violates clearly established Constitutional rights. Hafer  V.  Melo, 502 U.S. 21 (1991).

Defendant

(17). Attorney at law: James Thomas Maloney,esquire

Is being sued in his individual capacity; all Government Em-

ployee's are persons under title 42. Section & 1983. Can be sued for any-thing they do at work that violates clearly established Constitutional r-ights. Hafer V. Melo, 502 U.S. 21 (1991).

## Defendant

(19). Attorney at law: John Anothony Briley, Jr.,esquire

Is being sued in his individual capacity; all Government E-mployee's are persons under title 42. Section & 1983. Can be sued for any-thing they do at work that violates clearly established Constitutional ri-ghts. Hafer V. Melo, 502 U.S. 21 (1991).

( Factual Obligation and Statments of the Cases )

## Defendant

Officer James D. Wright, and other Government Official's is being sued for wrongful Deliberate actions, because they were all involved in a conspira-cy on duty; on that given day of February 03, 1989. Some in uniforms and s-ome in plan clothed, armed, and extremely dangeous, and reckless, and must be held accountable to answer clearly established constitutional violation-s under a court of law. There are facts that follows:

The Federal Indictment is a Forgery, by officer Dean Welsh, and officer Ter-Dance T. Welsh was not in any grand jury because the indictment on July 27 1988 was not held because was incarcerated at Minima Security until August 25, 1988 at the time of my release dated. The Grug analogy if also a Forge-ry, was never analyzed by a Drug chemical forensic chemist did not make a reported that would establised prosecution to indicted without probable ca-use. Grand jury case number 88-1 is falsed. The drug chemical forensic was supposed to be held in Washington, D.C. DEA MID-Atlantic December 19, 1989 The drug test was not done by MID-Atlantic Washington, D.C. Eugene Wesley, JR., Chief probation officer Arnold L. Hunter Deputy Chief probation offi-cer. Phillip N. Burgest U.S. Probation officer; Supervising U.S. probation officer is false can not be supported by the facts. Telephone: 202-535-3112 The search warrant that was supposely issued is false on January 27, 1989. The search warrant and affidavit issued on 4:45 PM 1-27-89 by Judge, Superior court of the District of Columbia judge S. Sueie is falsed.

On or about Feb. 03, 1989. Officer James D. Wright, and other officials engaged in criminal behavior that involved a unreasonable search-ed and seizures, at 33 "K" Street, N.W., Washington, D.C. 20001.,apt.#211. The records will reflected that officer James D. Wright, acted outside of the protection of the judiciary process, when he and other officials viola-ted complaintive 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment of the Consti-tution. The rights of the people to be secured in their persons, houses, h-ouses, papers, and effects, against unreasonable searches and seizures, sh-all not be violated, and no warrant and affidavit shall not be issued, but upon probable cause, supported by oath or affirmation and particular descr-ibing the place to be searched, and the persons or things to be seized. Wh-en officer James D. Wright, came into the apartment #211, without a valid searched warranted, and affidavit for Mr. Hill, to show cause, he when thi-s was clearly established Constitutional violation under the 4th Amendment of the Constitution. Inadditional; James D. Wright, wroted a falsed, manuf-actured, fabrications of lies in a false Grand jury indictment, forgery Grand jury minutes reported, knew to be falsed;

James D. Wright, wroted a falsed, manufactured, fabrications of lies in a
false reported, knew to be falsed, to justify his actions. This reported w-
as taken with him and other officials on, January 27, 1989; for alleged se-
arched warranted for Mr. Hill. No search warrant and affidavit ever existed
for plaintiff, because when Co-Defendant's Marrietta Kittrell, and other,
rented out Apartment 211, three years prior to any knowledge of person invo-
lved in this complainted. The Affidavit were invalid and defective, becaus-
e judge named was made-up which was and is a forgery and never was introduc-
ed into evidenced as a requirement by law before charges could be brought a-
gainst plaintiff. The Affidavit was alted from its original version; the wo-
rd house" was charged into apartment" Mailed to plaintiff in 1998, 10 years
after the facts, which was later sent by prosecutor Teresa McHenry,Ausa. Th-
e affidavit had none of identifiable names of the Co-Defendant's nor plaint-
iff, which seem to suggested this document was mare-up at any time without
the knowledge of the Superior court, judge. The defective invalid searched
warranted and affidavit was intended for another Party; not the plaintiff
in question. The Government manufactured and fabricated the facts of a sear-
ch warranted and affidavit to make a defective indictment without probable
cause. See: Exhibits "A"B"C"D"E"F"G", and H." Officer James D. Wright, was
issued a complainted warrant by the Clerk of the court, in Superior court;
a charging document for Marrietta Kittrell. Which is clearly a complaint an-
d a search warranted, later introduced doing the pendency of the trialed, f-
or another person. The defective invalid affidavit was not introduced into
evidence doing the initial investigation of the trialed. The So-Called sear-
ch warrant, without the accompany of a affidavit to supported. The complain-
t, which is a charging document, issued on, 02/04/89 at 1:47 in the afterno-
on, which was signed by the clerk of the court and officer James D. Wright,
forged a unknown judge name on the Superior Court, search warranted and Aff-
idavited, according to court records. Plaintiff have submitted documents to
proved all set of facts to be true and accurate, on filed with the clerk of
the courts; in the District court. I have previously attached the necessary
documents as exhibits "A"B"C"D"E"F"G" And H." Officer James D. Wright, Purc-
hased cocaine from the hands of Elliott Kittrell, on, 02/03/89, in a clear
plastic Zip-locked bagged. At 8:00 P.M. On the same day; five minutes later,
according to the reported, from officer Timothy S. Craggette, purchased coc-
aine from the same person hands of Elliott Kittrell, at 8:00 A.M.according
to investigative reported, signed by officer James D. Wright. Purchased co-
caine both times early in the early morning; not at night as they want one
to believed. Other officials supposed to have executed a Un-Numbered search
warrant and affidavit for Henry Lee Hill, which was never under any invest-
igation inorder to get a Superior court, search warrant, you would need so-
me prior knowledge of that person before a search could be issued by Super-
ior court judge. Which never can be proven by the records because a search
warrant and affidavit does not existed as I have stated previously before
time of the initial investigation of a drug buy; officer James D.Wright, n-
ever identified plaintiff as the one who sold him the cocaine in 1 Zip-loc-
ked packet of cocained.

He never had enough time to go through the proper procedures to obtained a
searched warrant and affidavit without any prior knowledged of plaintiff. A
Superior court, judge, never approved a search warrant and affidavit for
plaintiff. The officer decided to take matters into his own hands by false-
ly arrested, and detained plaintiff without probable cause. The officer D.
Wright, stepped outside the protection of the Constitution of the laws and
procedures to qualify for immunity, according to clearly established Const-
itutional rights under the color of the law. No court gave officials autho-
rity to entered the primacies to arrested, detained without a Superior court,

judge signature of approval to show cause. Officer James D. Wright, testified falsely under oath, which is on recorded Jan 27, 1989, and no grand jury was never held by the District court, the indictment is a forgery, officer Dean Welsh and officer Terrance T. Welch was never in a Grand jury 88-1 is a forgery, can not be subtained by any court of law, which will proved to be true, committed perjury infront of the jury, doing and after trialed, which officer stated for the records that he and other official's executed a unnumbered search warranted and affidavit on, 02/03/89, which the search warrant was issued on, Jan 27, 1989, at a Superior court, suppression hearing, which he never indicated that the search warrant was a faked, as well as the indictment, grand jury minutes, all faked, and that it was supposed to be issued on Jan 27, 1989, which he committed perjury on filed in parted, fabrication of lies to deceived the courts under oath, infront of a full jury, doing the time of the trialed, if this be the case, and on the witness stand under penalty of perjury in the District court. The officials action wasn't by the law which was unjustified as a law enforcer that rely on the tax-payer's who pay the officials salaries to uphold the Constitution rights of it Citizens which the tax-payers pay his salary. Officer James D. Wright, are to be brought before the court and explain how a search warrant and affidavit was issued on, Jan 27, 1989, when no judge ever issued a search and affidavit, when no drugs was ever purchased on that particular day.

Officer James D. Wright, testified under oath that he received evidence out of apartment 211, on February 03, 1989, to make arrested, when the search warrant was issued on January 27, 1989 by the clerk of the court, which it wasn't authorized by a Superior court, judge. Officer James D. Wright, committed perjury, by febricating evidence, lies and tricks to deceived the jury to believe him on the witness stand and no grand jury was ever held on July 27, 1988 because petitioner was incarcerated at Minima security until Auguest 25, 1988. I was never that would have given the try this case without a District court to have jurisdiction to try any case, because officer Wright gave falsed and misleading written reports as exhibits "A-Lied on the plaintiff when he gaved his account of what actually happen on Feb 03, 1989. The indictment is flawed and can't be substantiated by the facts and not based on sound evidence that could support action being taken to indicted, detained, and arrested, without probable caused. The indictment is defective and lack the true substance when those facts does not measure up because the most cruiel issues was left out of the falsed indictment and not introduced into evidence to show the courts that the Grand jury to determine the facts in this case that could go before the jury for trialed. the search warrant and Affidavit is falsed. Doing the initial arrested, and searched and seizured: The following properties was seized illegally which the officer over stepped the scoped of the law in securing the properties that wasn't authorized by a Superior Court judge to seized evidence, that was removed from the Apt.#211. Two cam-Quarter video cameras, three large brown typewriters, one fax machine, three computers, gold and diamond bracelets, watches, rights; yellow and white gold. Sweaters, undercoats, leather coats, silver fox and rabbit fur coats, 1d. sweat suit, gold neckless chains of assortments. In cash $3,685.00 dollars; and inadditional $168.00 dollars taken from plaintiff. Which total $3,849.00 dollars. One jar of quarters that estimated over $940.00 dollars in small changed, a sum-total of a half million dollars or less.

## Defendant

Officer Timothy S. Craggette
        The Federal Indictment is a forgery, by officer Dean Welsh and officer Terrance T. Welch was not in any Grand jury because the indictment on

(11)

July 27, 1988 was not held because I was incarcerated at Minima Security u-
ntil August 25, 1988 at the time of my release dated. The Grug analogy is
also a forgery, was never analyzed by a Drug chemical Forensic Chemist did
not make a reported that would established prosecution to indicted without
probable cause. Grand jury case number 88-1 is falsed. The drug chemical f-
orensic was supposed to be held in Washington, D.C. DEA MID_Atlantic Decem-
ber 19, 1989, The drug test was not done by MID_Atlantic Washington, D.C.
Eugene Wesley, Jr., Chief probation officer Arnold L. Hunter Deputy Chief
probation officer. Phillip N. Burgest U.S. Probation officer; Supervising
U.S. Probation officer is false can not be supported by the facts. Telepho-
ne: 202-535-3112. The search warrant and Affidavit that was supposely issu-
ed is falsed on January 27, 1989. The search warrant and affidavit issued
on 4:45 PM 1-27-89 by judge, in the Superior court of the District of Colu-
mbia judge S. Sueie is falsed.

        Is being sued and held accountable for acts of conspiracy, bec-
ause they all knew these acts of criminal negligence, violated clearly est-
ablished Constitutional rights and statutory rights. Officer Timothy S. Cr-
aggette are one of many persons involved in this conspiracy. Some armed an-
d extremely dangeous, and reckless, and must be held to answer in a court
of law, for redressed. These are the facts as follows: On or about Feb 3,
1989. Officer Timothy S. Craggette, and other officials was involved in a
unreasonable searched and seizured at 33 "K" Street, N.W., Washington, D.C.
20001. Apt.#211. The records will showed that officer Timothy S. Craggette,
acted outside the law and wasn't protected under absolute immunity but rat-
her qualified immunity of unconstitutional acts of conspiracy when he viol-
ated plaintiff 4th/ 5th/ 6th/ 7th/ 8th/ and 14th amendment of the Constitu-
tion. The indictment is a forgery in was supposed taken placed in the Gran-
d jury; number 88-1 officer Dean welsh and officer Terrance T. Welch was n-
ever in a Grand jury; all falsed evidence. The rights of the people to be
secured in thier person, houses, papers and effects, and against unreasona-
ble searches and seizures, shall not be violated, and no search warrant sh-
all be issued, but upon probable cause, supported by oath or affirmation a-
nd particular describing the place to be searched, and the persons or thin-
gs to be seized. When officer Timothy S. Craggette, came into the apartmen-
t 211, without a valid searched warranted and Affidavit for Mr. Hill, to s-
how cause, he violated my 4th amendment of the Constitutional and statutor-
y rights. Inadditional, Timothy S. Craggette, justified his actions by com-
mitting perjury and fabricating a defective affidavit and Prosecutor Teres-
a McHenry,Ausa altered or changed the " Word house' to Apartment; with her
right hand; written. He also provided a falsed reported by officer James D.
Wright on 02/03/89; for alleged search warranted for Mr. Hill. No search w-
arrant or affidavit never existed for plaintiff, because when Co-Defendant'
s Marrietta Kittrell, rented out apartment 211; over three years ago prior
to any knowledge of person involved in this complaint. The affidavit was a-
ltered by prosecutor Teresa McHenry,Ausa with her right-hand, the word "ho-
use' changed to "apartment." The affidavit were invalid and grand jury Min-
utes, and grand jury charging document invalid and falsed, and was never i-
ntroduced into eividence at the initial investigation of the trial as a re-
quirement before any charged could be brought against plaintiff. Initial i-
nvestigation as a must be charged and indicted. The affidavit was mailed t-
o plaintiff in 1998, by prosecutor Teresa McHenry,Ausa. The affidavit made
no mention of none of the Co-Defendant's nor plaintiff which seem to sugge-
sted this document could have been made up at any time during the course o-
f time without any prior knowledge of the Superior court, judge or prosecu-
tor.
        The Defective invalid affidavit was intended for another party, incl-
uding the search warrant, that was introduced into evidenced. The question
should be asked could a search be used against plaintiff belonging to anot-

her party. The Government fabricated the facts of a search warrant to Make a defective indictment without any elements to make the case beyond probable caused to indicted with a false grand jury indictment. See: Exhibits "A" -Thru-H." Officer Timothy S. Craggette, was issued a complaint application by the clerk of the court, in the Superior court, which is a charging document for Marrietta Kittrell. Which is clearly a compliant and a search warrant later introduced during the pendency of the initial trialed. The defective, invalid affidavit was never introduced into evidence at the time of the trial. The So-Called Superior Court, search warrant wasn't signed by a Superior court judge on January 27, 1989, and executed on February 03, 1989 all must a month later which only have three days to executed a search warrant, without the accompanied with an affidavit to supported the search warrant. The complaint, which is a charging document issued on, 02/04/89 at 1:47 in the afternoon, which was signed by the clerk of the court. Searched and affidavit had expired January 27, thru-February 03, 1989. Plaintiff have submitted documents to proved all set of facts are true to show cause of actions in this complaint to be accurate, on the merits, filed with the clerk of court, in the District court. I have previously attached the necessary documents as exhibits "A" -Thru-H." Officer Timothy S. Craggette, purchased cocaine on February 3, 1989 had expired from January 27, 1989 and executed on Feb 3, 1989 or knew or should have known the search warrant and affidavit to be falsed. He also purchased cocaine from the hands of Elliott Kittrell, on 02/03/89, in a clear plastic Zip-lock bagged. at 8:05 P.M. on the same day,by officer Timothy S. Craggette, and ten minutes later by officer James D. Wright. The cocaine was purchased early in the morning, between7:00 and 8:00 A.M. not at night according to the reported given by both officers is inaccurated. The search warrant was executed at night, around 8:00 P.M. Once the day got on into the night, other officials supposed to have executed a expired un-numbered searched warranted affidavit for Henry Lee Hil-l, which never happen because I was never under any investigation as I have previously stated before, according to the records I have given. At the time of the initial drug sell, officer James D. Wright and officer Timothy S. Craggette, never identified plaintiff as one who sold them the cocaine in one zip-lock packeted of cocained. I was never under any investigation that would have given authority any knowledge about plaintiff. The only time that any of the officers knew anything about me was when I was arrested on 02/03/89. Officer O'Neal I haven't seen since 1976, other then that I had no previous knowledged of any officials.

Nor did plaintiff sell officers drugs on January 27, 1989 at 4:45P.M. Never had enough time to go through the proper procedures to obtained a search warrant and affidavit without any prior knowledge of plaintiff, inorder to get a Superior court judge to secure a court order for a searched warrant and affidavit for plaintiff. The officers decided to take matters into their own hands by falsely arresting and detaining plaintiff without Due Process of the law, of expired searched and affidavit to have probable cause. The officer stepped outside the protection of the law to ever to be considered for qualified immunity, according to the law. No court gave officials a Superior court, search warrant and affidavit by a judge approval to show cause. Officer Timothy S. Craggette, tooked an oath to uphold the Constitution of the law. Also officer James D. Wright, testified under direction of the prosecution.Officer stated for the records that he and other officials executed a un-numbered search warrant and affidavit on 02/03/89, which the search warrant was issued on, January 27, 1989 expired dated at a suppression hearing to show cause in 1989, which officr Timothy S. Craggette, committed perjury to manufactured evidence to deceived the jury on the witness stand, testimony taken from officer James D. Wright, which he tooked an oath infront of a full jury under penalty of per-

jury 28 U.S.C. & 1746., in the District Court.

The officials action being taken is unjustified as a law enforcement of-
ficial that taxpayers pay officials salaries to uphold the Constitution-
al rights of it Citizens, officials violated clearly established Consti-
tutional statutory rights. Officer Craggette and officer Wright, taken
the two video cameras home with them which both officials knew that cri-
minal act is against the law. Which he should be held to explain his ac-
tions according to those Constitutional issued. How a search warrant was
issued on Jan 27, 1989, when no evidence of drugs purchased on Jan 27,
1989 at 4:45 P.M. Officer Timothy S. Craggette, testified that he receiv-
ed evidence out of apt.&211, on Feb 3, 1989, to make arrested when the s-
earch warrant and affidavit was issued on January 27, 1989 and executed
on feb 3, 1989 which had expired of the 72 hours required by law. The sea-
rch and affidavit was intended for some one else, not the individual char-
ged in this investigation. Reported on Jan 27, 1989. Officer Timothy S. C-
raggette, committed perjury under oath and manufactured evidenced to conv-
icted, as well lies to other officials to deceived and tricked officials
to believe a lie to be the truth, when he gave falsed and misleading writ-
ten reported as exhibits as plaintiff has indicated "A". Lied on plaintif-
f when he and others gaved account of what actually happen on Feb 3, 1989.
The indictment is flawed and not based on any fact that could be proved t-
o be true by the law. Evidenced seized out of 33 "K" Street, N.W. Washing-
ton, D.C., Apt.#211. Two cam-quarter video cameras, three typewriters, th-
ree table-top computers, one fax machine, one safe destroyed in the hall
by the officials who broked into apartment 211, also seized, leather top
coats, top-undercoats, silver fox and rabbit fur coats, gold neckless cha-
ins, watches, rings, white and yellow gold jewlry. Gold diamond bracelets,
sweat suit, sweaters, one jar of quarters that estimated at around $1,000
thousand dollars, in currency, $3,685.00 dollars in cash; plus inaddition=
al $168.00 dollars taken from plaintiff of his person. It is estimated at
a half million or less dollars.

### Defendant

Officer Eugene Edwards,Jr., Sgt.#463

   The Federal Indictment is a forgery, by officer Dean Welsh And of-
ficer Terrance T. Welch was not in any Grand jury because the indictment
on July 27, 1988 was not held because I, the petitioner Henry Lee Hill wa-
s incarcerated at Minima Security in Lorton Virginia until August 25, 198-
8 at the time of my release dated. The search Warrant and Affidavit had e-
xpired, January 27, 1989 and executed on, Feb 3, 1989. The Drug analogy i-
s also a forgery, was never analyzed by a Drug chemical Forensic Chemist
did not make a reported chemical Drug Laboratory at Mid-Atlantic Washingt-
on, D.C. DEA December 19, 1989, The drug test was not done by MIN-Atlanti-
c Washington, D.C. or any other drug lab. Eugene Wesley,Jr., Chief probat-
ion officer Arnold L. Hunter Deputy Chief probation officer. Phillip N. B-
urgest U.S. probation officer; Supervising U.S. Probation officer reporte-
d is false can not be supported by the facts. Telephone: 202-535-3112. Th-
e search warrant and affidavit that was supposely issued is falsed on Jan
27, 1989. The search warrant and affidavit issued on 4:45 PM 1-27-89 by j-
udge, in the Superior court of the District of Columbia, judge S.Sueie is
false and does not worked for the jurdiciary system.

   Did commit acts of conspiracy, in violations of complainance Cons-
titutional rights. Was one of the officials in charged on the initial inv-
estigation; he instructed others officials to commit acts of conspiracy w-
hen officers forced their way into the apartment without probable cause,

because the search warrant and affidavit was invalid, when officials enter-
ed apartment 211, 33 "K" Street, N.W., Washington, D.C. 20001. Apt.#211. I
was falsely arrested, falsely imprisoned, and seized of his property witho-
ut Due Process of the law, regard to his 5th/ 6th/ 7th/ 8th/ and 14th amen-
ament rights. The officials violated plaintiff Due press, regard to his 5th
4th amendment rights. The officials violated plaintiff due process of the law, whiCH I w-
ill give more details further on into this statment, to clear up any discrepency of any
doubt yuo may have in regard to actual facts. There was never a search warrant and affid-
avit on filed for Henry L. Hill, the time frame of the search warrant and affidavit had
expired the dated it was issued on, January 27, 1989 and executed on Feb 3, 1989, that w-
ould have given officer Eugene Edwards,Jr., permission to enter Apt.#211, without permiss-
ion of a Superior court, judge; given authorization to break into apartment and used unr-
easonably seized property from the apartment without written authorization from a judge o-
r magistrate in the district of Columbia, Superior Court, judge. Officer Eugene Edwards,
Jr., had no regard for the law, when he violated my right by arresting plaintiff, on fals-
ed arrested, and falsed imprisonment without being compensated of civil damages under the
Federal Constitution. Officer Eugene Edwards,Jr., was also involved in a falsed and misl-
eading Reported taken under his instruction which he had no authority to make and enforce
laws without due process of the law. This criminal act, superseded his judiciary process
of protection of the law. This was done to fit his outregous behavior to break the law t-
hat he was hired to protected according to laws and procedure regulation under District
of Columbia policy. Officer Eugene Edwards,Jr., knew there wasn't no search warrant and
affidavit or should have known this act violated Constitution of the United States of Am-
erica, due process of Henry Lee Hill, according to the records on filed.

He did nothing to stopped this reckless action taken against plaintiff, officer Eugene
Edwards,Jr., violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th amendment of the Constitution-
al of rights. See: exhibits "A"-Thru-H." which is attached to document filed with the cl-
erk of the court, in the Ditrict court. The property that was taken from the Apt.#211; w-
as two cam-quarter video cameras, three typewriter, one fax machine, watched, rings; gol-
d and diamond bracelets, leather coats, sweat suit, silver and rabbit fur fox coats, gold
chains, one large jar of quarters, established at $1,000 dollars, and top-undercoats, in
currency $,685.00 dollars in cash, plus inadditional $168.00 dollars personally taken fr-
om plaintiff, when is all together estimated at a half million or less.

Officer Dean Welsh #3389

       The Federal Indictment is a forgery, by officer Dean Welsh and officer Terrence
T. Welch was not in any Grand jury because the indictment on July 27, 1988 was not held
because I, the petitioner Henry Lee Hill was incarcerated at Minima Security in Lorton V-
irginia until August 25, 1988 at the time of my release dated. The search warrant and A-
ffidavit had expired, January 27, 1989 and executed on, Feb 3, 1989. The Drug analogy is
also a forgery, was never analyzed by a Drug chemical Forensic Chemist did not make a r-
eported chemical Drug Laboratory at MID-Atlantic Washington, D.C. DEA December 19, 1989,
The drug test was not done by MID-Atlantic Washington, D.C. or any other drug lab. Euge-
ne Wesley,Jr., Chief probation officer Arnold L. Hunter Deputy Chief probation officer.
Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported
is false can not be supported or sustain by the facts. Telephone: 202-535-3112. The sea-
rch warrant and affidavit that was supposely issued is falsed on Jan 27, 1989. The sear-
ch warrant and affidavit issued on 4:45 PM 1-27-89 by judge, in the Superior court of t-
he District of Columbia, judge S. Sueie is false and does not worked for the judiciary
system.
       Was involved in a conspiracy of false arrested, false imprisonment, reckless e-
ndangerment and manufactured falsity evidence doing the pendency of the trial court. H-
e gave falsed testimony on the witness stand when officer Govance Kearney testified th-
at he and other officials executed a Un-Numbered D.C. Superior court search warrant an-
d affidavit for Henry Lee Hill, when I wasn't never under any investigation nor was I
made known until the day I was arrested on February 3, 1989. The search warrant and af-
fidavit is a forgery. Investigator Govance Kearney, who had involvment of the counting

of currency once the investigation got on the way in the District of Columbia. The courts unconstitutionally instructed the jury unconstitutionally that Superseded a five-count indictment of additional six count indictment through the so-called grand jury improperly instructed. That is, by directing, the jury to convicted, based on fabricated eividents and perjury before the witness stand. The affidavit were defective on its merit because it was altered from it original version and didn't have any of the Co-Defendant's names on it; including plaintiff as a requirement by law before charges could be brought. No search warrant and affidavit for Henry Lee Hill, because plaintiff was never under any investigation that would have given authority permission to seek a search warrant and affidavit without prior knowledge of person in question. My Due Process of the law, violated: No Magistrate or Judge in the Superior Court, issued a search warrant and affidavit, inorder to get a search warrant and affidavit, for your arrested, judge would had to have some prior knowledge of plaintiff. No valid search warrant and affidavit. Search warrant and affidavit had expired from January 27, 1989, executed on February 3, 1989, but there was no search warrant existed for Henry Lee Hill, accept for the person who rented Apt.#211, three years prior to any knowledge of her, personally. It is a requirement by law, before you can secure a search warrant and affidavit, arrested, detained, falsely imprisoned; to arrested someone you must have probable cause under the 4th amendment of the Constitution, before any one can invade the sanity of your abode. The officers must have a valid search warrant and affidavit and a grand jury must decide to try this case, but ruther the officers tooked matters into their own hands by enforcing laws that violated Federal protected Constitutional rights that is in quaranteed by law, when they knew from the started or should have known this criminal act were illegal and our followed proper procedures because any sane mined individual would have known this act to be illegally held by the Constitution. Accordingly, the law is clear when plaintiff was arrested without Due Process of the color of the law, and detained illegally without any regards of illegal activities of grievances held in the Federal District Court. This force of action is necessary to redress the concerns of illegal activities of lawlessness by officials of criminal behavior under their individual capacity; can be sued and convicted criminally for any Constitutional violation of civil and human rights of it Citizens. To exercise this right, measures are to be taken inorder to redress concerns within the scope of the law. Also was taken State line illegally could be consisered kidnapping by the law, and illegally taken from apt.#211, that he himself were involved in a personal relationship to justify officials illegal acts of perjury; fruad, fabrication of evidence. Taken from this apartment 211, Two cam-quarter video cameras, three typewriters, one fax machine, leather coats, top-undercoats, silver fox and rabbit fur coats, gold neckless chains, watches, rings, white and yellow gold jewlry. Gold diamond bracelets, sweat suit, sweaters, one jar of quarters in small changed that estimated $1,000 dollars and in currency $3,685.00 dollars; plus inadditionally $168.00 dollars taken from plaintiff personally. It is estimated at a half million dollars or less. The breaked in and entranced is unconstitutionally taken placed on February 3, 1989, at 33 "K" Street, N.W., Washington, D.C. 200-oi. Apt.#211.

Officer Daniel Whalen #3397

The Federal Indictment is a forgery, by officer Dean Welsh and Officer Terrence T. Welch was not in any Grand jury because the indictment on July 27, 1988 was not held because I, the petitioner Henry Lee Hill was incarcerated at Minima Security in Lorton Virginia until Auguest 25, 1988 at the time of my released from prison this dated. The search warrant and Affidavit had expired, from January 27, 1989 and executed on, Feb 3, 1989. The Drug analogy is also a forgery, was never analyzed by a Drug Chemical Forensic Chemist did not make a reported of chemical Drug Laboratory at MID-Atlantic Washington, D.C. DEA December 19, 1989, The drug tested was not done by MID-Atlantic Washington, D.C. or any other drug lab. Eugene Wesley,Jr., Chief probation officer Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is falsed, can not be supported or sustained sustain by the facts. Telephone: 202-535-3112. The search warrant and affidavit that

was supposely issued is by a judge is falsed on January 27, 1989. The search warrant a-
nd affidavit issued on 4:45 PM 1-27-89 by judge, in the Superior court of the District
of Columbia, judge S. Sueie is falsed, and does not worked for the judiciary system.

    Did conspired with others officials to commit perjury on the witness stand and
came into the apartment 211 without a valid search warrant and affidavit which he viol-
ated plaintiff Due Process and his Constitutional rights, violated under the 4th/ 5th/
6th/ 7th/ 8th/ and 14th amendment of the Constitution. 28 U.S.C. 42. Section & 1983. A-
re the cause of action in this law suit. My 4th and 5th amendment was violated when pl-
aintiff was arrested and convicted Unconstitutionally acts of corruptions. The current
law, under Federal Constitution in consistent with unjust treatment of the value of pr-
operty as an element of the offenses under numerous Federal statutes. The Supreme court,
held that the right to due process of law and the right to a jury trial read together,
indisputably entitle a plaintiff to a jury determination that he is guilty of every fa-
ct that increases the penalty of lawlessness by officials in their individual capacity,
this act has to be presented before the Grand jury of 22 juries has to be held under t-
he Constitutional civil and human rights, can be sued for anything they do at work tha-
t violates Federal protected rights of it Citizens. To exercise this right, measures a-
re to be taken inorder to redress concerns within the scope of the law. Also was taken
illegally from Apt.#211, that he himself were personally involved with to justify his
illegal acts of perjury, fruad, fabrication of evidence. Two cam-quarter video cameras,
three typewriters, one fax machine, leather undercoats, top-undercoats, silver fox and
rabbit fur coats, gold neckless chains, watches, rings, white and yellow gold jewlry.
Gold diamond bracelets, sweat suit, sweaters, one jar of quarters in small changed tha-
t estimated $1,000 dollars to be return, as well in currency $3,685.00 dollars plus in-
additional $168.00 dollars taken from plaintiff personally. It is estimated at a half
million dollars or less. The breaked in and entranced taken placed on Feb 3, 1989 at
33 "K" Street, N.W., Washington, D.C. 20001, Apt.#211. for the crime beyond the prescr-
ibed statutory maximum. When officer Daniel Whalen, testified on behalf of other offic-
ials concerning a search warrant and affidavit that had expired as well to be falsed;
it is the responsibility of the officer to check out the facts, and if they conclude,
there is no search warrant and affidavit, to bring it to the attention of the authorit-
ies to sheld light on this incidence or otherwise it could cause a innocent man or wom-
an to suffer unjustly, be convicted of false and misleading charges.

If the courts has concloulded the indictment to be defective of its falsity of the mer-
its in this case, he must dismiss with prejudice because the Constitution forbids the
act of falsifying documents and perjury of testimony in the initial staged of the inve-
stigation. Prosecutor Teresa McHenry, Ausa mailed the search warrant and affidavit to
plaintiff in 1998 to know to be defective and lack the truth of evidence to be submitt-
ed to a jury, this action cause the plaintiff to be imprisoned without Due Process of
the law. The search warrant and affidavit had expired on January 27, 1989 and executed
on Feb 3, 1989 wer defective in terms of any names and addresses of its persons to be
identified. The search warrant and affidavit and grand jury minutes is a faked docume-
nt a credical element of evidence inorder to initial a indictment. Without this facts,
the grand jury wasn't never held which would compelled courts not to indicted based on
falsified evidence for those reason. It is also a fact that the documents used to conv-
icted plaintiff was taken out of the glove compartment of the vehicle and later used t-
    o convicted in the February 3, 1989, incidence. Plaintiff 4th amendment was viola-
    ted and 5th amendment was violated of no search warrant and affidavit to arrested,
    convicted, and to house in a Federal Correctional Institution without Due Process
    of the color of the law. The affidavit and search warrant and grand jury is falsed,
    the search warrant and affidavit were intended for someone alse other than henry L-
    ee Hill, because I wasn't never under any investigation to have a warrant taken o-
    ut for my arrested to be served, nor did I rented Apt.#211, three years prior to P-
    laintiff comming to prison on false charges.
In an undercover operation of his own accordance without due process of the Constituti-

onal rights of conduct of illegal acts with no search warrant and affidavit and falsed indictment to show cause of my conviction. No judge in Superior court signed a warrant and affidavit, nor was I ever indicted by a grand jury which documents of a indictment is falsified and not base on any sound fact because plaintiff had no other contact with either officer until the night I was arrested on Feb 3, 1989.

Officer Daniel Whalen wasn't performing his civic duties within the scope of the law which he does not have absolute immunity of clearly established Constitutional violational violations that Supreme Court has held. He was involved in the process of seizing plaintiff property from the apartment that plaintiff expect it to be return or repay in it totality. Taken from the Apt.#211 was two cam-quarter video cameras, three typewriters, one fax machine, three computers, gold and diamond bracelets, watches, rings, yellow and white gold. sweaters, undercoats, leather coats, silver fox and rabbit fur coats, sweat suit, gold neckless chains of assortments, in cash $3,685.00 dollars; and inadditional $168.00 dollars taken from the plaintiff. Which total $3,949.00 dollars. One jar of quarters that estimated 1p000 or less.

## Defendant

Officer Pamela Hopkins Wiggins #2603

The Federal Indictment is a forgery, by officer Dean Welsh and officer Terrence T. Welch was not in any Grand jury because the indictment on July 27, 1988 was not held because I, The Petitioner Henry Lee Hill was incarcerated at Minima Security in Lorton Virginia, until August 25, 1988 at the time of my released from prison this dated. The search warrant and Affidavit had expired, from January 27, 1989 and executed on, Feb 3, 1989. The Drug analogy is also a forgery, was never analyzed by a Drug Chemical Forensic Chemist did not make a reported of chemical Drug Laboratory at MID-Atlantic Washington, D.C. DEA December 19, 1989, The drug tested was not done by MID-Atlantic Washington, D.C. or any other drug lab. Eugene Wesley,Jr., Chief probation officer Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is falsed, can not be supported or sustained by the facts. Telephone: 202-535-3112. The search warrant and affidavit that was supposely issued is br a judg is false on January 27, 1988. The search warrant affidavit issued on 4:45 P.M. 1-27-89 by judge, in the Suppior courh of the District of Columbia, judge S. Sueie is falsed, and does not worked for the iudiciarv svstem.

Did conspired with others unlawful without a valid search warrant and affidavited, to search the back bedroom or any other place in the apartment 211. Which officer Pamela Hopkins Wiggins was assisted by other officials involved in a conspiracy of the vice squard, which operated out of the First District Metropolitan Police Department, area of Washington, D.C., Officer were involved in the seizing of monies with expired search and affidavit from January 27, 1989 which is the dated search warrant  was issued by the clerk of the court in the Superior Court. Search warrant was executed on, 02/03/89 beyond the 72 hours as a requirement in the judiciary process in a court of law. The sum of $3,6-85.00 dollars along with other officers who tooked the law into there own hands when she lied on the withstand stand infront of a full jury when she stated that she and other officials executed expired faked Un-Numbered search warranted. Even though she played a small role compared to other officials in the conspiracy, but she is responsible for actions taked with expired faked search warranted while at worked she violated clearly established Constitutional rights. Officer Pamela Hopkins Wiggins, had some responsibility to checkout her fellow officers and not assume every officer is trustworthy. And to make sure that they are in complaince with the law. So therefore, she made a decision based on what she thought or sould have known thier actions was improper under the law, but yet this s does not excused wrong doingings for what she does at worked on the job to uphold the law. District of Columbia, officials are held subject to personal liability for damages under title 42. Section & 1983. Based on officials acts, where & 1983 action were brought a-

gainst officials in thier individual capacities. She violated my 4th/ 5th/ 6th/ 7th/ 8th and 14th amendment of the Constitution. She was involved in taken of property without probable cause of a search warrant and affidavit for Henry Lee Hill, which is a violations of Due Process of the law. No indictment evered by a Grand jury which would permit the hold the plaintiff without due processed, under the 4th and 5th amendment of the Constitution, officials does not have absolute immunity of violations of clearly estabished Constitutional rights. The property seized, were two cam-quarters video cameras, three typewriters, one fax machine, three large computers, rings, watches, gold diamond bracelets, gold neckless chains, one jar of quarters, that estimated at $1,000 dollars, in currency $3,685.00 dollars; inadditional taken from plaintiff $168.00 dollars; total of a half million dollars.

## Defendant

Officer Charles Mckeown #S294

The Federal Indictment is a forgery, by officer Dean Welsh and officer Terrence T. Welch was not in any Grand jury because the indictment on July 27, 1988 was not held because I, The Petitioner Henry Lee Hill was incarcerated at Minima Security in Lorton Virginia, until August 25, 1988 at the time of my released from prison this dated. The searched warranted and Affidavit had expired, from January 27, 1989 and executed on, Feb 3, 1989, beyond the 72 hours of a requirement by law of a faked search warrant and affidavit. The Drug analogy is also a forgery, was never analyzed by a Drug Chemical Forensic Chemist did not make a reported of Chemical Drug Laboratory at MID-Atlantic Washington, D.C., DEA December 19, 1989, The drug tested was not done by MID-Atlantic Washington, D.C. or any other drug lab. Eugene Wesley,Jr., Chief probation officer Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. Probation officer; Supervising U.S. Probation officer reported is falsed, can not be supported or sustained by the facts. Telephone: 202-535-3112. The search warrant and affidavit that was supposely issued by a judge is falsed, on, January 27, 1989. The search Warrant and affidavit issued on 4:45 P.M. 1-27-89 by judge, in the Superior court of the District of Columbia, judge S. Sueie IS Falsed, and does not worked for the judiciary system.

Did conspired with others officials to commit perjury on the witness stand, and was one involved in the faked search warrant and affidavit that had expired from January 27, 1989 and search warrant executed on February 03, 1989 which only 72 hours to execute a search warrant and affidavit, also in question none of the Co-Defendant's names on the search warranted. were involved in a searched and seizured and falsely arrested, false imprisonment; brought against plaintiff without Due Process of the law. Which violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendmendment of the Constitutional rights. Officer Charles Mckeown, came into the apt.#21, without probable cause to make a illegal search of the premacies. No search warrant as well as a affidavit to arrested plaintiff, because the searched warrant were intended for another person. The plaintiff wasn't never under any investigation because the plaintiff was incarcerated at Minima Security Institution at Lorton Virginia until my released on August 25, 1988. The search warrant was intended for Marrietta Kittrell, who rented out the Apartment 211, 33 "K" Street, N. W. Washington, D.C. The affidavit was never introduced into evidence doing the pendency of the trialed as a requirement by law. The affidavit was defective which didn't have any of the Co-Defendant's names; including plaintiff. The affidavit had been altered or changed from its original version because the word "House" was typed in and later changed to "Apartment" by prosecutor Teresa McHenry,Ausa with her right hand written in away to deceived the officials on the court level. The law is clear when clearl. established Constitutional rights has been violated. The official's tooked matters into thier own hands to breaked into the apartment without probable cause, and the used of forced of entranced of a invalid searched warranted and affidavited. Officials never followed proper procedures that is required by law. When I was arrested, plaintiff, was told that the-

re was a search warrant to breaked into the Apt.#211 without Due Process and 4th amend-
ment rights. This force of action is unjustified and deprived me of my Constitutional r-
ights to be free from false arrested, and false imprisonmented, and reckless endangerm-
ent and cruel and unusual punishment which violates my 4th/ 5th/ 6th/ 7th/ 8th/ and 14-
th amendment of the Constitution. Plaintiff has spent nearly 18th years behind bars as
a resulted of falsified evidence and perjury before the witness stand and a faked indi-
ctment under oath. I have a right to a fair trial; exercise are clearly established Co-
nstitutional rights under the 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment of the Const-
itution. Also seized from the apartment that officer Charles Mckeown was personally in-
volved with without regard of the law when he removed from the apartment; two cam-quar-
ter video cameras, three typewriters, one fax machine, three computers, one destroyed
safe, leather coats, cashmere undercoats, silver and rabbit fox fur coats, gold neckle-
ss chains, watches, rings, white and gold diamond bracelets, sweat suit, sweaters, one
jar of wuarters, estimated at \$1,000 dollars or less.

Also taken in currency from Henry Lee Hill Person \$3,685.00 dollars, plus ina-
dditionally \$168.00 dollars taken from plaintiff personally; from his front pants pock-
ets. The property is estimated at a half million dollars. The breaking and entering ta-
ken placed on February 3, 1989. At 33 "K" Street, N.W., Washington, D.C. 20001. Apt.#2-
11. It is no doubt in any one mind, that my Constitutional rights was violated and con-
tinue to this day and hour which I have spent nearly 18th years behind bars as a resul-
ed falsely charged and falsely imprisonment.

## Defendant

Officer Alvin Brown #S497

The Federal Indictment is a forgery, by officer Dean Welsh and officer Terrence
T. Welch was not in any Grand jury because the indictment on July 27, 1988 case number
88-1, was not held because I, The Petitioner, Henry Lee Hill, was incarcerated at Min-
ima Security in Lorton Virginia, until August 25, 1988 at the time of my released from
prison this dated. The searched warranted and Affidavit had expired, from January 27,
1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of
a faked search warrant and affidavit. March 20, 1989 of a 1977 drak blue Callilac is t-
he officer Terrence T. Welch is involved in the Falsed grand jury indictment. There w-
as no search warrant and affidavit of the vehical incidence on March 20, 1989. Both ca-
ses was consolidated of cross-contamidation of poison tree docutrance, which March 20,
was used to infer into Feb 3, 1989 incidence. The Drug analogy is also a forgery, was
never analyzed as the District Court contended by a drug Chemical Forensic Chemist did
not make a reported of chemical Drug Laboratory at MID-Alantic Washington, D.C., DEA
December 19, 1989, The drug tested was not done by MID-Atlantic Washington, D.C. or an-
y other drug Lab. Eugene Wesley,Jr., Chief probation officer Arnold L. Hunter Deputy C-
hief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. pr-
obation officer reported is a false document, can not be supported or sustained by the
facts. Telephone: 202-535-3112. The search warrant and affidavit that was supposely is-
ued by a judge is falsed, on, January 27, 1989. The search warrant and affidavit issued
on, 4:45 P.M., 1-27-89 by judge, in the Superior court of the District of Colmbia, jud-
ge S. Sueie is falsed, and does not worked for the judiciary system.

Did commit acts of conspiracy in violations of complainant Constitutional rights.
Officer Terrence T. Welch, testified under oath that he and other officials executed an
Un-Numbered searched warranted on Feb 3, 1989 which had expired From January 27, 1989
and executed on February 3, 1989. Gaved falsed and misleading testimony on the witness
stand, infront of a 12-member panel which he gave this false and misleading testimony.
The following Defendant's played simular roles of conspiracy of the unreasonable searc-
hes and seizures; in violation of his rights. Officer Alvin Brown does not have absolu-
te immunity nor qualified immunity when illegal acts extended beyond his civic duties

responsibility in accordance with his judiciary practice of the law. No search warrant or affidavit introduced into evidence nor the fact of a Grand jury was never held and the indictment documents is a forgery which the prosecutor failed to mention doing the pendency of the trialed, nor after the trialed for plaintiff Henry Lee Hill, could properly defend himself doing trialed. The affidavit were defective on its merits and didn't have any of the Co-Defendant's names; including Mr. Hill, and its specifically stated which items could be seized for evidence with a expired searched warranted and affidavited from January 27, 1989 expired February 3, 1989 the day the searched warranted was introduced into evidenced. The search warrant and affidavit is required by law before arrested can be made and detained illegally for nearly 18th years or more. He never followed proper procedures according to the Constitutional rights of its Citizens. When complainant was arrested, plaintiff, Henry Lee Hill. The officers forced thier way into the apartment with a invalid expired searched warranted and no affidavit for Marrietta Kittrell, introduced into evidence to show cause. Plaintiff action under civil rights action of Section & 1983 is a handicap act which are still in place as long as complainant is still incarcerated. The authorities violated my 4th/ 5th/ 6th/ 7th/ 8th and 14th Amendment of the Constitution. Also was taken from the Apt.#211. Two camquarter video cameras, three typewriters, one fax machine, leather coats, undercoats, silver fox and rabbit fur coats, gold neckless chains, watches, rings, white and yellow jewlry. Gold diamond bracelets, sweat suit, sweaters, one jar of quarters, in currecy $3,685.00 dollars in cash; plus inadditionally $168.00 dollars taken from plaintiff personally. It is estimated at a half million dollars or less. This act taken placed at 33 "K" Street, N.W., Washington, D.C. 20001. Apt.#211.

## Defendant

Officer Terrance T. Welch #3175

The Federal Indictment is a forgery, by officer Dean Welsh and officer Terrence T. Welch, was not in any Grand jury because the indictment by the prosecution team is a forgery can not be substantiated of the Grand jury 27, 1988, case number 88-1, was not held because I, The Petitioner, Henry Lee Hill, was never under any investigation that would have gived the prosecution to make a indictment without knowledge of plaintiff before hand, the plaintiff was incarcerated at Minima Security in Lorton Virginia, until August 25, 1988 at the time of my released from prison this dated. The searched warranted and Affidavit had expired, from January 27, 1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of a faked search warrant and affidavited. March 20, 1989 of expired and revoked driving licensed, that was driving in a 1977 dark blue callilac where officer Terrence T. Welch, is involved in the Falsed grand jury indictment. There was no search warrant and affidavit was ever used to seized the vehical of the incidence on March 20, 1989. Both cases was consolidated together in a crossed-contamination of a poison tree doctrine, which March 20, 1989 and March 21, 1989 was used to infer into evidence on February 3, 1989 incidence. The Drug analogy in both cases is also a forgery, was never analyzed as the District Court contended by a drug Chemical Forensic Chemist did not make a reported of chemical Drug Laboratory at MID-Atlantic Washington, D.C., DEA December 19, 1989, The drug tested was not done by Mid-Atlantic Washington, D.C. IN both cases or any other drug Lab. Eugene Wesley,Jr., Chief probation officer, Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is a false document, can not be supported or sustained by the facts. Telephone: 202-535-3112. The search warrant and affidavit that was supposely issued by a judge is falsed, on, January 27, 1989. The search warrant and affidavit issued on, 4:45 P.M., 1-27-89 by judge, in the Superior Court of the District of Columbia, judge S. Sueie is falsed, and does not worked for the judiciary System.

Did commit acts of conspiracy in violations of complainant Constitutional rights. Officer Terrence T. Welch, testified under oath that he and other officials executed Un-Numbered searched warranted, which had expired from January 27, 1989 until February 3, 1989 when officials executed falsed search warranted that wasn't issued by a Superior court judge.

Terrence T. Welch, lied on the witness stand or should have known that his testimont is based inconclusived, infront of a 12-member paneled, which he gave this falsity to know to be misleading testimony. Officer Terrence T. Welch, was also involved in another case on March 20, 1989, and March 21, 1989 and February 3, 1989. The officer gave two separated accounts of what happen on March 20, 1989. He testified in a crossed-examination of defense attorney Mr. Huebner that plaintiff never made any statments on March 20, 1989, but when he was crossed-examined by defense attorney James Thomas Maloney; officer Terrence T. Welch, stated plaintiff made a statment and wouldn't stopped talking to keep Terrence T. Welch from doing his jobed, doing the arrested, on March 20, 1989. He also testified for the Government on Page-9 at a suppression of evidence hearing. The Prosecutor asked him to point out and say what he's wearing? Sitting to the right of the defense counsel in the orange jumpsuit typething. By prosecutor Mr. Edwards; may the record reflect the identification of the Defendant? Mr. Huebner: No objection. This to show that the defendant Terrence T. Welch, prejudiced my case by the fact plaintiff was wearing a jail uniform that is associated with a prisoner who is incarcerated, that would indicate to the jury, plaintiff was already locked-up and would suggest to the jury that I am a criminal. My Constitutional rights was violated, when officer Terrence T. Welch and officer Dean Welsh gave falsed testimony that he was i a Grand jury when there were no time either officer were ever in the Grand jury on Tuesday, April 4, 1989 Grand jury No. 88-1 U.S. Courthouse 3rd & Constitution Ave., N.W. Washington, D.C. at 10:50 a.m., before: Roberto Iraola, Esquire assistant United States Attorney; Attorney of Record : Richard Edwards, Esquire assistant United States Attorney. The Grand Jury Minutes was falsified court reported who have not been identified for the records. petitioner rights was violated; 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment of the Constitution. The officer are held accountable for his action under clearly established Constitutional rights under the law that he is held by the District Court or any othe court to uphold the law.

<u>Defendant</u>

Officer Gary O'Neal Det: #0823

The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welch, was not in any Grand jury because the indictment by the prosecution team is a forgery can ont be substantiated of the Grand jury, July 27, 1988, case number 88-1, was not held because I, The Petitioner, Henry Lee Hill, was never under any investigation that would have given the prosecution the right to make a indictment without knowledge of plaintiff before hand, the plaintiff was incarcerated at Minima Security in Lorton Virginia, until August 25, 1988 at the time of my released from prison this dated. The search warrant and Affidavit had expired, from it original version from January 27, 1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of a faked search warrant and affidavited. March 20, 1989 of expired and revoked driving licensed, that was driving in the 3rd Street Tunnel in a 1977 dark blue Callilac where officer Terrence T. Welch, where officer Terrence T. Welch, is involved in the falsed grand jury indictment. There was no search warrant and affidavit was ever used to seized the vehical of the incidence on March 20, 1989. Both cases was consolidated together in a crossed-contamination of a poison tree doctrine. Which March 20, 1989 and March 21, 1989 was used to infer into evidence on February 3, 1989 incidence. The Drug analogy in both cases is also a forgery, was never analyzed as the District Court contended by a Drug Chemical Forensic Chemist did not make a reported of chemical Drug Laboratory at MID-Atlantic Washington, D.C., DEA December 19, 1989, The Drug tested was not done by MID-Atlantic Washington, D.C. in both cases or any other drug Lab. Eugene Wesley, Jr., Chief probation officer, Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is a falsed document, can not be supported, substantiated, or sustained by the facts.

Did commit acts of conspiracy in violations of complainant Constitutional rights. Officer Gary N'Neal participated in a drug busted that wasn't functioning in the capacities of his civil duties and does not have absolute immunity when officer Gary O'Neal violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment of the Constitution. Once the courts has established that he violated clearly estabished Constitution held by the Supreme Court. The courts has a civil duty to determine the extent of the damage he has cause of my Constitutional rights, and Due Process under the color of the law. This incidence occurred at 33 "K" Street, N.W., Washington, D.C. 200-01. Apt.#211. Did knowingly made a false declaration when officer Written a false reported with others knowing to be falsed and testified before a witness stand for the government to obstructed justice for the government. Officer Gary O'Neal stated that he and other officials executed a Un-Numbered search warrant for Henry L. Hill, at Apt.#211, is outright lie, when the search warrant and affidavit had expired From January 27, 1989 And executed on February 3, 1989 which went beyond the 72 hours requirement by law. The were a faked document and can't be substantiated of sustain by the government contention. Detective Gary O'Neal also testified that he was involved in the precedures to prepare the search warrant to the Superior court for the judge to signed, when search warrant and affidavit is a forgery because neither judge worked for the court system by the names that was given by officer James D. Wright. Officer Gary O'Neal deliberately gaved fraudulent written reported with others officials taken on, 02/03/89 , because his statements couldn't be confirmed by the records that Plaintiff have listed in the documentation as exhibits "A" Thru-H". See attached documents on filed with the clerk of the courts, in the District Court. Not only did officer lied under oath when he tooked the witness stand at the time of the jury trialed got on the way, but he also gave false testimony that couldn't be confirmed in court records which I have reiterated before in this statement. Officer Terrence T. Welch #3175 was also involved in a invalid search warrant and affidavit as well as a falsed indictment that was a forgery, that none of the judge's names on the Search warrant and affidavit worked for the court System. Also officer Terrence T. Welch stoled five cameras out of the trucked of plaintiff 1977 dark blue Cadillac four-door on March 21, 1989. Four Niton cameras, one Cannon cameras, cameras stand and black tool bagged with 87 pieces of tooled in a black bagged taken out of the car by officer Terrence T. Welch.

The documents taken out of the dark blue cadillac was taken out of the goved compartment of the 1977 dark blue cadillac by officer Terrence T. Welch in a cross-contamination of receipts used by prosecutor Teresa McHenry March 20, 1989 to be used in Feb 3, 1989 prejudiced plaintiff case. Both cases was trialed together of a cross-contamination poison tree doctrine. So it is apparent that officer Gary O'Neal don't have absolute immunity and will be held under clearly established Constitutional rights of the Supreme Court. Inside the apartment was seized with officer Terrence T. Welch, two cam-quarter video cameras, three typewriters, one fax machine, gold diamond bracelets, watches, rings, yellow and white gold jewlry. Sweaters, undercoats, leather coats, silver fox and rabbit fur coats, sweat suit, gold neckless, gold chains of assortments. In cash $3,685.00 dollars, plus inadditional $168.00 dollars taken from the plaintiff, on his person. The officer is held to stand trial by a full jury by the merits of this complaint.

<u>Defendant</u>

Pro; Att: Richard L. Edwards,Ausa

The Federal Indictment is a forgery, by officer Dean Welch and officer T-
errence T. Welsh, was not in any Grand jury because the indictment by th-
e prosecution team is a forgery, can not be substantiated or sustained b-
y records of the Grand jury, July 27, 1988, case number 88-1, was not he-
ld because I, The Petitioner, Henry Lee Hill, was never under any invest-
igation that would have given the prosecution the right to make a indict-
ment without prior knowledge of plaintiff before hand, the plaintiff was
incarcerated at Minima Security in Lorton Virginia, until August 25, 198-
8 at the time of my released from prison this dated. The search warrant
and affidavit had expired, from it Origina verion from January 27, 1989
and executed on, February 3, 1989, beyond the 72 house of a require by l-
aw of a faked secrch warrant and affidavited. March 2, 1989 of expired a-
nd revoked driving licensed, that was driving in the 3rd Street, Tunnel
in a 1977 dark blue Cadillac where officer Terrence T. Welch, where offi-
cer Terrence T. Welch, is involved in the falsed Grand jury indictment.
There was no search warrant and affidavit was never used to seized the V-
ehical of the incidence on March 20, 1989. Both cases was consolidated t-
ogether in a crossed-contamination of a poison tree doctrine. Which Marc-
h 20, 1989 and March 21, 1989 was used to infer into evidence on Februar-
y 3, 1989 incidence. The Drug Analogy in both cases is also a forgery, w-
as never analzed as the District Court contended by a drug Chemical Fore-
nsic Chemist did not make a reported of chemical Drug Laboratory at MID-
Atlantic Washington, D.C., DEA December 19, 1989, The Drug tested was no-
t done by MID-Atlantic Washington, D.C. In both cases or any other dru-
g Lab. Eugene Wesley,Jr., Chief probation officer, Arnold L. Hunter Dep-
uty Chief probation officer. Phillip N. Burgest U.S. probation officer;
Supervising U.S. probation officer reported is a falsed document, can n-
ot be supported, substantiated, or sustained by the facts.

Did commit acts of conspiracy in violations of complainant Const-
itutional rights. Were involved in a cover-up to withhold exculpatory e-
vidence because he was well aware of the illegal remification of offici-
als illegal acts that lied under oath when defendant's testified under
his direction with full knowledge of the falsity of the Grand jury on J-
uly 27, 1988, Grand jury No. 88-1 and the falsed indictment of charges
of activities in the initial investigation. The prosecution does not ha-
ve absolute immunity or qualified immunity for fabrication of evidence
held by clearly established Constitutional civil rights violations. To
vouched for a expired searched warranted from January 27, 1989 and exec-
uted on February 3, 1989 as well as the search warrant to be faked whic-
h had been made up by officer James D. Wright. the so-Called Grand jury
never had taken place because plaintiff was incarcerated from August 25,
1988 until my released dated the same. I was arrested in 1985 and 1986
which I was Sentenced to 20 Months to five years in prison for a drug c-
onviction of clearly established Constitutional rights that does not gi-
ve the prosecution absolute immunity because the affidavit was defectiv-
e of its merits is the reason the affidavit wasn't introduced into evid-
ence as a requirement before a indictment can be reach by the Grand jury
of all its elements to make a fair accessment, but in this case, there
was no Grand jury held because officer Terrence T. Welch and officer De-
an Welsh wasn't never in a grand jury, nor was there a searched warrant
and affidavit because both documents is falsed and since none of the so-
called defendant's names appeared on the affidavit which renders search-
ed and seizured of the apartment defective.

The prosecution does not have absolute immunity for fabrication of evidence held by the Supreme Court under "Bivens" of clearly established Constitutional rights. In Jones V. United States, The Supreme Court held, "under the Due Process Clause of the fifth amendment and the notice and jury trial quarantees of the sixth amendment; any fact other than a prior conviction) that increases the Maximum penalty for a crime must be charged in an indictment, submitted to a Grand jury or jury trialed, and proven beyond a reasonable doubt." In a trio of cases the Supreme Court in Apprendi V. Jersey, 530 U.S. ____, 120 S. CT. 2348 (2000); Jones V. ____ United States, and Almendarez-Torres V. United States, 523 U.S. 224 (1-998) affirmatively held by confirming "any fact that increases the statutory maximum (other than a prior conviction) must be submitted to the jury and proven beyond a reasonable doubt." Reversible error. The prosecution that stipulate a conviction doing the pendency of the trial of a conviction that was dismissed in the Superior court in July 08, 1986, by judge Tignor. This also prejudice the complainant, Henry L. Hill, and causes his Sentenced to be increased on 1-3-90 in the District Court. The prosecution Richard L. Edwards; vouched for each defendant's on the witness stand and allowed perjury testimony of officer Terrence T. Welch and officer Dean Welch of a falsed indictmented, tainted both cases Feb 3, 19-89 and March 20, 1989 at the pendency of his faked indictmented. Guns that travel through interstate commerce Clause are not regulated by Congress, held in the Supreme Court "Lopez" The District of Columbia, acts as a State for the purpose of a State Actor. The Superior Court only regulated three broad areas of activities by Superior Court. A gun made in Germany is not regulated by Congress and not a part of the United State, that would give the District court any other court grounds to indicted without a Constitutional grounds to indicted, base on the evidence because a gun that travel through several States, including the Indian Reservation of Tribes are not to come under interstate commerce, Artical 1, Section 8, Clause 3.

Once the courts has concluded that this court does not have jurisdiction to imposed laws of a State crime who already obtained jurisdiction, must dismiss indictment with prejudice. CT. 1710 (1993) (quoting Engle V. Isaac, 456 U.S. 107, 128, 71 L.ED. 2d 783, 102 S. CT. 1558 (1982); See also Screws V. United States, 325 U.S. 91, 89 L.ED. 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (plurality opinion) ("Our National Government is one of delegated powers alone. Under our Federal System the Administration of criminal justice rests with the States except as Congress acting within the scope of those delegated powers, has created offenses against the United State"). When Congress criminalizes conduct already denouced as criminal by the States, it effects a change in the sensive relation between Federal and State criminal jurisdiction." United States V. Enmons, 410 U.S. 396, 411-412, 35 L.ED. 2d 379, 93 S. CT. 1007 (1973) (quoting United States V. Bass, 404 U.S. 336, 349, 30 L.ED. 2d 488, 92 S. CT. 5-15 (1971). The Government acknowleges That & 922"(g)" displacec State policy choices in _____ that its prohibitions apply Even in States that have chosen not to outlaw the conduct in question.' brief for united States 29, N. 18; See also statement of president george Bush no signing the crime control act: of 1990, 26 weekly comp of pres Doc 1944, 1945 (nov. 29, 19p0) (3most egegiouslrly, Secton & 922(g) inappropropriatly overides legitimate Stats firearms laws with a new and unnecessary Federal Law. The provisions could legitimately be adopted by the States, but they should not be imposed upon the States by Congress)..

The prosecution violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment R-

ights of the Constitution. The complainant can rise jurisdiction at any t-
ime "United States V. Griffin, 303 U.S. 226. Since lack of jurisdiction
of a Federal court touching the subject-matter of the litigant cannot be'
waived" by the parties, the Supreme Court, when the jurisdiction of the D-
istrict Court to make a decree appealed from is challenged, must examine
the contention and, if it concludes that the District Court lacked jurisd-
iction to enforced without a indictment being properly brought as well as
a Grand jury to determine whether case should be tried by jury, must dire-
ct that the Bill be dismissed. Reargued January 3, 1939. Decided February
28, 1938. And not to be waive by the prosecution. Also was taken out of t-
he apartment 211, to be return is a fundamental right; two cam-quarter vi-
deo cameras, three typewriters, one fax machine, leather coats, undercoat-
s, silver fox rabbit fur coats, gold neckless chains, sweaters, watches,
rings, white and yellow gold jewlry. Gold diamond bracelets, sweat suit,
one jar of quarters; estimated at $1,000 dollars, $3,685.00 dollars in cu-
rrency, and in additionally $168.00 dollars taken from Petitioner, Henry
Lee Hill, personally. The breaked-in at 33 "K" Street, N.W., Washington,
D.C. 20001. Apt.#211. The prosecution was not functioning in the capaciti-
es of his civic duties; are held liable of clearly established Constituti-
onal rights held by the Supreme Court."

Defendant

Pro; Att: Jay B. Stephens,Ausa

        The Federal Indictment is a forgery, by officer Dean Welch and o-
fficer Terrence T. Welch, was not in any Grand jury because the indictme-
nt by the prosecution team is a forgery, can not be substantiated or sus-
tained by records of the Grand jury, July 27, 1989, case number 88-1, was
not held because I, The Petitioner, Henry Lee Hill, was never under any
investigation that would have given the prosecution the right to make an
indictment without prior knowledge of a crime being committed by plainti-
ff before hand, the plaintiff was incarcerated at Minima Security in Lor-
ton Virginia, until my released dated, August 25, 1988 from prison this
dated. The search warrant and affidavit had expired, from its original v-
ersion from January 27, 1989 and executed on, February 3, 1989, beyond t-
he 72 hours of a requirement by law of a faked searched warrant and affi-
davited. March 20, 1989 of the time the petitioner was driving on expired
driving permit that had been revoked by metropolitan traspotation depart-
ment driving licensed, that was driving in the 3rd Street, Tunnel in a 1-
977 dark blue Cadillac where officer Terrence T. Welch, where officer Te-
rrence T. Welch, is involved in the falsed Grand jury indictment. There
was no search warrant and affidavit was never used to seized the Vehical
in a crossed-contamination of a poison tree doctrine. Which March 20, 19-
89 and March 21, 1989 was used to infer into evidence on February 3, 19-
89 incidence. The Drug Analogy in both cases is also a forgery, was neve-
r analzed as the District Court contended by a drug Chemical Forensic Ch-
emist did not make a reported of chemical Drug Laboratory at MID-Atlantic
Washington, D.C., DEA December 19, 1989, The Drug tested was not done by
MID-Atlantic Washington, D.C. In both cases or any other drug Lab. Eugene
Wesley,Jr., Chief probation officer, Arnold L. Hunter Deputy Chief proba-
tion officer. Phillip N. Burgest U.S. probation officer; Supervising U.S.
PROBATION OFFICER REPORTED IS A FALSED DOCUMENT, can not be supported, S-
ubstantiated, or sustained by the facts.

Did commit acts of conspiracy in violations of complainant Constitution-
al rights. Were involved in a cover-up to withold exculpatory evidence
because he was well aware or should have known of the illegal remifica-
tion of officials illegal acts that lied under oath when defendant's te-
stified under prosecution direction with full knowledge of activities i-
n the initial investigation. The prosecution does not have absolute imm-
unity or qualified immunity for fabrication of evidence held by the Sup-
reme Court under "Bivens of clearly established Constitutional rights u-
nder Bivens of clearly established Constitutional rights. No Vouced for a
search warrant in the Grand jury when there was never a time that plaint-
iff case was ever presented before a jury because the indictment is a fo-
rgery of clearly established Constitutional rights. To vouched for a sea-
rch warrant in the Grand jury when there was no grand jury had taked pla-
ce at no time in the Grand jury of clearly established Constitution does
not give the prosecution absolute immunity because the afficer was defec-
tive of its merits is the reason the affidavit wasn't introduced into ev-
idence as a requirement before a indictment can be reach by the Grand ju-
ry of all its elements to make a fair accessment of the affidvit since n-
one of the co-defendant's names appeared on the Affidavit with renders
it defective. In Jone V. United States, the supreme court held, "undel t-
he Due Process Clause of the fifth amendment and the notice and jury tri-
al quarantees of the sixth ament, any fact other than a prior conice and
jury trial Quarantees of the sizth amendmenw, any fact other tha a proior
conviction that increas the maximum petlalth foe a crime must be charged
in an indictment, submitted to a jury, and proven beyond a reasonable do-
ubt."In a trio of cases the Spreme Court in Appendi  V. New jersey, 530
U.S._____, 120 S. CT. 2348 (2000): JONES  V.  united States, 523 U.S. 22-
4 (1998) affirmatively held by confirming "any fact that increases the s-
tatutory maximum (other than a prior conviction) must be submitted to the
jury and proven beyond a reasonable doubt."

The prosecution that used evidence from the goved compartment of the da-
rk blue Cadillac on March 20, 1989 and later used in the February 3, 19-
89 conviction are to show a clear error of bias and prejudice which is
a reversible error. The prosecution that stipulate a conviction doing t-
he pendency of the trialed of a conviction that was dismissed in the Su-
perior Court in July 8, 1986, by judge Tegnor. I spent a little over 2
years incarcerated at Minima Security Institution Lorton Virginia which
I was released from prisoned August 25, 1988. Grand jury on July 27, 19-
88. Grand Jury No. 88-1, never happen. The indictment fraudulent claim
which can't be substantiated, nor were officer Terrence T. Welch and of-
ficer Dean Welsh were not in any grand jury because plaintiff incarcera-
ted at that time and wasn't released from until August 25, 1988. This a-
lso prejudice the complainant, Henry Lee Hill, and cause his Sentenced
to be increased on 1-3-90 in the District Court. The prosecution.Richar-
d L. Edwards; vouched for each defendant's; on the witness stand and ga-
ved a falsed indictment to the jury and lied about any activity in the
grand jury when this never happen, thi tainted both cases February 3, 1-
989 and March 20, 1989 at the pendency of his faked indictment. Guns th-
at travel through interstate commerce Clause are not regulated by the F-
ederal or Congress, held in the Supreme Court under "Lopez." The Distri-
ct of Columbia, acts as a Statute for the purpose of a State Actor. The
Superior Court could only regulate three broad areas of activities by S-
uperior Court. A gun made in Germany is not regulated by Congress becau-
se a gun that travel through several States including the Indian reserv-
ation of tribes are not to come under interstate commerce, Article 1, S-
ection 8, Clause 3, Once the courts has concluded that this court does
not have jurisdiction to impose laws of a State crime, must dismiss ind-

rvation of Tribes are not to come under interstate commerce; Article 1, Section 8, Clause 3. Once the courts has concluded that this court does not have jurisdiction to impose laws of a State crime, or Statutes and provisions of a sovereign State, must dismissed the indictment with prejudice. CT. 1710 (1993) (qouting Engle V. Isaac, 456 U.S. 107, 128, 71 L.ED. 2d 783, 102 S. CT. 1558 (1982); See also Screws V. United States, 325 U.S. 91, 89 L.ED. 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (Plurality opinion) (Our National Government is one of Delegated powers alone. Under our Federal System the Aministration of criminal justice rests with the State, because if the States gave up jurisdiction to governed themselves except as Congress acting within the scope of those delegated powers, this act would infringe on the States and laws that would give total power to the Federal Government without Due Process of the law, would have created offenses against, the United States"). When Congress criminalizes conduct already denouced as criminal by the States, it effects a" change in the Sensitive relation between Federal and State criminal jurisdiction that rest with the States of Criminal jurisdiction." United States V. Enmons, 410 U.S. 396, 411-412, 35 L.ED. 2d 379, 93 S. CT. 1007 (1973) (qouting United States V. Bass, 404 U.S. 336, 349, 30 L.ED. 2d 488, 92 S. CT. 515 (1971). The Government acknowledges that & 922(g) "displaces State policy choices to governed themselves of infringement of the illegal acts in ... that its prohibitions apply even in States that have chosen not to outlaw the infringement of the conduct in question." Brief for United States 29, n. 18; see also statements of President George E Bush on signing the crime control act: Of 1990, 26 Weekly Comp of Pres Doc 1944, 1945 (Nov. 29, 1990) ("Most egregiously, Section & 922(g) inappropriately overrives Legitimate State firearms laws with a new and unnecessary Federal law. The policies reflected in these provisions could Legitimately be adopted by the States, but they should not be imposed upon the States by Congress").

The prosecution violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment rights under the Constitution. The Complainant can rise jurisdiction at any time and not be "WAIVED" by the prosecution. Also was taken out of 33 "K" Street, N.W., Washington, D.C. Apt.¢211; to be return is a fundamental right; two cam-quarter video cameras, three typewriters, one fax machine, leather coats, undercoats, silver fox rabbit fur coats, gold neckless chains, sweaters, watches, rings, white and yellow jewlry, gold diamond bracelets, one jar of quarter, estimated at $1,000 dollars in small changed, in currency, $3,685.00 dollars, and inadditionally $168.00 dollars taken from petitioner, Henry L. Hill, personally. The prosecution was not functioning in the capacities of his civic duties; are held liable under clearly established Constitutional rights held by the Supreme Court."

<u>Defendant</u>

Pro; Att: Teresa McHenry,Ausa

The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welsh, was not in any Grand jury, because the indictment by the Prosecution team is a forgery, can not be substantiated or sustained by the records of the Grand jury on, July 27, 1988, Grand jury No.88-1, was not held because I, The Petitioner, Henry Lee Hill, was never under any investigation that would have given the prosecution the right to make an indictment without prior knowledge of a crime being committed by plaintiff before hand, The Plaintiff was incarcerated at Minima Security in Lorton Virginia, until my released dated, August 25, 1988 from prison this dated. The search warrant and affidavit had expired, from it's orig-

ictment. CT. 1710 (1993) (quoting Engle V. Isaac, 456 U.S. 107,128, 71 L.ED. 2d 783, 102 S. CT. 1558 (1982); see also Screw V. United States, 325 U.S. 91, 89 L.ED. 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (plurality opinion) ("Our National Government is one of Delegated powers alone. Under our Federal System the Administration of criminal justice powers, has created offenses against the United States"). When Congress criminalizes conduct already denouced as criminal by the States, it effects A" Change in the Sensitive relation between Federal and State criminal jurisdiction: United States V. Enmons, 410 U.S. 396, 411-412, 35 L.ED. 2d 3-79, 93 S. CT. 1007 (1973) (quoting United States V. Bass, 404 U.S. 336, 349, 30 L.ED. 488, 92 S. CT. 515 (1971). The Government acknowledges that & 922(g)" displaces States policy choices in __ That its prohibitions apply even in States that have chosen not to outlaw the conduct in question." Brief for United States 29, n. 18; see also statements of President George Bush on signing the crime control act; of 1990, 26 Weekly comp of Pres Doc 1944, 1945 (Nov. 29, 1990) ("Most egregiously, Section & 922(g) inappropriately override legitimate State firearms laws with a new and unnecessary Federal law. The policies reflected in these provisions could legitimately be adopted by the States, but they should not be imposed Upon the States by Congress").

The prosecution violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment rights of the Constitution. The complainant can rise jurisdiction at any time and not to be waive by the prosecution. Also was taken out of the apartment 211. To be return is a fundamental rigths; two cam-quarter video cameras, three typewriters, one fax machine, leather coats, undercoats, silver fox rabbit fur coats, gold neckless chains, sweater, watches, rings, white and yellow gold jewlry. Gold Diamond bracelets, sweat suit, one jar of quarters, estimated at $1,000 dollars, in current $3,685.00 dollars in currency and inadditionally $168.00 dollars taken from petitioner, Henry Lee Hill, **personally**. The breaked-in at 33 "K" Street, N.W., Washington, D.C. 20001. Apt.#211. The prosecution was not functioning in the capacities of his civic duties; are held liable of clearly established Constitution by the "Supreme Court."

Defendant

Pro; Att: Roberto Iravla,Ausa

The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welsh, was not in any Grand jury, because the indictment by prosecution team is a forgery, can not be substantiated or sustained by the records of the Grand jury on. July 27, 1989, Grand jury No. 88-1, was not held because I, The Petitioner, Henry Lee Hill, was never under any investigation relation that would have given the prosecution the right to make an indictment without prior knowledge of a crime being committed by plaintiff before hand, The Plaintiff was incarcerated at Minima Security in Lorton Virginia, until my released dated, August 25, 1988 from prison this dated. The search warrant and affidvit had expired, from its original version from January 27, 1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of a faked searched warranted and affidavited. March 20, 1989 of the time the petitioner was driving on expired driving permit that had been revoked by metropolitan transportation Department driving licensed, that was driving in the 3rd Street, Tunnel in a 1977 dark blue Cadillac where officer Terrence T. Welsh, where officer Terrence T. Welch, is involved in the falsed Grand jury indictment. Vehical in a crossed-contamination of a poison tree doctrine. Which March 20, 1989 and March 21, 1989 was used to infer into evidence on F-

ebruary 3, 1989 incidence. The Drug Analogy in both cases is also a forg-
ery, was analzed as the District Court contended by a drug Chemical Fore-
nsic Chemish did not make a reported of chemical Drug Labotator be Min-A-
tlantic washington, D.C., Dea December 19, 1989, The Dug tested was not
dons by Mia-atlanti Washingtington, D.C. In both catses or any other dru-
g Lab. Eugene Wesley,Jr., Chief probation officer, Arnold L. Hunter Depu-
ty Chief probation officer. Phillip N. Burgest U.S. probation officer; S-
upervision U.S. PROBATION officer reported is a falsed document, can not
be supported, substantiated, or sustained by the facts.

Did commit acts of conspiracy in violations of complainant Consti-
tutional rights. Were involved in a cover-up to withold exculpatory evid-
ence, because he was well aware of the illegal remification of officials
illegal acts that led to officials lying under oath when defendant's tes-
tified under prosecutor Roberto Iravla, direction with full knowledge of
activities in the initial investigation. The prosecution does not have a-
bsolute immunity for fabrication of evidence held by the Supreme Court u-
nder "Bivens". Of clearly established Constitutional rights. To vouched
for a search warrant in the so-called grand jury of clearly established
Constitutional rights does not give the prosecution absolute immunity be-
cause the affidavit was defective of its merits is the reason the affida-
vit wasn't introduced into evidence as a requirement before a indictment
could be reach by the grand jury of all it's elements to make a fair acc-
essment of the affidavit since none of the Co-Defendant's names appeared
on the affidavit which renders it defective. In <u>Jone V. United States,</u>
the Supreme Court, held," under the Due Process Clause of the Fifth amen-
dment and the notice and jury trial guarantees of the Sixth amendment; a-
ny fact (other than a prior conviction) that increases the maximum penal-
ty for a crime must be charged in an indictment, submitted to a jury, an-
d proven beyond a reasonable doubt." In a trio of cases the Supreme Cour-
t in <u>Apprendi V. New Jersey</u>, 530 U.S. ___, 120 S. CT. 2348 (2000); <u>Jon-
es V. United States</u>, and <u>Almendarez-Torres V. United States</u>, 523 U.S.
224 (1998) affirmatively held by confirming " any fact that increases the
Statutory maximum (other than a prior conviction) must be submitted to t-
he Grand jury and proven beyond a rearsonable doubt."

The prosecution that used evidence from the groved comparment of the dar-
k blue Cadillac on March 20, 1989 and later used in a second case of Feb
3, 1989, to convicted are to show a clear error of bias and prejudice wh-
ich is a <u>reversible error</u>. The prosecution that stipulate a conviction d-
oing the pendency of the trialed of a conviction that was dismised in th-
e Superior Court in July 8, 1986, by judge Tegnor. This also prejudice t-
he complainant, Henry Lee Hill, and causes his sentenced to be increased
on 1-3-90 in the District Court. The prosecution Richard L. Edward,Ausa,
vouched for each defendant's on the witness stand and give falsified Gra-
d jury; tainted both cases Feb 3, 1989 and March 20, 1989 at the pendenc-
y of his falsed indictment; Gun that travel through many jurisdictions o-
f Statutes and provisions;  interstate commerce Clause are not regulated
by Congressed, or the Federal Government, held, in the Supreme Court und-
er "<u>Lopez</u>". The District of Columbia, acts as a State for the purpose of
a State Actor. The Superior Court, only regulated three broad areas of a-
ctivities by Tax court; Juvnile Court, and Superior court, that acts as
State for the purpose of a State Actor. A gun made in Germany is not reg-
ulated by Congress or the United States, because a gun that travel throu-
gh several States, jurisdictions and Statutes, including the Indian Rese-

inal version from January 27, 1989 and executed on, February 3, 1989, b-eyond the 72 hours of a requirement by law of a faked searched warrante-d and affidavited. March 20, 1989 of the time the petitioner was drivin-g on expired driving permit that had been revoked by metropolitan trasp-ortation Department driving licensed, that was driving in the 3rd Stree-t, Tunnel in a 1977 dark blue Cadillac where officer Terrence T. Welch, where officer Terrence T. Welsh, is involved in the falsed Grand jury i-ndictment. Vehical in a crossed-contamination of a poison tree doctrine. Which March 20, 1989 and March 21, 1989 was used to infer into evidence on February 3, 1989 incidence. The Drug Analogy in both cases is also a forgery, was analyzed as the District Court contened by a drug Chemical Forgery, was not analyzed as the District Court contended by a drug Che-mical forensic Chemish did not make a reported of chemical Durg Labotat-ion be Min-A- tlantic washington, d,c., December 19, 1989, the Drug tes-ted was not done by MID-Atlantic Washington, D.C. In both catses or any other drug Lab. Eugene Wesley,Jr., Chief probation officer, Arnold L. H-unter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervision U.S. probation officer reported is a falsed docume-nt, can not be supported, sustantiat, or sustained br the facts. The Co-caine and two firearms on February 3, 1989 and March 20, 1989 and March 21, 1989. The drugs was placed in two separated sealed evidenced that n-ever made to Drug Lab inorder to analyzed.

Did commit acts of conspiracy in violations of complainant Cons-titutional rights. Were involved in a cover-up to withold exculpatory e-vidence because she was well aware of illegal remification of officials illegal acts that lied under oath when Defendant's testified under her direction with full knowledge of activities in the initial investigatio-n. The prosecution does not have absolute immunity for fabrication of e-vidence held by the Supreme Court under "Bivens". Of clearly established Constitutional rights. To vouched for a expired searched warranted and a falsed Grand jury minutes of clearly established Constitutional right does not give the prosecution absolute immunity because the Affidavit w-as defective of its merits is the reason the affidavit wasn't introduced into evidence as a requirement before a indictment could be reach by the grand jury of all its elements to make a fair accessment of the affidavi-t since none of the Co-Defendant's names appeared on the expired searche-d warranted and affidavited which renders it defective. The word "House" was altered or changed to "Apartment" by Prosecutor Teresa McHenry,Ausa with her (Right Hand). In Jones V. United States, the Supreme Court he-ld, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial quarantees of the Sixth amendment; any fact other than a prior conviction that increases the maximum Statutory penalty for a crim-e must be prpperly charged, and brought before a grand jury in an indict-ment, submitted to a jury trialed, and proven beyond a reasonable doubt." In a trio of cases the Supreme Court in Apprendi V. New Jersey,530 U.S.    , 120 S. CT. 2348 (2000); Jones V. United States, and Almendar-ez-Torres V. United States, 523 U.S. 224 (1998) affirmatively held by confirming "any fact that increases the statutory maximum (Other) than a prior conviction) Must be submitted to the Grand jury and proven beyond a reasonable doubt." The prosecution that used evidenced from the groved compartment of the dark blue Cadillac on March 20, 1989 and lated used in a separated case on February 3, 1989 to convicted are to show a clear error of bias and prejudice which is a reversible error. The prosecution that stipulate a conviction doing the pendency of the trial court of a conviction that was dismissed in the Superior court in July 8, 1986, by judge Tegnor. This also prejudice the complainant, Henry L. Hill,and ca-

uses his sentenced to be increased on 1-3-90 in the District Court. The P-
rosecution Richard L. Edwards,Ausa vouched for each Defendant's on the wi-
tness stand and in the grand jury; tainted both cases of a cross-contamin-
ation on Feb 3, 1989 and March 20, 1989 at the pendency of his falsed ind-
ictment. Guns that travel through interstate commerce Clause are not regu-
lated by Congress, held in the Supreme Court under "Lopez." The District
of Columbia, acts as a Statute for the purpose of a State Actor. The Supe-
rior Court only regulates three broar areas of activities, tax court, juv-
enile court, and Superior court. A gun made in Germany is not a part of t-
he United States, therefore. Not regulated by Congress because a gun is e-
conomic of the private Sector, which guns travel through several States i-
ncludind the Indian Reservation of Tribes are not to come under interstat-
e commerce, Article 1, Section 8, Clause 3.
Once the courts has concluded that this court does not have jurisdiction
to imposed laws of a State crime, must dismiss indictment, especially whe-
n flawed and based on fruadulent grand jury indictment. CT. 1710 (1973) (
quoting;Engle V. Isaac, 456 U.S. 107, 128, 71 L.ED. 2d 783, 102 S. CT.
1558 (1982); See also Screws V. United States, 325 U.S. 91, 89 L.ED. 14-
95, 65 S. CT. 1031, 162 ALR 1330 (1945) (Plurality opinion) ("Our Nationa-
l Government is one of delegated powers alone.

 Under our Federal System, the Administration of criminal justice rests w-
ith the States except as Congress, acting within the scope of those Deleg-
ated powers, has created offenses against the United States"). When Congr-
ess criminalizes conduct already denouced as criminal by the States, it e-
ffects a Sensitive in the change relation between Federal and State crimi-
nal jurisdiction."United States V. Enmons, 410 U.S. 396, 411-412,35 L.E-
d. 2d 379, 93 S. CT. 1007 (1973) (qouting United States V. Bass, 404 U.
S. 336, 349, 30 L.ED. 2d 488, 92 S. CT. 515 (1971). The Government acknow-
ledges that & 922(g) "displaces States policy choices in --- that its pro-
hibitions apply even in States that have chosen not to outlaw the conduct
in question. 'Brief for United States 29, n. 19; See also statements of P-
resident George Bush on signing the crime Control Act: Of 1990, 26 Week-
ly Comp of Pres Doc 1944, 1945 (Nov. 29, 1990) (most egregiously, Section
& 922(g) inappropriately overrides legitimately State firearms laws with
a new and unnecessary Federal law. The policies reflected in these provis-
ions could legitimate be adopted by the States, but they should not be im-
posed upon the States by Congress). The prosecution violated my 4th/ 5th/
6th/ 7th/ 8th/ and 14th Amendment rights of the Constitution. The Complai-
nant can rise jurisdiction at any time and not be waived by the prosecuti-
on. Also was taken out of the apartment #211, to be return is a fundament-
al right; two cam-quater video cameras, three typewriters, one fax machin-
e, leather coats, top-undercoats, silver fox rabbit fur coats, gold neckl-
ess chains, sweaters, watches, rings, white and yellow gold jewlry. Gold
diamond bracelets, sweat suit, one jar of quarters, estimated at $1,000 d-
ollas, in cash $3,685.00 dollars in currency, and in additionally $168.00
dollars taken from Petitioner, Henry L. Hill, personally. The breaked-in
at 33 "K" Street, N.W., Washington, D.C. 20001. Apt. Apt.#211. The prosec-
ution was not functioning in the capacity of her civic duties; are held l-
iable of clearly established Constitutional rights, by the "Supreme Court."

United States V. Griffin, 303 U.S. 226. Since lack of jurisdiction of a
Federal court touching the subject-matter of the Litigant cannot be "Waiv-
ed" by the parties, the Supreme Court, when the jurisdiction of the Distr-
ict Court to make a decree Appealed from is challenged, must examine the
contention and, if it concludes that the District Court lacked jurisdicti-
on, must direct that the bill be dismissed. Re-argued Jan. 3, 1938. Unite-
D States V. John Doe, 703 F. 2d 745 (1983); Arrest Warranted, describin-

g its subject only as "John Doe a/k/a Ed "Was Constitutionally insuffici-
ent, and that insufficiency was not cured by the fact that law enforceme-
nt Agent who executed warrant had independent personal knowledge that De-
fendant was person for whom warrant was intended. U.S.C.A. Const. Amend.
4.

Opinion of the court Becker, Circuit judge.


This Appeal presents the question whether as arrest warrant containing a
Constitutionally insufficient description of a suspect is cured if the l-
aw-enforcement Agent who executed the warrant has independent personal k-
nowledge that the arrestee is the person for whom the warrant was intend-
ed. We hold that the warrant is not so cured; that an arrest requiring a
nonconsenual entry into the suspect's home and made on the strength of t-
he defective warrant or affidavit is void, lack of knowledge and that th-
e District Court erred in denying motions to suppress; especially faked
evidence obtained as a result falsed arrested, falsed imprisonment of Ap-
pellant's arrest under such circumstances. The search warranted, and aff-
idavit had expired from January 27, 1989 and executed on, February 3, 19-
89, which is the reason that the (Affidavit)  wasn't introduced into e-
vidence is insufficient because the search warrant wasn't accompanied by
an Affidavit which is a requirement before the District Court, can adequ-
ately make a final decision to indicted, when the evidence that was intr-
oduced; lacked personal knowledge of individual whom the Government soug-
ht to indicted, based on, insufficient evidence of "John Doe" of any per-
sonal knowledge. The Affidavit were defective and lack description of pe-
rsonal knowledge of unidentified evidence that would cured a conviction
base on insufficient evidence because the judges names on the searched w-
arrant and affidavit were a forgery, as well as expired from January 27,
1989 and executed on, February 3, 1989, and not base on any judge that w-
orked for the judiciary court System. The Grand Jury and Indictment is a
forgery and not based on any truth. The search warrant and affidavit is v-
oid, and lack any personal information that will secured a conviction, b-
ased on the faked evidence presented by the prosecution team. See United
States V.  John Doe, 703 F. 2d 745 (1983). The affidavited had been alte-
red or changed from it original version to fit into the prosecution inord-
er to secure a conviction based on which the named "House" was changed,
to reflect the named; "Apartment" which renders the search warrant and af-
fidavit and grand jury minutes void and invalid and lack sufficient evide-
nce to secure a conviction based on, "John Doe".

Matter of Y.G., 399 A. 2d 65
allegedly illegal conduct of police officials in allegally destroying a s-
afe of property subsequent to searched did not retroactively invalidate s-
earched and seizured. U.S.C.A. Constitution amendment 4, and 5th amendmen-
t of Due Process of color of instance case at bar.

    Richard L. Foster, Washington, D.C. appointed by this court, for A-
ppellant.

Edward E. Schwab asst. Corp. Counsel, Washington, D.C., with whom john R.
Risher,Jr., Corp. Counsel, Washington, D.C., at the time the case was arg-
ued, and Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., were
on brief, for Appellee. Before Nebeker and Mack associate judges,and Nunz-
io associate judge, Superior Court of the District of Columbia.


                    Per Curiam:


Appellant a sixteen year old female, was convicted of and adjudged a deli-
nquent for possession of Marijuana with intent to distribute, 21 U.S.C. &

841(a) (1970). On Appeal. Appellant assigns as error the trial court's d-
enial of her motion to Supress evidence, and specifically contends that
the search of her residence pursuant to a warrant was illegal on the fol-
lowing three grounds or more: (1) The warranted was used as a sham to co-
nduct a general exploratory search; (2) The execution of the search whic-
h assertedly involved taking of some property and the wanton destruction
of other property was so unreasonable as to violate Appellant's fourth a-
nd Fifth amendment rights; and (3) The affidavit and Grand jury minutes
in support of the warrant application unlawful grand jury indictment con-
tained misrepresentations of facts which vitiated the search warrant and
affidavit grand jury minutes. We find the record unsupportive of the for-
mer claims but remand the case for reversal or trial court consideration
of the last issue in light of the recent Supreme Court decision in Franks
V.  Delaware, 438 U.S. 154, 98 S. CT. 2674, 57 L.ED. 2d 667 (1978). On or
about Feb 03, 1989 the vice squard executed expired faked Un-Numbered sea-
rch warrant for 33 "K" Street, N.W., Apt.#211. After the entry of the Apa-
rtment; the law enforcement Agent's, while conducing a searched, a safe w-
as discovered, which the law enforcement agent taken the safe out into th-
e hall and begin to destroyed the new safe which violated plaintiff Const-
itutional rights that render the search and seizure illegal because the a-
ffidavit and the search warrant didn't described a safe to be destroyed b-
y law enforcement; a safe to be destroyed in the search warrant and affid-
avit, nor did the search warrant gaved authorities the right to destroyed
property without Due Process of the law for monetary and punitive damages
without full payment under the law.

United States  V.  Wulferdinger, 782 F. 2d 1473 (9th Cir. 1986)

District court may refuse to hold a Franks hearing to determine if inaccu-
rate search warrant, and affidavit invalidates warrant if alleged omission
or misstatement in affidavit is not necessary to finding of probable cause.

Wulferdinger argues that under Franks  V.  Delaware, 438 U.S. 154, 98 S. C-
t. 2674, 57 L.ED. 2d 667 (1978), the District Court should have held a hea-
ring to determine whether the search warrant was invalid and grand jury mi-
nutes because the affidavit provided to the judge or Magistrate issuing th-
e warrant was misleading in that it made no mention of Riveira. The Distri-
ct court may refuse to hold a Franks hearing if the alleged omission or mi-
sstatement is not necessary to the finding of probable cause. United State-
s  V.  Stanert, 762 F. 2d 775, 780-81 (9th Cir. 1985).

On Certiorari, the United States Supreme reversed and remand. In an opinio-
n by Blackman, J., joined by Brennan, stewart, white, Marshall, powell, an-
d Steven, JJ., it was held that (1) Where a defendant made a substantial p-
reliminary showing that a false statement knowingly and intentionally, or
with reckless disregard for the truth, was inclued by an affiant in his af-
fidavit for a search warrant, and if the alleged false statement was nece-
ssary to the finding of probable of probable cause, the fourth amendment
required that a hearing be held at the defendant's request so that he
might shallenge the truthfulness of factual statements made in the affidav-
it, and (2) if at such hearing the Defendant established by a preponderance
of the evidence the allegation of perjury or reckless disregard, and, with
the affidavit's false material and grand jury minutes set to one side, the
affidavit's and search warrant and grand jury indictment remaining content
was insufficient to establish probable cause, the search warrant and affid-
avit and Grand Jury Indictment had to be voided and the fruits of the pois-
on tree doctrined, search of the premacies is excluded to the same extend
as if probable case was lacking on the face of the searched warranted, and
affidavit and grand jury indictment.

On review of the decision of a Supreme Court highest court, the United States Supreme Court will reach the issue whether a defendant in a criminal proceeding ever has a right, under the Fourth and Fifth, and Fourteenth amendments, subsequent to the EX PARTE issuance of a search warrant, to challenge the truthfulness of factual sttements made in an affidavit supporting the warrant, not-withstanding that Counsel for the defendant in a Federal District Court, the prosecution might have failed to include a challenge to the veracity of a search warrant and affidavit in a written motion to suppressed, filed before trial, contrary to the requirement of a Federal court rule that a motion to suppress Federal grounds upon which it is made, where the Federal highest Supreme Court disposed of the defendant's Fourth, Fifth, 14th amendment claim on the merits.

Search and seizure-warrant and affidavit – challenging truthfulness - limitation to impeachment of affiant; for purposes of the rule that a defendant in a criminal proceeding may challenge at a hearing, subsequent to the EX PARTE issuance of a search warrant and grand jury indictment, the truthfulness of factual statements made in an affidavit supporting the warrant if the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was concluded by the affiant in his affidavit for the warrant, and if the allegedly false statement is necessary to the finding of probable cause, the impeachment of deliberate falsity or reckless disregard for the truth which false and misleading grand jury indictment evidence is permitted is only that of the Affiant, not of any nongovernmental informant.

<u>Defendant</u>

Judge: Thomas Penfield Jackson

The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welsh, was not in any Grand jury because the indictment by the Prosecution Team, is a forgery, can not be substantiated or sustained by records of the falsed Grand Jury; July 27, 1988, case number 88-1, was not held because I, The Petitioner, Henry Lee Hill, was never under any investigation on July 27, 1988 that would have given the prosecution the right to make an enquiry for a indictment without prior knowledge of a crime being committed by plaintiff before hand, the plaintiff was incarcerated at Minima Security in Lorton Virginia, until my released dated, August 25, 1988 from Minima Security prisoned this dated. The search warrant and affidavit had expired, from its original version from January 27, 1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of a faked searched warranted and affidavited. March 20, 1989 of the time the petitioner was driving on expired driving permit that had been previously revoked by Metropolitan Trasportation Department driving licensed, that was driving in the 3rd Street, Tunnel around 6:00 P.M. in a 1977 dark blue Cadillac where officer Terrence T. Welch, where officer Terrence T. Welch, is involved in the falsity, of the Grand jury indictment. There was no search warrant and affidavit was never used to seized the vehical in Separated searches of the vehical on, March 20, 1989 and March 21, 1989 in a crossed-Contamination of a poisonousness tree doctrine. Which March 20, 1989 and March 21, 1989 officer Terrence T. Welch, seized evidence out of the Groved Compartment of the 1977 dark blue Cadillac was used by prosecutor Teresa McHenry,Ausa to infer into evidence on Feb 3, 1989 in a Separate incidence on Feb 3, 1989 and March 20, 1989. The Drug

tested was not done by MID-Atlantic, Washington, D.C. In both cases or any other Drug Lab. Eugene Wesley,Jr., Chief probation officer, Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is a falsed document, can not be supported, substantiated of sustained by the facts.

Did commit acts of conspiracy in violations of Petitioner Constitutional rights. Judge Jackson at the initial investigation (stipulater) to the jury of a conviction that was dismissed in the Superior Court by judge Tignor, on July 08, 1986. The case that was dismissed is F - 9529 - 85, and F. - 4550 - 86, ran concurrent together and later dismissed by Superior Court; also into question is the fact that judge Jackson allowed the prosecution to omitted into evidence a search warrant issued Jan 27, 1989 and expired February 3, 1989 of the time of the execution in the SUPERIOR Court by ne clerk of the court. The search warrant wasn't accompanied with an affidavit whick is a requirement befoe oh  omitted infront Of a jury  affidavit ewer defectavt were de  defective because it didn't have any of the CO-Defend's names on the affidav which made it invalid. The affidavit was altered or changed from it orinal version "House" to "apartment" by Prosecutor Teresa McHenry,Ausa, with her right hand. Plaintiff, sentenced was enhance because judge relied on on a conviction that was dismissed in the Superior Court. The prosecution under the District Court judge allowed the prosecution to stipulate to the jury concerning a Felony conviction that was dismissed on July 08, 1986, which I, The Petitioner, Henry Lee Hill, received career offender by the Superior Court judge Tignor. The searched warranted and affidavit had expired From January 27, 1989 and executed on February 3, 1989 both documents were a forgery of judge's not known to worked for the court System. The dismissed charged that the judge was allowed to stipulate to the jury a dismissed conviction, prejudice my case. The judge were not acting in the capacity of his judiciary and adjudicated practices but rather practicing in his Administrative and executive capacity. Held under Forrester  V.  White, and Mireles  V.  Waco, 116 L.ED. 2d 947; under a functional approach to question of official immunity from suits for monetary damages - other than those questions that have been decided by express Constitutional or statutory enactment - (1) the nature of the functions which a particular official or class of officials has lawfully been entrusted is examined, and (2) the effect that exposure to particular froms of liability would likely have on the appropriate exercise of those functions is evaluated; officials who seek exemption from personal liability have the burden of showing that such an exemption is justified by overriding considerations of public policy; a category of "qualified" immunity exists which avoids unnecessarily extending the scope of the traditional concept of absolute immunity. The fact that the Grand jury made a determination based on a expired searched warranted that was intended for someone else; not the complainant. There was no affidavit submitted into evidence before a indictment can be reach based on the facts. The Grand jury indictment is flawed, and not have any proof of service know w other a fraudulent document.

In a trio of cases the Supreme Court in Apprendi  V.  New Jersey,  530 U.S. _____, 120 S. CT. 2348 (2000); Jones  V.  United States, And Almendarez - Torres  V.  United States, 523 U.S. 224 (1998) affirmatively held by confirming "any fact that increases the statutory maximum (other than a prior conviction) Must be submitted to the jury and proven beyond a reasonable doubt." Thus, in response to the Constitutional concerns for showed in Jones, Supra, as to the (1) Formality of notice; (2) identity of the fact finders; And (3) burden of proof - Apprendi, Supra, definitively stated as a new and/ or watershed Constitutional rule these procedures required by the Constitution.

The judge is held liable under Forrester  V.  White, 484 U.S. 219, 98 L.ED. 2d 555, 108 S. CT. 538 (Fifth Cir. 1995); Mireles  V.  Waco, 116 L.ED. 2d 947; the judge Thomas Penfield Jackson does not have absolute immunity but rather qualified immunity held by th-

e Supreme Court.

Judge allowed the prosecution to used evidence from the groved compartment of the Vehicle on March 20, 1989 by officer Terrence T. Welch to convicted Petitioner in the Feb 3, 1989 at 33 "K" Street, N.W., Washington, D.C. 20001. Apt.#211.

Under discussion; President Clinton V. Monica Lewinsky, the conduct of official does't give Administrative and executive officer the right to violate the Constitution when it is the rights of it Citizens to be free of improper conduct of official who is entrusted with the people not to act outside of their office of responsibilities. The judge is a ' law enforcer officer who maintain and keep judiciary function of those who may act improperly but if this officer is blinded  by bias and prejudice, therefore, official can't make a proper accessof his resporsibilities bbut rather become a law-breaker himself. The judge has a civic duty to inform the jury of evidence that is  improperly used in away to infer to the jury that conduct.

The complainant has spent the last 18th years or lee behind bars as a result of corruption of officials criminal behavior, the prosecution and judiciary practice of improper c-onduct of those who is entrusted to uphold the law. The judge does not have absolute im-munity of crimes that tooked placed on his watch that extend outside of his judiciary; a-djudicated function.

Were involved in a cover-up to withhold exculpatory evidence because judge Jackson was w-ell aware of the illegal grand jury indictment or should have known the remification of officials illegal acts he lied under his Administrative and executive function when def-endant's testified under his direction and control with full knowledge of the falsed gr-and jury and the falsed search warranted and affidavit of activities in the initial inv-estigation. The judge does not have absolute immunity for fabrication of evidence held to a more higher standards, Supreme Court has held under "Bivens" of clearly established Constitutional rights. To vouched for a expired searched warranted to know to be invalid, violates complainant Constitutional rights when this warrant belong to some one else; n-ot plaintiff is clearly established Constitutional Civil rights, does not give the judge absolute immunity because the affidavit was defective of it's merits is the reason the affidavit wash't introduced into of the falsed indictment as a requirement before a ind-ictment could be reach by the grand jury of all its elements to make a fair accessment ? of the affidavit since none of the Co-Defendant's names appeared on the affidavit which renders it defective. In Jones V. United States, the Supreme Court held, "under the Due Process Clause of the FIFTH AMENDMENT and the notice and jury trial quarantees of th he Sixth amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven a reasonable doubt." In a trio of cases the Supreme Court in Apprendi V. New Jersey,530 U.S. _____, 120 S. CT. 2348 (2000); Jones V. United States, And Almendarez = Torres V United States, 523 U.S. 224 (1998) affirmatively held by confirming "any fact that incr- eases the Statutory maximum (Other than a prior conviction) must be submitted to the ju-ry and proven beyond a reasonable doubt."

The judge that allowed evidence on the witness stand in the District Court, from the gro-ved compartment of the dark blue Cadillac on March 20, 1989; and later used in February 3 1989 to convicted, are to show clear proof of error of bias and prejudice which reversib-le error. The judge that stipulate a conviction that was dismissed during the pendency o-f the trialed of a conviction that the prosecution knew that was dismissed in the Superi-or Court, in July 8, 1986, by judge Tignor. This also prejudice the complainant, Henry L. Hill, and causes his Sentenced to be increased on, 1-3-90 in the District Court. The jud-ge Jackson; vouched for the expired searched for each Defendant's on the witness stand a-nd allowed to be omitted  a closed room of two officers, Terrence T. Welch and officer D-ean Welsh infer as though into a Grand jury, to know to be falsed; tainted both cases Fe-b 3, 1989 and March 20, 1989 at the pendency of his falsed indictment. Guns that travel through Interstate commerce Clause does not have the power to regulate by Congressed, he-ld by the Supreme Court, under "Lopez." The District of Columbia, acts as a statute for

purpose of a State Actor. The Superior Court, only regulate three broad areas of activities; Tax Court; Juvnile Court; and Superior Court. A gun made in Germany is not integral part of the United States, which is essential to prove it case by the District Court, because Congress knew that any gun of the private sector is a commercial item of Commodity, a artice of trade by the private industry. Guns that travel through several States; including the Indian Reservation of tribes are not to come under the Federal interstate commerce, Article 1, Section 8, Clause 3. Once the courts has concluded that this court does not have judiciary power to imposed laws of a Sovereign State that has not given up jurisdiction of a State crime; must dismiss indictment for lack of evidence. CT. 1710 (1993) (qouting Engle. V. Issaac, 456 U.S. 107, 128, 71 L.ED. 2d 783, 102 S. CT. 1558 (1982); See: also Screws V. United States, 125 U.S. 91, 89 L.ED. 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (Plurality opinion) ("Our National Government is one of Delegated powers alone. Under our Federal System, the Administration of criminal justice rests with the States except as Congress, acting within the scope of those Delegated powers, has created offenses against the United States"). When Congress criminalizes conduct already denouced as criminal by the States, it effects a "Change in the Sensitive relation between Federal and States criminal jurisdiction." United States V. Emmons, 4-10 U.S. 396, 411-412, 35 L.ED. 2d 379, 93 S. CT. 1007 (1973) (qouting United States V. Bass, 404 U.S. 336, 349, 30 L.ED. 2d 488, 92 S. CT. 515 (1971). The Government acknowledges the & 922(g) "displaces State policy choices in ... that its prohibitions apply even in States that have chosen not to outlaw the conduct in question because the Federal Government give  annual budget of finances at the end of the year.

Brief for United States 29, n. 18; see also Statement of formal President George Bush on signing the crime control Act: of 1990, 26 Weekly Comp of Pres Doc 1944, 1945 (Nov. 29, 1990) ("Most egregiously, Section & 922(g) inappropriately overrides Legitimate State firearms laws with a new and unnecessary Federal criminal Statute of law. The policies reflected in there provisions could legitimately be adopted by the States, but they chosed not to imposed upon the States by Congressed). The judge violated by 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment rights of the Constitution. The Complainant can rise jurisdiction at any time and not be waived by the parties. Also was seized out of the Apt.# 211; to be return is a fundamental right; two cam-quarter video cameras, three typewriters, one Fax machine, leather coats, undercoats, silver fox rabbit fur coats, gold neckless chains, sweaters, watches, rings, white and yellow gold jewlry. Gold diamond bracelets, sweat suit, one jar of quarters, estimated at $1,000 dollars, in cash $3,685.00 dollars in currency, and inadditionally money taken from plaintiff personed, $168.00 dollars taken from plaintiff, Henry Lee Hill, personally. The breaked-in at 33 "K" Street, N.W., Washington, D.C. 20001. Apt.#211. The judge was not functioning in the capacities of his judiciary and adjudicated duties; but rather his executive duties are held liable of clearly established Constitutional civil rights violations held by the Supreme Court. Even than President Clinton was held liable for acts committed against his oath of office with Monica  Lewinsky  V.  Clinton.

Mireles  V.  Waco, 116 L.ED. 2d 947

For purpose of determining whether a sitting judge's action was undertaken in a judicial capacity and thus immune from liability for damages, the Supreme Court, stated in Stump V.  Sparkman 1978) 435 U.S. 349, 55 L.ED. 2d 331, 98 S. CT. 1099, REH DEN 436 U.S. 951, 56 L.ED. 2d 795, 98 S. CT. 2862, that the factors to be considered related to (1) the nature of the act itself, and thus whether the act was a function normally performed by a judge; and (2) the expectations of the parties, that is, whether the parties had delt with the judge in his judicial capacity. Observing that judicial immunity from liability in damages is justified and defined by the functions that such immunity protects and serves, and not by the person to whom it attaches, the Supreme Court states in Forester  V.  White (1988) 484 U.S. 219, 98 L.ED. 2d 555, 108 S. CT. 538, that white the court had not articulated a precise and general definition of the class of acts entitled to immunity, the decided cases suggested as intelligible distinction between judicial acts and the A-

dministrative, legislative, or executive functions that judges might on occasion be ass-
igned by law to perform. Citing a Supreme Court case which involved a criminal charge a-
gainst a judge. the court said that Administrative decisions had not been regarded as j-
udicial acts. even though such decisions might be essential to the functioning of the c-
ourts. The court further noted that under Supreme Court of Virginia V. Consumers Unio-
n of United States. Inc. (1980) 446 U.S. 719. 64 L.ED. 2d 641. 100 S. CT. 1967. infra 6
(b). Legislative immunity - rather than judicial immunity - extended to judges acting t-
o promulgate a code of conduct for Attorneys.

Inaddition to citing its previous decision in Stup V. Sparkman. Supra. to the effect
that a judge is not immunity from liability for damages for actions which are not taken
in the judge's is not immune from liability for damages for actions which are not taken
in the judge's judicial capacity. the Supreme Court observed in Mireles V. Waco. (19-
91). U.S. 116 L.ED. 9. 112 S. CT. 286. that if only the particular act in question were
to be scrutinized. than any mistake of a judge in excess of his authority would become
a "Nonjudicial" act. on the ground that an improper or erroneous act could not be said
to be normally performed by a judge.

(a) Because the threat of personal liability for damages can inhibit Government official-
s in the proper performance of their duties. various forms of official immunity from sui-
t have been created. Aware. however. that the threat of such liability may also have the
salutary effect of encouraging officials to perform their duties in a lawful and appropr-
iate manner. this court has been cautious in recognizing absolute immunity claims other
than those decided by Constitutional or statutory enactment. Accordingly, the court has
applied a "functional" approach under which the nature of the functions entrusted to par-
ticular officials is examined in order to evaluate the effect that exposure to particula-
r forms of liability would likely have on the appropriate exercise of those functions. E-
ven with respect to constitutional immunities granted for certain functions of Congress
and the President, the court has been careful not to extend the scope of protection furt-
her than its purposes require. (b) Judges have long enjoyed absolute immunity from liabi-
lity in damages for their judicial or adjudicatory acts, primarily in order to protect j-
udicial independence by insulating judges from vexatious actions by disgruntled litigants.
Truly judicial acts, however, must be disinguished from the administrative, legislative,
or executive functions that judges may occasionally be assigned by law to perform. It is
the nature of the function performed-adjudication-rather than the identity of the actor
who performed it-a judge-that determines whether absolute immunity attaches to the act.
(c) Respondent's decisions to demote and discharge petitioner were administrative rather
than judicial or adjudicative in nature. Such decisions are indistinguishable from those
of an executive branch official responsible for making similar personel decisions, which,
no matter how crucial to the efficient operation of public Institutions, are not entitled
to absolute immunity from liability in damages under & 1983. The court of Appeals reas-
oned that the treat of vexatious lawsuits by disgruntled ex-employees could interfere wi-
th the quality of a judge's decisions. However, true this may be, it does not serve to d-
istinguish judge's from other public officials who hire and fire subordinates. In neither
case is the danger that officials will be deflected from the effective performance of th-
eir duties great enough to justify absolute immunity. This does not imply that qualified
immunity, like that available to executive branch officials who make similar discretiona-
ry decisions, is unavailable to judges for thwir employment decisions, a question not de-
cided here. /92 F. 2d 647, reversed and remanded.

### Search warrant and affidavit exceeding authorized scope

Any part of a search extending beyond the limits prescribe in the warrant is a warrantl-
ess search "conducted outside the judicial process, without the prior Approval by judge
or magistrate, (and is) Per Se unreasonable under the fourth amendment." Katx, 389 U.S.
at 357. Upon a motion to suppress fruits of a warrantless search, the burden is on the
Government to demonstrate that the search falls within the guidelines; one of the specif-

ically delineated exceptions to the warrant requirement. cf. Malcolm V. United States, 332 A. 2d 917, 918 (1975); infra Section 111.C.

Counsel should be prepared to argue that the "good-faith" exception, discussed Supra Section 111.B.1, does not apply to expired or falsed, or misrepresentation of the facts " beyond - the - scope" searches. The Supreme Court has not directly addressed some of those issues. However, Illinois V. Krull, 480 U.S. 340, 342 (1987), made clear that the rule of Leon Applies only when the Constitutional error is committed by some neutral party-adjudicial officer or a legislature. It declined to extend the rationale of Leon to o good-faith error by police, nothing that unlike judges and legislators, police are " engaged in the often competitive as well as judge's who enterprise of ferreting out crime, "and must remain subject to the exclusionary rule so that its deterrent effects tempers their competitive impulses of over zealous official's. ID. At 360 n. 17. It follows that a good-faith mistake by judges, lawyer's prosecutor's and police alike in interpreting the scope of the authorized search remains subject to the exclusionary rule.

                    Evidence obtained a searched warrant and affidavit
Consent obviates the need for fourth amendment protection; with valid consent, the police may search a person's body, home or possessions without a warrant or probable cause. Schneckloth V. Bustamonte, 412 U.S. 218, 219 (1973). Claims of consent are therefore subject to strict judicial scrutiny, (1) The officials usually go outside of consent which is the reason this trick is used by official's to gain entrance to homes, vehicle's Etc, and the burden is on the Government to prove that (1) the consent was voluntary, (2) the person who consented had the authority to do so, and (3) the actual search did not exceed the scope of the consent given. See Bumper V. North Carolina, 391 U.S. 543, 548 (1968); (James) Obiver V. United States, 618 A. 2d 705, 709 (D.C. 1993); Villine V. United States, 297 A. 2d 785, 786 (D.C. 1972). Obtaining or executing warrant. If the police acted without searched warranted, and affidavit, the burden is on the Government to present evidence sufficient to justify the challenged police conduct or judge or prosecutor Malcolm V. United States, 332 A. 2d 917, 918 (D.C. 1975). SEE also West V. United States, 604 A. 2d 422, 426 (D.C. 1972) (motion to suppress should have been granted when Government failed to introduce any evidence reqarging arrest or seacrch h). Particular when the police of judge act outside the warrant and affidait requirement nt, the probable cause requirement must be "strickly enforced." Henry V. United States, 361 U.S. 98, 102 (1959). See also United States V. Watson, 423 U.S. 411, 432 n. 6 (19-76) (powell J, Concurring ) (emphasizing court's longstanding position that a warrant less arrest should receive careful judicial scruiny if challenged"); Ornelas V. United States, 517 U.S. 690 (1996) (when arrest or search is warrantless, Appellate court should review reasonable suspicion and probable cause De Novo ). In Payton V. New York, 445 U.S. 573, 576, 100 S. CT. 1374, 63 L.ED. 2d 639 (1980), the Supreme Court held that, absent exigent circumstances, "the fourth amendment...prohibits the police from making a warrantless and nonconsenual entry into a suspect's home in order to make a routine felony arrest." The Government does not argue that the entry was consensual and conceded at oral argument that if the warrant is invalid, the arrest was illegal under Payton. We thus need to decide only whether the description in the warrant was suffient to satisfy the requirement's of the fourth amendment and, if not, whether agent Schmotzer's independent knowledge that Appellant was the person named in the warrant could supplement the description to satisfy Constitutional requisites. A finding of illegality would require suppression of all fruits of the arrest.

Judge Thomas Penfield Jackson does not have absolute immunity because he knew from the very begining that plaintiff was charged with a trumpted-up case because that violation was brought to judge Jackson by prosecutor Richard L. Edwards,AUSA and prosecutor Roberto Iravla and prosecutor Jay B. Stephens and prosecutor Teresa McHenry,Ausa, with all this information it wasn't enough to deterrent judge Jackson from criminal behavior, or held to high stan-

dards as well as the responsibility to assures a fair trial under the 6th and 7th Amendment of the Constitution.

Therefore, The Petitioner fully understand his Constitutional rights, one must be afforded assistance of counsel required by Boykin V. Alabama, Supra, it was necessary that the petitioner be informed by the court of his right to counsel, and that one would be provided when he lacked the funds and experience to adequately defend himself under these circumstances.

Therefore, the failure of the trial court to give an adequate legal adviser would render his defense unconstitutional because his defense is not adequate enough to deal effectively and intelligently, which would result to a continue denial of his rights to a fair trial so to bring this issue before the courts to redress concerns of a professional level. Give such deficiency in a conviction alleged by the Government was dismissed by the Supior court Judge lignor, which invoves core values of our adversary: System, and as such is not harmless error. United States V. Carter, 619 F. 2d 293, 295 (3rd Cir. 1980). Accordingi since petitioner was not informed of his right to a dective by trial Counsel, it cannt be concluded that he full knoqlegge of the direct already dismissed uber cater, 619 F. AT 295, united States V. Dayton. 604 F. 2d pei, 939 (5th Cir 1979) en Banc ) if U.S. ev rel SULLsullibay, United States V. daytom, 604 F. 2d 931, pep pep (5th Cir. 1979) En Banc) if us. ex rel hart V. Dayenport, 487 F. 2d 203 (3rd Cir Cir. 1973). Such an error cannot be characterized as harmless, but is rather " Rather "enherently prejudicial. "Mccarthey V. United States, 394 U.S. 495 (1969). Therefore, the judgment and conviction that was previously dismissed on July 8, 1986, and later used to increase my Sentenced is not a accidence, and are to be taken seriously without regards to contenue to look the other way, as the District court has for the last 17th years or more. In gover Unit ED States, 531 UN. 531 Um 148 L. ED. 2d 604, 1221 S. CT. ARGUED Nov.
1b Glover V. United States, 531 U.S. 148 L.ED. 2d 604, 121 S. CT. Argued November 27, 2000. Decided January 9, 20001.

Decision: Allegation that Federal District Court's erroneous Sentencing determination unlawfully increased defendant's prison Sentenced held to establish prejudice for purposes of Sixth amendment ineffective - counsel claim.

The Federal Sentencing Guidelines (18 U.S.C.A. Appx), which allowed the grouping of "counts involving substantially the same harm." As a result, the defendant's offense level was increased by two levels for purposes of the guidelines, and he was Sentenced to 420 Months in prison, which sentence was at the bottom of the guidelines 'range of 360 Months to run concurrent with 420 Months. The Defendant's attorney's did not (1) submit papers or offer extensive oral arguments on the grouping issue in the District Court, or (2) raise this issue on Appeal to the United States court of Appeals for the Seventh Circuit, which affirmed the conviction and sentence ( 101 F. 3rd 1183). Subsequently, the defendant, filing a motion in the District Court to correct his sentence under Habeas Corpus, alleged that the failure of his attorneys to press the gouping issue Constituted ineffective assistance, his offense level would have been two levels lower, with a guidelines sentencing range of 240 Months; and (2) the 420 Months sentence that he received was thus an unlawful increase of anywhere between 96 and 240 Months. The District Court, in denying the motion, (1) expressed the view that an increase of 360 to 420 Months in a defendant's sentence was significant enough to amount to prejudice for purposes of the rule of Strickland V. Washington, (1984) 466 U.S. 668, 80 L.ED. 2d 674, 104 S. CT. 2052, under which a defendant, in order to obtain relief under a sixth amendment claim of ineffective assistance of counsel, must show that counsel's defective performance prejudiced the defense; and (2) did not decide the issue whether the performance of the defendant's counsel fell below a reasonable standard of competence. The court of Appeals, in affirming, expressed the view that even if counsel's performance had been ineffective, the resulting additional 360 or more Months sentence did not Constitute

prejudice (182 F. 3rd 921, reported in full 1999 App Lexis 16878)

On certiorari, the United States Supreme Court reversed the court of Appeals judgment and remanded the case for further proceedings. It was held that (1) for purposes of the Strickland V. Washington, Rule for obtaining relief for an alleged violation of the sixth amendment right to effective counsel, a defendant establishes prejudice where it is shown that (a) the trial court erred in a guidelines determination, and (b) as a result of such error, about which counsel failed to argue, the defendant's sentence was increased; (2) although the amount by which a defendant's sentence is increased may possibly be a factor to consider in determining whether counsel's performance in failing to argue the point Constitute ineffective assistance, the amount of increased cannot serve as a bar to a showing of prejudice; (3) thus, it is error to engraft onto the prejudice branch of the ineffective assistance test an additional requirement that denies relief when the increase in sentence is said to be not so significant as to render the outcome of sentencing unreliable or fundamentally unfair; and (4) on the assumption that the District Court erred in the guidelines determination in question, the defendant established prejudice.

## Defendant

Attorney at law: Lawrence H. Huebner,esquire

        The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welsh, was not in any Grand jury because the indictment by the prosecution team, is a forgery, can not be substantiated or sustained by law of the falsed Grand Jury; July 27, 1988, Grand jury No. 88-1, was not held because I, The Petitioner, Henry Lee Hill, was never under any Grand jury investigation of officials on July 27, 1988 that would have given the prosecution the right to make an enquiry for a indictment without prior knowledge of a crime being committed by plaintiff before hand, the plaintiff was incarcerated at Minima Security in Lorton Virginia, until my released dated, August 25, 1988 from Minima Security prisoned this dated. Grand jury Clause. The Clause of the Fifth Amendment to the U.S. Constitution requiring an indictment by a grand jury before a person can be tried for serious offenses. The searched warranted and affidavit had expired, from its original version from January 27, 1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of a faked searched Warrranted and affidavited. March 20, 1989 of the time the petitioner was driving on expired driving permit that had been previously revoked by Metropolitan Police Trasportation Department driving licensed, that was driving in the 3rd street, Tunnel around 6:00 P.M. in a 1977 dark blue Cadillac where officer Terrence T. Welsh and officer Serena Muse were involved in a Terry Traffic Stopped. Officer Terrence T. Welsh, is involved in the falsity, of the falsed Grand jury indictment. There was no search warrant affidavit was never used to seized the Vehical in three separated searches of the vehical on, March 20, 1989 amd March 21, 1989 and February 3, 1989 in a cross-contamination of a poisonousness tree doctrine. Which March 20, 1989 and March 21, 1989 officer Terrence T. Welsh, seized evidence out of the groved compartment of the 1977 dark blue Cadillac was used by prosecutor Teresa McHenry,Ausa to infer into evidence on Feb 3, 1989 in two separate incidence on Feb 3, 1989 and March 20, 1989. The Drug tested was not done by MID-Atlantic, Washington, D.C. In both cases or any other Drug Lab. Eugene Wesley,Jr., Chief probation officer, Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is a falsed document, can not be supported, substantiated or sustained by the facts.
        did commit acts of conspiracy in violations of complainant Constitutional rights. were involved in a cover-up to withhold exculpatory evidence from Client because defense attorney Lawrence H. Huebner, was well aware or should have known of the illegal remification of officials illegal acts which lied to client to inform Client of all material facts that relate to his defense inorder to put up a proper defense. The oath of responsibility of the bar is held to a higher standards of professional level between client and lawyer. When defendant's testified under prosecution direct examination with

full knowledge of activities in the initial investigation. The defense attorney does not have absolute immunity for fabrication of evidence by defendant's held by the Supreme Court to make accessment of the facts, and if determine the evidence presented before the courts, it is the responsibility of the attorney to point out that fact that he or she to consider to be wrong. Protection of unlawful acts of injustice is a right, and must be protected under Due Process and sixth amendment rights of the Constitution. It is clearly established Constitutional rights not be falsely imprisoned, falsely arrested, to vouch for a search warrant, to know to be falsed, and the simple fact that the search warrant related to some one else becide the client.

My attorney were well aware of activities taken place in a falsed Grand jury indictment or should have known first hand of all material, or should have known to be falsed since attorney are well knowledgeable in the law. See Strickland V. Washington, 466 U.S. 668, 684-85 (1984) as such, there are personal rights conferred by the Constitution's Sixth amendment, cf. Kimmelman V. Morrison, 477 U.S. 367, at 377 (1986) ("... SEEKS DIrect Federal protection of his personal right to effective assistance of counsel."), as of right and not legislature Grace. Cf. cleveland bd. of Education V. Loudemill, 470 U.S. 532, at 541 (1985) the right to Due Process is not by legislature grace; but by Constitutional quaranteel").

## Factual pleadings in support thereof

1. Formality of notice, the Fifth amendment's Grand Jury Clause entitles the accused to be held to answer only these charges return by the Grand Jury. Grand Jury Clause. The clause of the Fifth Amendment to the u.s. Constitution requiring an indictment by a grand jury before a person can be tried for a criminal offenses. Grand jury. A body of (often 23) people who are chosen to sit permanently for at least a month - and sometimes a year - and who, in EX PARTE proceedings, decide whether to issue indictments. See Fed. R. Crim. P. 6. if the grand jury decides that evidence is strong enough to hold a suspect for trial, it returns a bill of indictment ( a true bill) charging the suspect with a specific crime. This also entitles the accused to a fundamental trial right; and taken together with the sixth amendment's notice of accusation which requires the accused to be informed of the nature and cause of the accusation. Petitioner was tried by an unconstitutional amendment to the Falsed indictment of the Grand Jury and falsified indictment of each charged, was not return by the grand jury indictment:see indictment through the jury instruction (see trial stipulation of Judge Thomas Penfield Jackson; page 32-6 - line 20-25, charge of the court. To vouched or stipulate for a expired search warrant in the faked grand jury of clearly established Constitutional right, does not give the defense attorney absolute immunity because the affidavit wasn't introduced by defense attorney because the affidavit was defective as well as being expired of its merits is the reason the affidavit wasn't introduced into evidence as a requirement before a indictment can be return by the grand jury of all it's elements to make a fair accessment of the affidavit since none of the Co-Defendant's names appeared on the affidavit which renders the search warrant and affidavit defective. The search warrant and affidavit were a "Forgery". In Jones V. United States, the Supreme Court, held, under the Due Process Clause and the "Grand Jury Clause of the Fifth Amendment and the noice and jury trial quarantees of the Sixth amendment; any fact other than a prior conviction) that increases the maximum penalty for a crime must be reurn by a grand jury and charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." In a trio of cases the Supreme Court in Apprendi  V  New Jersey, 530 U.S. ____, 120 S. CT. 2348 (2000-); Jones  V.  United States, And Almendarez - Torres  V.  United States,  523 U.S. 224 (1998) affirmatively held by confirmination " any fact that increases the statutory maximum (other than a prior conviction) must be return by a grand jury, submitted to the jury and proven beyond a reasonable doubt."

Guns that travel through Interstate commerce Clause are not regulated by Congress because no power was ever Delegated for Congress to regulate interstate activities of a police power; held by the Supreme Court under "Lopez". The District of Columbia, acts as a

statute for the purpose of a State Actor.

The Prosecution Teresa McHenry,Ausa that used evidence from the groved compartment; receipts given to Tersa McHenry from officer Terrence T. Welsh of worked done on the car from a dark blue Cadillac 1977 on March 20, 1989 and later used by prosecutor Teresa McHenry in a separate case on Feb 3, 1989 to convicted, are to show a clear error of bias and prejudice which is a reversible error, can't be cured by a new and unnecessary new trial. The prosecution that stipulate a conviction to know to be dismissed in the Superior Court or should have known to be dismissed by judge Tignor in Superior Court. During the pendency of the trial of a conviction that was dismissed on July 08, 1986, by judge Tignor. Case number F-9529-85 and F-4550-86 was ran together concurrently and later dismissed on July 8, 1986. This also prejudice the complainant, Henry Lee Hill, and cause his Sentenced to be increased on 1-3-90 in the District Court. The prosecution Richard L. Edwards; vouched for each Defendant's; on the witness stand and given a falsed indictment to the jury that infer as though the was in the Grand jury; tainted both cases on February 3, 1989 and March 20, 1989 and March 21, 1989 at the pendency of the trialed, causes plaintiff to be sentenced under a falsed indictment, because the search warrant and affidavit had expired from January 27, 1989 and later executed on Feb 3, 19-89 which was intended for a female, Marrietta Kittrell, who rented out the Apartment 21-1, 3 - years prior to any personal knowledge of Marrietta Kittrell; one of the Co-Defendant's wasn't used to testify because she gave a falsed account how one bagged of cocaine were in her pocket. The searched warranted and affidavit were a (forgery) which was used as evidence as well as what items could be used for evidenced; evidenced that was seized by official's on Feb 3, 1989 can't be used because the search warrant was issued on January 27, 1989, and executed on Feb 3, 1989 had expired. As the police officer James D. Wright, testified to the jury on the witness stand of the trial. Statements wrutten by officer James D. Wright of a written statement on Feb 3, 1989 is not a true statement because no grand jury ever taken placed as the prosecution stated for the records. No evidence seized on Feb 3, 1989 that would give officer a reason to filed charges or indicted, based on a falsed indictment, concerning a expired search warrant,  and the affidavit was later introduced by prosecutor Teresa in 1998, years later after the fact.

Guns that travel through Interstate commerce Clause are not the concerns of the Federal Government because criminal offenses is a State crime, are not regulated by Congress because no power was ever delegated for Congress to regulate interstate activities of a police power, of commercial commodities held by the Supreme Court of the State under "Lopez". The District of Columbia, acts as a Statute for the purpose of a State Actor. Because the District of Columbia, does not have State Representation in Congress. The Superior Court only regulate three broad areas of activities; Tax Court, Juvnile Court, and Superior Court. A gun made in Germany in not a part of the United States, which are not regulated by Congress because a gun that travel International and through several States; including the Indian Reservation of Tribes are not to come into nexus of interstate commerce of Federal criminal statutes; Article 1, Section 8, Clause 3. Once the courts has concluded that this court does not have jurisdiction to imposed laws of a State crime, must dismissed falsed indictment with prejudice. CT. 1710 (1993) (qouting Engle V. Issaac, 456 U.S. 107, 128, 71 L.ED. 2d 783, 102 S. CT. 1558 (1982); See also Screws V. United States, 325 U.S. 91, 89 L.ED. 2d 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (plurality opinion) ("Our National Government is one Delegated powers alone. Under our Federal System the Administration of criminal justice rests with the States except as Congress, acting within the scope of those Delegated powers has created offenses against the United States"). When Congress criminalized conduct already denouced as criminal by the States, it effects a " change in the Sensitive relation between Federal and State criminal jurisdiction." United States  V.  Enmons, 410 U.S. 396, 411-412, 35 L.ED. 2d 379, 9-3 S. CT. 1007 (1973) (qouting United States  V.  Bass, 404 U.S. 336, 349, 30 L.ED. 2d 4-88, 92 S. CT. 515 (1971). The Government acknowledges that & 922(g) "displaces State policy choices in...that its prohibitius apply even in States that have chosen not to outlaw the conduct of Due Process of the Federal Government that is in question." Brief for United States 29, n. 18; see also Statements of President George Bush on signing the crime Control Act: Of 1990, 26 Weekly Comp of Pres Doc 1944, 1945 (Nov. 19, 1990) ("Mos-

t egregiously, Section & 922(g) inappropriately overrides legitimate State firearms laws with a new and unnecessary Federal law. The policies reflected in these provisions could legitimately be adopted by the States, but they should not be imposed upon the States by Congress.").

The trial lawyer violated complainant 4th/ 5th/ 6th/ 7th/ 8th/ and 14th Amendment rights of the Constitution. The Complainant can raise jurisdiction at any time not be waived or denied Due Process access to the courts by the parties is a fundamental right. Also taken out of the Apt.#211, to be return is a fundamental right; two cam-quarter video cameras, three typewriters, one fax machine, leather coats, top-undercoats, silver fox rabbit fur coats, gold neckless chains, sweaters, watches, rings, white and yellow jewlry. Gold diamond bracelets, sweat suit, one jar of quarters, estimated at $1,000 dollars, in cash $3,685.00 dollars in currency, and in additionally $168.00 dollars taken from petitioner, Henry Lee Hill, personally. The breaked-in at 33 "K" Street, N.W., Washigton, D. C. 20001. Apt.#211. The attorney was not functioning in the capacity of his civic duties are held liable of clearly established Sixth amendment are quarantees by the "Supreme Court."

Defendant

Attorney At Law: James Thomas Maloney,esquire

        The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welsh, was not in any Grand jury because the indictment by the prosecution team, is a forgery, can not be substantiated or sustained by law of the falsity Grand jury; July 27, 1988, Grand jury No. 88-1, was not held because I, The Petitioner, Henry L. Hill was never under any Grand jury investigation of officials on July 27, 1988 that would have given the prosecution the right to make an enquiry for a indictment without prior knowledge of a crime being committed by plaintiff before hand, the plaintiff was safely secured/incarcerated at Minima Security in Lorton Virginia, until my released dated, August 25, 1988 from Minima Security prisoned complex. Grand jury Clause. The Clause of the Fifth Amendment to the U.S. Constitution requiring an indictment by a grand jury before a person can be tried, convicted, imprisoned, criminally charged for serious offenses. The searched warranted and affidavited, had expired, from its original version from January 27, 1989 and executed on, February 3, 1989, beyond the 72 hours of a requirement by law of a faked searched warranted and expired affidavited. March 20, 1989 of the time the petitioner was driving on expired driving permit that had been previously revoked by Metropolitan police Trasportation Department driving licensed, that I was driving in the 3rd Street, Tunnel around 6:00 P.M. in a 1977 dark blue Cadillac where officer Terrence T. Welsh and officer Serena Muse were involved in a Terry Stopped. Officer Terrence T. Welsh, is involved in the falsity of the falsed Grand jury indictment. There was no searched warranted and affidavit was never used to seized the Vehical under the named Carry Miller, in three separated searches of the vehical on, March 20, 1989 and March 21 , 1989, and February 3, 1989 was used in a cross-contamination of a poisonousness tree docutrine. Which March 20, 1989 and March 21, 1989 officer Terrence T. Welsh, seized evidence out of the groved compartment of the 1977 dark blue Cadillac was used by prosecutor Teresa McHenry,Ausa to infer into evidence of reciepts done on the car on Feb 3, 1989 and March 20, 1989. The Drug tested was not done by MID-Atlantic, Washington, D.C. In both cases or any other Drug Lab. In two separate heat-sealed bags on two separate dates, Feb 3, 1989, March 20, 1989 and March 21, 1989. Eugene Welsey,Jr., Chief probation officer, Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is a falsed document, can not be supported; substantiated or sustained by the facts.

        Did commit acts of conspiracy in violations of Complainant Constitutional rights. Were involved in a cover-up to withhold exculpatory evidence from Client because ddfense attorney James Thomas Maloney,esquire were well aware or should have known of the illegal remification of officials illegal acts of criminal activities, which lied to Client to informed Client of all material facts that relate to his defense inorder to put

up a proper defense. The oath of responsibility of the instane case at bar is held to a higher standards of professional ethical level between Client and lawyer. When Defendant's testified under oath of the prosecution direct examination with full knowledge of activities in the initial investigation. The defense attorney does not have absolute immunity for fabrication of evidenced by defense attorney does not have absolute immunity or qualified immunity statements made by Defendant's held by the Supreme Court to make accessment of the facts, and if determine the evidence presented before the courts, it is the attorney's responsibility to point out those facts that violates the Constitution protection of unlawful acts of injustice is a right, and must be protected under Due Process of the 5th, 6th and 14th amendment rights of the Constitution is quaranteed under the law. It is clearly established Constitutional rights not be falsely arrested, falsely imprisoned, reckless endangerment, to vouched for an expired searched warranted, to know to be falsed, or should have known to be falsed, and the simple fact that the search warrant and affidavit go unnotice which the search warrant related to some one else beside the Client.

Client attorney were well aware or should have known of criminal activities taken placed under his watchful eye taken placed without being indicted by the Grand jury, when attorney had first-hand knowledged of all material or should have known the facts, or should have known to be falsed since attorney are well knowledgeable in criminal law in their field of law. See Strickland V. Washington, 466 U.S. 668, 684-85 (1984) as such, these are personal rights conferred by the Constitution's sixth amendment, cf. Kimmelman V. Morrison, 477 U.S. 367, at 377 (1986) ("..Seeks direct Federal protection of his personal right to effective assistance of counsel."). As of right and not legislature grace. cf. Cleveland Bd. of Education V. Lvudemill, 470 U.S. 532, at 541 (1985) the right to Due Process is not by legislature grace; but by Constitutional quarantees.").

Factual Pleadings in Support Thereof:

1. Formality of notice, the Fifth Amendment's Grand Jury Claused, entitles the accused to be held to answer only these charges returned by the grand jury. This entitles the accused to a fundamental trial right; and taken together with the 5th amendment and 6th amendment's NOtice of accusation which requires the accused to be enformed of the nature and cause of the falsed accusation of alleged grand jury, with no factual bases. Petitioner was tried by an unconstitutional means to faked indictment trough the jury instruction (See trial court stipulation of judge Thomas Penfield Jackson; page 326-line no. 20-25, charge of the court. To vouched or stipulate a falsed indictment, falsed searched warranted which had expired from January 27, 1989 and executed on Feb 3, 1989 to know to be a (forgery) or should have known to be falsed, and does nothing to correct the wrong and to know does not existed for plaintiff, but rather search warrant and affidavit relate to a female; searched warranted and affidavit, not the Complainant as the Government has contended in the so-called search warrant and affidavit, and grand jury of clearly established Constitutional rights, and does not give the defense attorney absolute immunity or qualified immunity because the affidavit was altered from it's original version as well as expired January 27, 1989 and executed by officer James D. Wright, and officer Timothy S. Craggette and used by Prosecutor Teresa McHenry, right hand; "the word "House" changed to "Apartment" which renders the search warrant and affidavit and the grand jury defective of it's merits, is the reason this information wasn't introduced in a jury trialed, nor was a grand jury held, the affidavit wasn't introduced into evidenced as a requirement before plaintiff, could be trialed and imprisoned, before a indictment can be reach by the grand jury of all its elements to make a fair accessment of the search warrant and affidavit and grand jury, to determine its effectiveness, and not be held against his will of falsity indictment, if the courts conclude the evidenced to be defective the falsed indictment must be dismissed with prejudice for the lacked of evidenced, as well as the weight of evidence; since none of the Co-Defendant's names appeared on the affidavit as well expired which renders the search warrant and affidavit and grand jury voided and invalid and defective.

In Jones V. United States, The Supreme Court, held, under the Due Process Clause, Grand Jury Clause of the Fifth and Sixth amendment and the

notice and jury trial quarantees of the sixth amendment; any fact other than a prior C-onviction) that increases the maximum penalty for a crime must be charged in an true i-ndictment, submitted to a jury, and proven beyond a reasonable doubt." In a trio of ca-ses the Supreme Court in Apprendi  V.  New Jersey, 530 U.S. , 120 S. CT. 2348 (2000); Jones  V.  United States, and Almendary-Torres  V.  United States, 523 U.S. 224 (1998) affirmatively held by confirming "any fact that increases the Statutory and Constituti-onal maximum (other than a prior conviction) must be submitted to the grand jury, and p-roven beyond a reasonable doubt."

The Prosecution Teresa McHenry,Ausa used evidence collected from the groved compartment, of receipts seized by officer Terrence T. Welsh on March 20, 1989 and March 21, 1989 of worked done on the car from a 1977 dark blue 4-door Cadillac on March 21, 1989 and late-: r infered into a separated case to be used in the Feb 3, 1989 to convicted are to show a clear error of bias and prejudice which is a reversible error. The protection that st-ipulated a conviction during the pendency of the trialed in the District Court, of a co-nviction that was dismissed in the Superior Court on July 08, 1989, by Superior Court j-udge Tignor. The case number is F-9529-85 and F-4550-86 was ran together concurrently a-nd later dismissed in 1986. This also prejudice the Complainant, Henry L. Hill, and cau-ses his Sentenced to be increased the amount on 1-3-90 in the District Court. The prose-cution Richard L. Edwards,Ausa vouched for each defendant's on the witness stand doing trialed, and lied about a falsed indictment that wasn't held in the grand jury, but rat-her interviewed both officers, Terrence T. Welsh and officer Dean Welch; tainted both i-n crossed-contamination pisonousness tree doctrine both cases on February 3, 1989 and M-arch 20, 1989 and March 21, 1989 at the pendency of his initial indictment. Guns that t-ravel through interstate commerce Clause are not regulated by Congress because the Stat-es  already abtained it's jurisdiction own power that is Delegated to them by Congresse-d, of the States of criminal activities, held in the Supreme Court, under "Lopez." The District of Columbia, acts as a Statute for the purpose of a State Actor. District of C-olumbia, is not considered to be a actual State, because it does not have State Represe-ntation by Congressed. The Superior Court only regulate three board areas of activities by Superior Court. A gun made in Germany is not apart of the United States, therefore n-ot regulated by Congress because a gun that travel through several States and tribes of Indian Reservation are not to come under Federal Nexus of interstate commerce, Article 1 , Section 8, Clause 3. Once the courts has concluded that this court does not have juri-sdiction to imposed criminal Statutes of the States, when the States never gave up juri-sdiction to give the Federal Government control over State criminal activities of a Sta-te crime, must dismiss indictment. CT. 1710 (1993) (qouting Engle  V.  Isaac, 456 U.S. 107, 128, 71 L.ED. 2d 783, 102 S. CT. 1558 (1982); See also Screws  V.  United States, 325 U.S. 91, 89 L.ED. 2d 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (plurality opinion) ("Our National Government is one of Delegated powers alone. Under our Federal System th-e Administration of criminal justice rests with the States except as Congress acting wi-thin the scope of those Delegated powers, has created offenses against the United State-s"). When Congress criminalizes conduct already denouced as criminal by the States, it effects a "change in the Sensitive relation between Federal and State criminal jurisdic-tion." United States  V.  Enmons, 410 U.S. 396, 411-412, 35 L.ED. 2d 379, 93 S. CT. 100-7 (1973) (qouting United States  V.  Bass, 404 U.S. 336, 349, 30 L.ED. 2d 488, 92 S. C-T. 575 (1971). The Government acknowledges that & 922(g) "displaces State policy choices in...that it prohibitions apply even in States that have chosen not to outlaw the condu-ct in question." Brief for United States 29, n. 18; see also statement of President Geo-rge Bush on signing the Crime Control Act: of 1990, 26 Weekly Comp of Pres Doc 1944, 19-45 (Nov. 29, 1990) ("most egregiously, Section & 922 (g) inappropriately overrides Legi-timate State firearms laws with a new and unnecessary Federal statute. The policies ref-lected in these provisions could legitimately be adopted by the States, but they should not be imposed upon the States by Congress").

The defense attorney violated my 4th/ 5th/ 6th/ 7th/ 8th/ and 14th amendment rights of

the Constitution. The Complainant can raise jurisdiction at any time and not to be "Waived" by the parties, held by the Supreme Court. Also was taken out of the apartment 2-11; to be return is a fundamental right; two cam-quarter video cameras, three typewriters, one fax machine, leather coats, top-undercoats, silver fox rabbit fur coats, gold neckless chains, sweaters, watches, rings, white and yellow gold jewlry. Gold diamond bracelets, sweat suit, one jar of quarters, estimated at $1,000 dollars, in cash $3,68-5.00 dollars in currency, and inadditionally $168.00 dollars taken from petitioner, Henry L. Hill, personally. The attorney were not functioning in the capacity of his civic duties; which tooked on the role as a prosecutor who are in cohoots together is held liable of clearly established Constitutional rights under the sixth amendment guaranteed, held by the "Supreme Court."

Defendant

Attorney at law: John Anothony Briley,Jr.,esquire

The Federal Indictment is a forgery, by officer Dean Welch and officer Terrence T. Welsh, was not in any Grand jury, because the indictment by the prosecution team, is a forgery, can not be substantiated or sustained by law of the falsity of the Grand jury; July 27, 1988, Grand Jury NO. 88-1, was not held because I, The Petitioner, Henry L. Hill was never under any Grand jury investigation of officials on July 27, 1988 that would have given the prosecution the right to make an enquiry for a indictment without prior knowledge of a crime being committed by plaintiff before hand, the plaintiff was safely secured/incarcerated at Minima Security institution in Lorton Virginia, until my released dated, August 25, 1988 from Minima Security prisoned complex. Grand jury Clause. The Clause of the Fifth and 6th amendment to the U.S. Constitution requiring an indictment by a grand jury before a person can be tried, arrested, convicted, imprisoned, held, criminal charged for serious offenses. The searched warranted and affidavited, had expired, from its original version from January 27, 1989 and executed on February 3, 1989, beyond the 72 hours of a requirement by law of a faked searched warranted and expired affidavited. March 20, 1989 of the time the petitioner was driving on expired driving permit that had been previously revoked by metropolitan police Trasportation Department driving licensed, that I was driving in the 3rd Street, Tunnel around 6:00 P.M. in a 1977 dark blue Cadillac where officer Terrence T. Welsh and officer Serena Muse were involved in a Terry Stopped. Officer Terrence T. Welsh and officer Serena muse, is involved in the falsity of the seized $2,2056. in currency of the falsed Grand jury indictment. There was no searched warrant and affidavit was never used to seized the vehical under the named Carry Miller, in three separated searches of the vehical on, March 20, 1989 and March 21, 1989, and February 3, 1989 was used in a cross-contamination of a poisonousness tree doctrine.Which March 20, 1989 and March 21, 1989 officer Terrence T. Welsh, seized evidence out of the groved compartment of the 1977 dark blue Cadillac was used by prosecutor Teresa McHenry,Ausa to infer into separate case for evidence of reciepts done on the car. February 3, 1989 in two separate incidence on Feb 3, 1989 and March 20, 1989. The Drug tested was not done by MID-Atlantic, Washington, D.C. In both cases or any other Drug Lab. In two separate heat-sealed bags on two separate dates, Feb 3, 1989, March 20, 1-989 and March 21, 1989. $2,2056. was seized by officer Terrence T. Welsh, on March 20, 1-989 to be used as evidenced on March 21, 1989 which the day before seized as personal property on March 20, 1989 and seized evidenced a day later March 21, 1989. Eugene Welsey, Jr., Chief probation officer, Arnold L. Hunter Deputy Chief probation officer. Phillip N. Burgest U.S. probation officer; Supervising U.S. probation officer reported is a falsed document, can not be supported, substantiated or sustained by the facts.

Did commit acts of conspiracy with others in violations of Complainant Constitutional rights, were involved in a cover-up to protect law enforcement officials to withhold exculpatory evidence because defense attorney's was aware or should have known of the illegal remification of officials illegal acts of conspiratorials that lied under oath

oath of ethical standards of professional responsibility to serve those who is entrusted with his care of the 6th amendment of the Constitution. When the Defendant's testified under oath for the Government of Perjury and corruption, it is the responsibility to the trial lawyer to point out that fact of any discrepancy. The attorney was fully abreast of knowledge in activities that extend beyond the scope of the law which are held liable for illegal acts in investigative stage of development. The defense attorney's does not have absolute immunity nor does he have qualified immunity for fabrication of evidence of those who testified under oath with full knowledge of misleading information and corruption held by the Supreme Court under "Bivens" of clearly established Constitutional rights of its Citizens to be free of injustice and corruption. To vouched of stipulate for expired falsed search warranted, and false grand jury. The searched warrant and affidavit that was intended for a female; not the Complainant is a reversible error because the search warrant and especially the affidavit is a (forgery) and are altered from it original version. The named " House" was changed to "Apartment" by prosecutor attorney Teresa McHenry, Ausa with her right hand, is clearly established Constitutional right which does not give lawyer's absolute immunity are qualified immunity for acts that extend outside of ethical standards of professional responsibility of the bar because the affidavit were defective of its merits is the reason the affidavit wasn't introduced into evidence as a requirement before a indictment could be reach by the Grand jury of all its elements held by "Apprendi" in the Supreme Court in order to make a fair accessment of the affidavit and false indictment we would have to determine the truthfulness of this documents; especially the affidavit since none of the Co-Defendant' names appeared on the affidavit which renders it defective and can not be cured under a new and unnecessary new trial Jones V. United States,The Supreme Court held, "under the Due Process Clause of the Fifth and 6th amendment and the notice and jury trial guarantees of the sixth amendment; any fact, other than a prior conviction) that increases the maximum penalty for a crime must be charged in the Grand jury an indicted, submitted to a jury determination, and proven beyond a reasonable doubt." In a trio of cases the Supreme Court in Apprendi V. New Jersey, 530 U.S. ___, 120 S. CT. 2348 (2000); Jones V. United States, and Almendarez - Torres V. United States,523 U.S. 224 (1998) affirmatively held by confirming "any fact that increases the Statutory maximum (other than a prior conviction) Must be submitted to the Grand jury or trial court and proven beyond a reasonable doubt."

The Prosecutor Teresa McHenry,Ausa that used evidence from the groved compartment of 4-door sedan blue Cadillac 1977 on March 20, 1989 receipts of worked done on the car and later used in a separate case on Feb 3,1989 to convicted, because the receipts was given to prosecutor Teresa McHenry,Ausa, by officer Terrence T. Welsh. On another cased, March 20, 1989 and March 21, 1989 are to show attorney's acted irresponsibly not to point out inconsistency discrepancies that are not congruent of its facts. This is not your usual harmless error but rather a reversible blunder or blooper that can't be cured or corrected by turning a blind eye. A clear error of bias and prejudice which is a reversible error. The prosecution attorney Teresa McHenry, altered affidavit from its original version version which she changed the named "House" to "Apartment" which her right hand. She she also stipulated to the jury during trialed, of a conviction that was dismissed July 08, 1986, by judge Tignor in the Superior Court that prejudice Complainant cased. The case extend from the Superior court which a judge dismissed the cased, after I filed A motion to have this case to run concurrently; which was granted by judge Tignor, in the Superior Court.

This particular case was used to increased Complainant conviction substantiately effected my Sentenced on, 1-3-90 in the District Court before judge Thomas Penfield Jackson. The prosecution Richard L. Edwards; vouched for each defendant's on the witness stand during the pendency of my trialed and was involved in the falsed indictment of the grand jury concerning a falsed search warrant and affidavited; tainted both cases on Feb 3, 1989 and March 20, 1989 and March 21, 1989 at the pendency of the falsed indictment. Gunns that passed through or travel interstate commerce Clause are not regulated by Congress because the States have jurisdiction of criminal activities of State crime, held in the Supreme Court under "Lopez."The district of Columbia, acts as a statute for the purpose of a State Actor. The Superior Court only regulate three broad areas of activities; Tax Court; Juvnile Court, and Superior Court.

A gun made in Germany does not come nexus of Federal Statute, because is outside the jurisdiction of the United States, because Germany is not apart of the United States, and are not regulated by Congress of commercial economics because a gun that travel through several States, that have states Statutes already in placed with a unnecessay Federal Statute on top of a State Statute and tribes in Indian Reservation are not to come into nexus of Federal statute of interstate commerce Clause, Article 1, Section 8, Clause 3. Once the courts has concluded that this court lack jurisdiction to imposed laws and statutes already Delegated to the States of criminal activities, must direct the bill to be dismissed with prejudice of the falsed indictment. CT. 1710 (1973) (qouting Engle V. Isaac, 456 U.S. 107, 128,71 L.ED. 2d 783, 102 S. CT. 1558 (1982); See also Screws V. United States, 325 U.S. 91, 89 L.ED. 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (Plurality opinion) ("Our National Government is one of Delegated powers alone. Under our Federal System the Administration of criminal justice rests with the States except as Congress, acting within the scope of those Delegated powers, has created offenses against the United States") When Congress criminalizes conduct already denouced as criminal by the States, it effects a "change in the sensitive relation between Federal and State criminal jurisdiction statutes." United States V. Enmons, 410 U.S. 396, 411-412, 35 L.ED. 2d 379, 93 S. CT. 1007 (1973) (qouting United States V. Bass, 404 U.S. 336, 349, 30 L.ED. 2d 488, 92 S. CT. 515 (1971). The Government acknowledges that & 922(g) "displaces States policy choices in...that its prohibitions apply even in States that have chosen not to outlaw the conduct in question." Brief for United States 29, n. 18; See also statement of President George Bush ON signing the Crime Control Act: Of 1990, 26 Weekly Comp of Pres Doc 19-44, 1945 (Nov. 29, 1990) ("Most egregeously, Section & 922(g) inappropriately ligitimate State Firearms laws with a new and unnecessary Federal law. The policies reflected in these provisions could legitimate be adopted by the States, but they should not be imposed upon the States by Congress, when the States already have Statutes in placed of criminal conduct"). Or intimidate any person in any State, territory, commonweath, possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or State, any political subdivision of a State, or the District of Columbia.

Bivens V. Six Unknown Federal Narcotics Agents:
403 U.S. 388, 29 L.ED 2d 619, 91 S. CT. (1999)

An action for damages was instituted in the United States District Court for the Eastern District of New York against Federal narcotics agents, the Plaintiff seeking recovery for humiliation and mental suffering resulting from the agents' conduct, under claim of Federal authority, in connection with an arrest and search relating to alleged narcotics violations by the p-

laintiff. The plaintiff alleged that the agents, acting without a warrant
and without probable cause, had entered the plaintiff's apartment, had us-
ed unreasonable force in effecting the arrest, had searched the apartment,
without a searched warranted and affidavit, and had later interrogated th-
e plaintiff without attorney present, and subjected him to a searched of
his person. The District Court dismissed the complaint on the ground, int-
er alia, that it failed to state a cause of action(276 F. Supp 12), and t-
he Court of Appeals for the Second Circuit affirmed on that basis. (409 F.
2d 718.)

On Certiorari, the United States Supreme Court reversed and remanded. In
an opinion by Brennan, J., expressing the view of five members of the cou-
rt, it was held that a violation of the Fourth Amendment's command agains-
t unreasonable searches and seizures, by a Federal agent acting under col-
or of Federal authority, gave rise to a Federal cause of action for damag-
es consequent upon the agent's unconstitutional conduct.

Harlan, J., concurred in the judgment, stating that Federal courts had th-
e power to award damages for violation of Constitutionally protected inte-
rests, and that the traditional judicial remedy of damages was appropriate
to vindicate the personal interests protected by the Fourth Amendment.

Burger, Ch. J., dissented, expressing the views that the doctrine of sepa-
ration of powers would be better preserved by recommending a solution to
the problem of damages caused by a Federal agent's failure to obey the str-
ictures of the Fourth Amendment to the Congress as the branch of Government
in which the Constitution has vested the legislative power; that with rega-
rd to deterring law enforcement officials from attempting to obtain eviden-
ce through illegal searches and seizures, the suppression doctrine, calling
for the exclusion of illegally obtained evidence which would otherwise be
admissible, was unsatisfactory; and that the problem could be solved by Co-
ngress' enacting legislation which would (1) waive sovereign immunity as to
illegal acts of law enforcement officials committed in the performance of
assigned duties, (2) create a cause of action for damages resulting from
such illegal acts, (3) create a quasi—judicial tribunal to adjudicate the
claims for such damages, (4) provide that this statutory remedy would be
in lieu of the exclusion of evidence secured for use in criminal cases in
violation of the Fourth Amendment, and (5) provide that no evidence other-
wise admissible would be excluded from any criminal proceeding because of
violation of the Fourth Ament.

### Factual Pleading in Support thereof:

1. Formality of notice, the Fifth amendment's Grand Jury Clause entitles
the accused to be held to answer only these charges returned by the Grand
jury. This also entitlees the accused to a fundamental trial right; and t-
aken together with the 5th and sixth amendment's notice of accusation Whi-
ch requires the accused to be enformed of the nature and cause of the acc-
usation. Petitioner, Henry L. Hill, was tried by an unconstitutional amen-
dment to the falsed and misleading indictment through the jury instructio-
n (See trial stipulation of judge Thomas Penfield Jackson; page 326-line
20—25, charge of the court. To vouched or stipulate for the Grand jury to
be falsed and expired search warrant in the falsity of the grand jury of
clearly established Constitutional rights does not give the defense attor-
ney absolute immunity nor qualified immunity nor does this act shield ind-
ividual with direct or indirect personal knowledge of this case is held t-
o stand trial of any part of this case whether now or in the near future
because the affidavit was defective of its merits is the reason the affid-
avit wasn't introduced into evidence as a requirement before a indictment

could be reach by the grand jury of all it's elements to make a ruling bas-
ed evidence obtain through legal means of the judiciary process. The affid-
avit since none of the Co-Defendant's names appeared on the affidavit which
renders the search and seizure and searched warranted and affidavit illega-
1 and defective.

Those who have some personal knowledge of this case whether now or in the f-
uture of the furtherance a conspiracy are held to pay the full amount of th-
at part, whether direct or indirect involvment.

In <u>Jones V. United States</u>, The Supreme Court, held, under the Due Process
Clause of the Fifth and 6th amendment and the notice and jury trial quaran-
tees of the Sixth amendment; any fact of criminal intent must be submitted
to the grand jury of 23 of their appearnances other than a prior  convicti-
on) that increases the maximum penalty for a crim must be charged in an in-
dictment, submitted to the grand jury, and proven beyond a reasonable doub-
t." In a trio of cases the Supreme Court in <u>Apprendi V. New Jersey</u>, 530
U.S. ____, 120 S. CT. 2348 (2000); <u>Jones V. United States</u>,and <u>Almendarez-
Torres V. United States</u>, 523 U.S. 224 (1998) affirmatively held by confi-
rming "any fact that increases the statutory maximum (other than a prior c-
onviction) Must be submitted to the grand jury and proven beyond a reasona-
ble doubt."

The Prosecution Teresa McHenry,Ausa that used evidence from the groved com-
partment; receipts of worked done on the car that was seized by officer Te-
rrence T. Welsh, on March 20, 1989 and March 21, 1989 and later given to t-
he prosecutor Teresa McHenry, from a dark blue Cadillac 1977 on March 20,
1989 and later used in a separate case on February 3, 1989 to convicted th-
at not connected in the Feb 3, 1989; evidence infer to convict are to show
clear error of bias and prejudice which is a <u>reversible error</u>. The prosecu-
tion that stipulates a conviction during the pendency of the trialed, of a
conviction that was dismissed in the Superior court on July 08, 1986, by j-
udge Tignor. Case number F-9529-85 and F-4550-86 were ran together concurr-
ently and later dismissed on July 08, 1986 and caniceled on July 11, 1986.
This also prejudice the Complainant, Henry L. Hill, and cause his Sentence-
d to be increased on 1-3-90 in the District Court. The prosecutor Richard
L. Edwards,Ausa; vouched for each Defendant's, on the witness stand gaved
a falsed Grand Jury reported on July 27, 1988; tainted both cases Feb 3, 1-
989 and March 20, 1989 at the pendency of plaintiff falsed indictment, bec-
ause the search warrant and affidavit had expired as well as being falsed,
the search warrant and affidavit was intended for a female, Marrietta Kitt-
rell, who rented out the apartment 3-years prior to any personal knowledge
of said person in question.

The Home Land Security; Patriot Act: Volume 1 and Volume 2; passed by the
Republican Party of a full Senate, as well as the Antiterrorist Act: are
to be suspended immediately; or a (Stipulation) by the Supreme Court, sta-
te otherwise. The Re-instatement of the Home Land Security; Patriot Act:
Volume 1, and Volume 2, passed by the Republican Party as well as the new
2255 passed in 1996 are to be suspended indefinitely, unless the Supreme
Court, state otherwise. The old 2255 to be reinstated and proraled at the
granting of this law suit. The Republican Party, and the Demoncratic Party,
and the Supreme Court, come to agreement of the Due-date of September 18,
2007, this new law will come into affect. All three measures of the Repub-
lican Party are to be suspended untill Sep. 18, 2007 or a (Indefinitely)
Suspension or dismissal are automatically put into affect on the (expired)
date of September 18, 2007. This new law will come into affect on Septemb-
er 18, 2007, unless a bill is pass by the full Senate and Demoncrated Part-

y and the Supreme Court, all come together of agreement, with an order from the Supreme Court state otherwise, this new currently law will come into to affect immediately. All Foreign Aid of National and International and demestic Countries, as well as the United States, and it Citisens, Congress and it Representatives are granted the full benefit to donate Foreign aid abroad and at home without any restrictions on Foreign Aid from foreign donor whether this person be a Citizen or Government officials Country or Nation, regardless of the Aount of Aid donated from that Country is a Constitutional right. The old 2255 is retroactive and prorale reinstated. This new rule of law, come under Article 98, Section 54, Clause 31. Statute 98652 (A)(2)(R)(1) taken together with provision 19452(1)(A)(4). This new rule of law, will come to fruition immediately, or the Supreme Court, state otherwise, why this law not be granted.

Lifted; all Embargo's that was officially withheld by Congressed, is to be re-instated of all foreign and domestic Aid, against unfair policies and laws practiced of the United States, against foreign Countries and Nations, Due to a stranglehold on foreign Aid, which leaved Cities and Towns and Nations in deplorable condition; squeezes all life out of the Government of foreign Aid of Nations and Countries that weaken the economic infrastructure of the Government which leaves the Country in ruins; also causes children and the elder's; as well as yound men and women to starved to death prematurely as well as destabilized the country ability to maintain itself by a unnecessary embargo of tax-payer's money, that could be better spent to strengthen the infrastructure of the United States of America, because racism hurt the rich, the weaked and the poor when laws are put into place to enforced laws to deprive other Nations countries out of thier livelyhood. Revenues that is loss, due to laws and policies that is used only for a control magnesium to starve those who are not fortune as America Government, because this country has a longed history of racism and discriminatory practices against people of color in Foreign Countries, which simply just can't be no longer ignored because we are not a country of a renegade Nation that uses it's influences to force our will upon Nations that we disagree with, because they are not strong enough to withstand the power of weapons of Mass-Destruction. The Supreme Court, are to Lifted all Restrictions on Embargo's of foreign domestic Aid of Countries and Nations by the United States, Supreme Court, or state otherwise, why this new current law should not be granted. This new law come under statute 98652(A)(2)(R)(1) taken together with provisions 19452(1)(A)(4).

---

Supplemental Amendment oool. Statute 85(B)(1) Supplement to the Oxyicodone amendment 657;

Supplement is an (Extension) of the Oxyicodone amendment which allow all restrictions to be removed immediately from the original Oxyicodone amendment passed by the Republican Congress in the Senate of a full Senate; Nov. 01, 2003. This Oxicodone amendment will clear-up any discrepancy of a full measures of Oxyicodone Amendment 657. This new amendment will automaically come into effect on the change in the new current law, granted by the Supreme Court, this new change inthe current law, will allow the Oxyicodone guidelines to extend in the year of 20015. Once this amendment has been violated by whatever official or Citizens of the United States, additional twenty years will take effect immediately to this amendment that will allow this new current change in the current law of the Oxicodone to expire in the year of 20035, due in part of the Supreme Court, granting this Oxyicodone to come into affect on the date of this order granted by the Supreme Court.

Cocaine, (PCP), Heroin, Firearms, Burglary, Bank Robbery, Sex Offenders,

Marijuana and drug abuse Sustence Etc, are those who come under the Sente-
ncing Guidelines range that will allow judge's those offenders to file a
additional 2255 without any restriction of (Retroactive) application of U.
S.C.A. Sentencing Guidelines amendment concerning Oxyicodone amendment oo-
01. Those who have a life Sentenced are to received a 10-year sentenced.
The Statute 85(B)(1) with provisions 5322 will allow the defendant's to f-
ile this new rule of law; the Oxyicodone amendment oool. 2255 into court
without retrictions. The District Court, has an obligation to make sure th-
at any violations by the Republican Congress or District Court or Appeals
Court, interfere of this new change in the current law, will automatically
be brought into court and charged criminally of this law suit, and pay dou-
ble for any violations of this new rule of law, will come into effect imme-
diately on the granting of the law by the Supreme Court. Those who come un-
der this new rule of law are also made avalible for the States and Federal
Government of the court, without restrictions, which will allow all defend-
ant's to received the (65% percent of the Full measures that give each def-
endants the opportune to receive the full measure without violations or ot-
herwise, the Republican party of courts will pay double for any violations
of this new law. A second violation will pay triple Etc; the amount withou-
t any exception. Any defendant's who has spent over his or her release dat-
e the Congress is obligated under the courts to pay the full amount accord-
ing to the new change in the current law. Violator's of any measure in thi-
s new law, will be brought to court and charged, and will stand trial, and
pay double or triple Etc. Unless the Supreme Court( Stipulate) why this ne-
w law not be granted, will come into affect immediately once granted by th-
e Supreme Court. No rules of this rule of law, are not to be violated or o-
therwise, this new rule will automatically be enforce to make those violat-
or's to pay the full measure of serve a prison sentence or both of the ext-
ension of the Oxyicodone of a new rule of law to expire in the year 20035
of violator's. Nov. 01. This new change in the Sentencing Guideline range
will extend the Oxyicodone to the year of Nov. 01, 20015, unless violated
this new law will expire in the year 20035. The rules of criminal conduct,
law enforcement Agency, all Federal and State Defendant's officials to co-
me under this new rule of law, are not to be violated of racism, sexism,
color of one's skin, prejudice, bias in District Court or Congress. Any di-
scriminatory practices will not be tolerated by the Republican party or
court of law; the District Court, violator's will pay double of any violat-
ion under new current law of the full measure of this sentencing Guideline-
s ranged.

New law is to come into effect immediately by the granting of this new law
by the Supreme Court, or otherwise, a (stipulation) by the Supreme Court,
will say why this new law should not be granted. When police arrested, de-
tained, suspect without probable cause or stopped a motor vehicle while d-
riving Black; are held to pay double, unless a (stipulation) by the "Supr-
eme Court,"say otherwise. This new rule of the law will come into effect
at the granting of this law suit by the Supreme Court. The police are held
liable for any act that violate Constitutional rights to be free of racism,
sexism, accissive force, prejudice or bias by police who stopped vehicle o-
n the Highways or in the Cities and States while driving Black, are held to
pay double for those acts that violates 8765(a) Amendment of the Constitut-
ional rights. The provision of this right come under 18C4(1) are held to p-
ay double if stopped without probable cause, must search warrant and affid-
avit to search any vehicle whether expired license or revoked license if t-
his can show ownership of the vehicle. The 4th Amendment are to be reinfor-
ce al levels of Government official's. This new law will come into affect
immediately on this certain date by the granting of this new current law,
by the Supreme Court. All vehicles that are pulled over and searched, with-
out a valid search warrant and affidavit of a court order from a judge or

Magistrate, for the reason being, are held liable to pay double for those violations that extend beyond the scope of the law. In plain view, Is not enough to stop motor vehicles when there is no other officer presence that can confirm or identify this particular item. Three or more police officers or officials are to witness this evidence, or otherwise, held liable for those acts that violates statute 8765(a) and provision 18C4(1). This right is held under the 4th amendment and Due Process of the Fifth Amendment. Police who search motor vehicles or houses or apartments etc, without a search warrant and affidavit, that go beyond the scope of the law, or with a search warrant and affidavit outside the judiciary court prpcedures that search warrant and affidavit is fruitless when evidence is seized that is not authorized by the District Court or any State court, or Federal judiciary process. Federal authorities who arrested suspect, are held liable for those acts that extend outside the judiciary court procedures, held by the State police criminal Devision, have nothing to do with the Federal Government because this act have already been denouced criminal by the States. A State statute is already in placed that a Federal statute make no sense when the States already have jurisdiction to enforce State criminal activities. The Federal statute of criminal procedure is illegal because Federal arsenal weapons of artilery, gun ships, firearms, explosive is illegal to sale to it Citizens of weapons of mass destruction. So therefore, the Federal override State criminal law, with a unnecessary Federal criminal statutes that are Delegated and in powered by the States. Federal Statutes of criminal law, 21 U.S.C. 841, 21 U.S.C. 851, 21 U.S.C. 846, 21 U.S.C. 922(g), 21 U.S.C. 924(C), Etc., are all illegal acts, of criminal Federal Procedure, and in violations of the Constitution. Jurisdictional-fact doctrine. Administrative law. The principle that if evidence is presented challenging the factual findings that triggered an agency's action, then a court will review the facts to determine whether the agency had authority to act in the first place. State jurisdiction. 1. The exercise of States-court authority. 2. A court's power to hear all matters of crimal procedure,criminal, arising within its territorial of criminal procedures within its boundaries. Because the States already have statutes and provisions already in placed, that the Federal Government has nothing to do with police power of criminal activities. **The** States controlled criminal activities of firearms, cocaine, (PCP), Mariyuana, Bank robbery, sex offenders etc., are all State crimes and have no Federal jurisdictional claims under State crime.

Unless the Supreme Court, (stipulate), this new law will come into affect immediately. Drugs statutes of Federal jurisdiction mentioned in this petition, are those statutes that are to be dismissed or expunged immediately or a (stipulation) by the Supreme Court, state otherwise, why this new rule of law not be granted. Not only is it the court(s)'duty, but its "obligation." Harris V. Ireland Insurance Corp. V. Compagnie, 456 U.S. 6-94, 72 L.ED. 2d 492 at 500-501 (1982). Without any element of jurisdiction being fully present, judges simply do not have unlimited power or any judicial power" to convict or sentence a defendant based upon ironous defective indictment; and without having a "jury" make the prior requisite assessment or determination on the essential element to be indicted by the grand jury before a person are to be incarcerated or sentenced base on falsed misleading information of Federal jurisdiction under the power of State criminal conduct, when the States has already enacted laws under Congressed to governed State affairs of (intermediate) commerce Clause, which the Federal Government lacked jurisdiction to enforce laws to convicted, based on State criminal statutes and provisions that is already in placed

of the States. Drugs, firearms, (PCP), Marijuana, Bank robbery etc. Are
all State criminal affairs. Moreover, as I have stated before, falsed i-
ndictment above, it is unconstitutional for the legislatures to enact a
statute (Section 21 U.S.C. 841, 21 U.S.C. 851, 21 U.S.C. 846, 21 U.S.C.
922(g), 21 U.S.C. 924(C), Etc.), is all State crime and have no Federal
jurisdiction, which removed those facts from the jury, when the Federal
override criminal State statutes with unnecessary Federal statute." App-
rendi. Along a similar vein, the Ninth Circuit has recently ruled that
the drug statute (Section 21 U.S.C. & 841, 21 U.S.C. & 846, 21 U.S.C. &
851 etc), is "unconstitutional exercised. "See Buckland V.   United Sta-
tes, 259 F. 3rd. 1157 (9th Cir. 2001). Against this backdrop, it is my
thoughtout position that all those who are currently confined for drugs
should be release from further confinement of illegal criminal activiti-
es which are not the concerns of Federal Government. States is well equ-
ipped to handle State enacted laws of State affairs of criminal activit-
ies of police power that legislationed has already put into placed of S-
tatutes and provisions that doesn't extend into Federal jurisdiction.

## Descendant's of Africa

Of those who (wish to Become) under Dual Citizenship; America blacks is
Africa  Descendant's kidnapped, and brought to America in chains and sep-
arated from thier forefather's over four hundard years ago which was tho-
roughly robbed of any history of thier forefathers, therefore, it is a F-
undamental right, according to America Trend-Atlantic-Slaved-Traded, who
have suffered inhuman, humiliation, tortured, rapped,murdered, worked un-
der treacherous condition of free labor, as well as Trend-Atlantic-Slave
ships, set selled, the slaved ships through the Middle Passaged, that us-
ed our children as merchandise; slave-trader's and slave-masters for ove-
r three hundred and ten years of brutal inhuman treatment under cattle s-
lavery from 1555 to 1965 so to closed a longed history of gapped of a en-
dless juorney inorder to bring together the unification of a destroyed p-
eople of a foster parent who did not loved the children up from slavery
between America and Africa, will come under a New Rule of Law; or otherw-
ise, the mental slavery, hardship will continued to permanent the hearts
and minds of people who have been astern for over four hundred years of a
broken and destroyedpeople that longed to be free of imperialism, sexism,
racism, and put in the same category of live stock; domestic animals as a
producted for sale. Will come under a new rule of law, or otherwise, a(st-
ipulation) of the Supreme Court, say otherwise, why this new rule of law
not be granted. Trend-Atlantic-Slave traded of the children of Africa Des-
cent of Dual Citizenship must be held by a standards of decency from the
pain and suffering of Descendant's of Africa to closed the gapped of a en-
dless waived of solitude-slavery inorder to bring together two Nations wh-
o have been emasculated or castrated; enfeeble, weaken and torns by the a-
les of time, which our rich pasted, of a once (great Nation of people) wh-
o no longer see themselves as a Master Builder's of (Great Citilizations)
That extend through eon's of time; disconnected of a nine thousand miles
journey that has never ended for blacks in America, under white Supremac-
y and black inferiority, which are the descendant's of Africa, because a
(Once Great Nation) are now in ruins, due to imperialism of white Suprem-
acy and black inferiority. It is through the pain of free labor; America
has cause a gapped between two Nations who no longer see themselves as b-
rothers and sisters, due to a completed brain washed that lift a empty v-
oid in our lives; Dual Citizenship is just a start. Will the lanscape of
America blacks and Descendant's of America. America and Africa, torns fr-
om Wars and slaved labor that allowed America to become the most power N-
ation on the Earth, to changed direction from the ills effects of slaver-

y: Inorder to lift a great people; to a void of life of emptiness of lost tribes and valliages between wars and slavery; cut off between Nations with very little hope of coming out of our condition, so Dual Citizenship, give America, the Great," and Africa a chance to join on to own inorder to closed the gapped that has disconnected from each other in believing that we are a different people, who can now become Citizens of a wider Nation of a broader community that give black people away to chose by right( as a fundamental right who was snatched in the middle of the night; fathers/mothers/sons/ and daughters; can now America give a better way to connect between Nations to bring together the unification of (310) three hundred and ten years; which is now nearly (450) years has passed since Trend-Atlantic-Slave-Traded, but yet our condition has not changed the way we views by Nations and Countries, whether at home or abroad, who have suffered the pained and shame the way we are seen all over the Earth, that give a negative emage of blacks, that the United States can no longer looked the other way, United States has an obligation to break the (silence) of our wretched conditions by joining two Nations together inorder to eleviate some of the pain by this new and current law, granted by the Supreme Court. Which the new law give our children, descendant's from slavery to bring about a end to (apathetic) like relationship that have wadged heavy tolled against the people of darker skin color that we no longer can just stand by and look the other way that three hundred and ten years wrapped away any knowledge that will connect the Descendant's of Africa back to thier own. This new rule of law, come under statute 6585(A)(B)(1)(3) and provision 6529(A)(B)(1)(H).

All prior convictions of new and old convictions are to dismissed or expunged indefinitely): especially Federal and State felony's and misdemeanors are to be dismissed or expunged (indefinitely) from previous convictions are those who come under jurisdiction of the United States, and those who once lived in the United States, who are now presently reside in foreign Nations and Countries that extend outside the United States are Citizens and those who became a Citizen of the United States, and those borned in America, and those who is a fugitive to justice and a warrant for your arrest, are to have all prior felonies and misdemeanors convictions beside the one that he or she is presently in prison or jail to have priors dismiss or expunge from thier case files of the judiciary process, and those who are wanted by the Federal and State Government are to have prior convictions expunge (indefinitely), unless a (stipulation), say otherwise, by the Supreme Court; this new current rule of law, will come into effect immediately, on a day certain, of the new change in the current law, which will be granted by the Supreme Court, or otherwise a (stipulation) is made to reflect any disagreement or lack thereof; state why this new rule of law should not be granted by the Supreme Court, the State conviction of firearms and weapons made of various kind outside of the States, and those made in the United States. The State and Federal courts does not have jurisdictions to enforce laws of State criminal conduct; guns dellers and purchases made outside the States, the guns are seized is not to be convicted because this act is a constitutional act for the judiciary of the State court. And those who buy and sale firearms of the United States, are not to be criminally charged, because this criminal conduct is only to received a ticket or a fined of the States, and not to be brought into the Federal courts tried and convicted for firearms or drugs because States have jurisdiction to enforce State criminal conduct, contained no Federal jurisdiction of the of the States, criminal statutes and provisions in the State that doesn't give Federal jurisdictions to enforce laws outside of the Federal jurisdiction of State crimes, where this individual could be charge criminally with a firearms are not to be criminally convicted, because

the Federal Government lack jurisdictions to enforce State criminal juri-
sdiction under criminal State Statutes that does not extend outside of t-
he International Water's, are not apart of the United States, and unnece-
ssary new Federal criminal law, lack jurisdictions to impose laws of pri-
vate Sector, because those States have thier own laws; statutes and prov-
isions that are not regulated by Congressed, because this criminal act h-
as already been denouced and criminalized by the States. Those who passed
through any State without a license to carry a firearms, those individuals
are to pay a fine or a ticket and not to be handed over to the Federal Di-
strict and charged criminally of a State crime. Fines or a ticket by Stat-
e controlled laws that if violated, States have jurisdiction to enforce t-
hier own criminal conduct, because the purchase of firearms of the private
Sector, does not have Federal jurisdiction of commercial activities, if f-
ound with a firearm, as long as that person can should a (bill) of sale to
own of gun ownership), of the purchase of firearms as well be licensed to
show ownership of Firearms. The Federal authorities lack jurisdictions to
impose laws of State jurisdiction who already contained jurisdiction who
of the private investors of the State, who buy and sale firearms for econ-
omics, because the Federal Government is a (none profit) organization that
rely on its Citizens that doesn't extend outside of the Delegated, and ju-
diciary power of interstate commerce Clause. <u>The death penalty in the Sta-
tes and the Federal Institutions are to be</u> (Abolished), <u>Indefinitely</u>, or
a (stipulation) by the Supreme Court, state otherwise. This new current
rule of law will immediately come into affect under a new State and Feder-
al statute 5786(A)(B)(1). And provision 9672(C)(B). The lower courts are
not to misconstrued this new current law, who the Federal Government lac-
k jurisdiction to enforced laws of the States when the States already ha-
ve jurisdiction of State criminal activities. Those who have spent a con-
siderable amount of time behind bars, for illegal statute of the death p-
enalty statute in the Federal prison or State prisons are to pay double
for those violations that supercede the guideline range. The Federal Gov-
ernment are not to infringe on State criminal conduct that has already d-
enouced this act to be criminal by States affairs that are regulated by
the States court system.

Job sector from private enterprise are not to discriminate against those
who seek employment of the private personelled sector, or those who alrea-
dy worked for a company, large or small, private companies are not to dis-
criminate of job promotions and benefits. Those who is up for promotions,
are not to be pass over with a less qualified employee or discriminate ag-
ainst or treated unfairly because of skin color of the person skin or sex-
ual preference or orentation or background. The death penalty in the Stat-
es are to be (Abolished), Indefinitely and those who are convicted of Mur-
der are to received a 15th year sentence, and those who sentenced under t-
he death penalty or received a (live sentenced) are to be resentence to a
15th year sentence. Murder's are to pay restitution as well received puni-
shment that doesn't (Supercede 15th year sentence), unless the Supreme Co-
urt, state otherwise. This new current law will immediately come into aff-
ect on the granting of this law suit. Those who violate this new and curr-
ent law, will pay double, for bias and prejudice of defense lawyer's, pro-
secutor's and judge's are not exampted, if found guilty who represent the
law or their Cliented or prosecutors who is found guilty of bias or preju-
dice or both, are to pay a heavy penalty of fine for any conviction of th-
is new law that violate the Constitution for discrimination of violator's.
The death penalty is to be abolished indefinitely, or a stipulation by the
Supreme Court, State otherwise. Those employer's who violate the new curr-
ent law are to pay double for labor discrimination, under law; that viola-
te clearly established Constitutional human rights, is to pay the full am-
ount. Thurgood Marshal; the Supreme Court, Justice, found Capital punishm-

ent unconstitutional. Manatory death penalty statutes are unconstitutional; especially Federal Government who have enacted statutes over State Criminal statutes; inorder to supercede State jurisdiction, it must be a substantial affect all over the United States, inorder for the Federal Government supercede State criminal State statutes because this act is already found to be unconstitutional by some States judge's and Federal officials alike. The courts has longed discriminated against persons of a diffferent background; especially young black males under the age 12 and over, and under 17th years of age are even younger; some as young as 12 years of age, who are now on death rowed. It haved been longed understood that mostly poor whites and poor blacks individual's who doesn't have money to afford attorney; will often time be found guilty because of incompettent lawyers based on skin color or class. Some of the courts appointed attorney(s) lack the professional skills to represent those who is in need of assistence of counsel or some have been found to be asleeped or drunked while being tried for murder, that can sometimes lose his or her life based on grossed negligence of unprofessional attorney(s) WORKED ETHICS. The new rule of law come under State statute 5786(A)(B)(1). And provision 9672(C)(B).

5673(a)(1)(B), will immediately go into affect on that certain date of this new change in the law, which are granted by the Supreme Court, or state otherwise, why this new law not be granted, or a (stipulation) are made by the Highest court of the land; state otherwise; why this new law should not be granted by the Supreme Court. Taken from page (1) of the current (19) nineteen defendant's are named in this law suit, is to remain in this complaint on page(1) IN THIS CASE, UNLESS THE Supreme Court make a (stipulation) of a dismissal of all defendant's who is presently before the District Court in this law suit, they will remain intact. Those who are not mention in this law suit, whether he or she no longer lived at the old address, the courts have a responsibility to make sure all of those who <u>have some involvment; direct or indirect</u>, to make sure he or she is brought back to court to stand trial for those acts that violates the Constitution. Those who lived at a new address, are not exempt from this notice of action in this law suit, regardless whether this person live in another State or City or country and; especially the 19th (nineteen) defendant's mention in this law suit, whether retired or not, or no longer worked for the Federal or State, are to be brought back to court to stand trial of his or her involvment of this case are to be place on the court docket sheet in this case who have some involvments of this related matter ; direct or indirect, conspiracy,of those who is not mention and those defendant's who is not named in this law suil, whether he or she no longer lived at old address, the judge and prosecution and other official's have a obligation to make sure these law breakers are brought into court to stand trial of any part that violate the Statute 5673(a(1)(B) that he or she have committed those criminal acts who have some involvments, direct or indirect who are not named, are to be added to this case, regardless of where he or she may presently lived in the United States.

Those who have any connection of this case are to be brought back to stand trial in court, so to be added in this compaint, whether this official is a judge, lawer for the defense, or prosecutor, Senate of the Republican party or Demoncrate or attornal General alike, are not above the new law put into placed under the United States of America, Constitution. The judge who is mentinn and those officials unnamed; especially judge's and prosecutor's is to pay the full measures if any violation of the new law of charges made of his or her connection of this law suit or a (stipulation)

is made by the Supreme Court, are those who is to stand trial on that particular date certain. Under discussion,(Secrete indictments in the United States, and in foreign countries is to have his or her old charges be dismiss from old pending case or expunge from thier records indefinitely.

Conspiracy, whether direct or indirect of Government officials witnesses are to stand trial for violations of the law, whether she or he knew or should have known, have some responsibility to investigate all information of statements made under oath by officials and those defendant's testify for the Government, are to make sure any information is to be confirm whether he or she is at worked for the Government or not, is not above the law. To pay the full measures of all violations under punitive and compensatory and nominal damages for the Government have some, if not all, responsibility to investigate all information before they testify for the District Court, or any other court procedure, for the Government. This charge's dismiss or expunged from his or her court docket; except the charge he or she is currently under. This new law is referred to those who have already broked the law, and have charge's pending against them of criminal activities. Those who testify for the Government are not exempt to investigate all statements made by the Government witnesses, or the private Sector, whether officials knew or should have known anything about the false evidence or to have some responsibility to investigate all leads that may or may not lead to a conviction of information, and not rely on words alone of Government witnesses who have known to lie in the pasted, who sometimes lie under oath. United States, who are borned Native who now presently lived in a foreign Nation or country that extend outside the United States, are to have all charges dismiss or expunge, this don't include those who are charged concerning this complaint.

### Legal Claims (1) 75 L.ED. 2d Briscoe  V.  Lahue, 460 U.S.

325

## Legal claims

(1) Civil rights & 12.5 Liability for infringement - police officer's immunity. 16a, 16b. There is no exception to the rule that police officer's are not immune from civil liability for damages under 42. U.s. & 1983. For alleged violation of another's constitutional rights even where the person asserting violation of his civil rights.

## Legal Claims

(2) CIVIL Rights & 13-withnesses-criminal liability. 18a, 18b. like prosecutor's and judge's, official witnesses may be punished criminally for willful deprivations of constitutional rights under title 18 U..S.C. & 242. Title 18 U.S.C. & 241. Conspiracy against rights; if two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, commonweath, possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same or state, any political subdivision of the State, or the District of Columbia.

## Legal Claims

(3) The right of the people to be secure in there persons, houses, papers, and effects against unreasonable searches and seizures, shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seize-

d. 4th Amendment of the Constitution.

### Legal Claims

(4) Nor be deprived of life, liberty, or property, without Due Process of law; nor shall private property, be taken for public use, without just compensation 5th Amendment of the Constitution.

### Legal Claims

(5) Right of accused in all criminal prosecution to be informed of nature and cause of accusation, to be confronted with witnesses against him, to have compulsory process for obtaining witnesses in his favor and to have assistance of counsel for his defense under this 6th Amendment are part of the "Due Process of law" that is quaranteed Amendment 14th of the Constitution.

### Legal Claims

(6) Right to jury trial in Federal Court, as declared by 7th Amendment. It is the basic to use proper discretion of court is invoked under rule 39, Federal rules of civil procedure, 28 U.S.C.A., COURT should grant jury trial in absence of strong and compelling reasons when the evidence is clear.

### Legal Claims

(7) The right to bail, no less than the right to a speedy trial and the right not to suffer an excessive sentence, is a fundamental right which States must protect and respect to the extent protected by the 8th Amendment. Eight Amendment's prohibition of cruel and unusual punishment is a right and must be protected under the Constitutional rights of its Citizens.

### Legal Claims

(8) Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor shall any State deprive any person of life, liberty, or prpperty, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law. 14th Amendment of the Constitution.

### Legal Claims

(9)
### Washington, D.C. Police First District Department

Did conspired violation of 42. Section & 1985(3), commit acts in furtherance of (2) conspiracy, scheme, or plan designed and intended to personally injure plaintiff and to, either directly or indirectly deny and deprive plaintiff right quaranteed by the United States Constitution and laws, particularly plaintiff's right to equal protection of the laws and equal privilege and immunities under the laws.

### Legal Claims

(10) Did in violation of 42. Section U.S.C. & 1986, have knowledge that illegal and unconstitutional acts had been committed and would likely be committed in the future, and having the power to prevent or did in the prevention of the commission of these acts neglected and refuse to exercise reasonable diligence to prevent such acts.

Affidavit to support all material facts of individuals of a accurate rep-
orted that extend from Feb 3, 1989 and March 20, 1989 and March 21, 1989.
All statements are true and accurate to the best of my knowledge and reco-
llection. Those individuals who is mention in this reported are those inv-
olved in a conspiracy against the Constitution of the United States.
28 U.S.C. & 1746. The Federal Indictment is a forgery, by officer Dea Wel-
ch and officer Terrence T. Welsh, was not in a acuratial grand jury form,
because the Indictment by the prosecutor's Richard L. Edwards,Ausa, prose-
cutor Jay B. Stephens,Ausa, prosecutor Roberto Iravla,Ausa, Prosecutor Te-
resa McHenry,Ausa, is a forgery, can not be substantiated of sustained by
the law of the falsity of the Grand jury; July 27, 1988; Grand Jury No.
88-1, was not held because I, The Petitioner, Henry Lee Hill was never un-
der any Grand Jury investigation of official's on July 27, 1988 that would
have given the prosecution the right to make an enquiry for a indictment
without prior knowledge of a crime being committed by plaintiff before ha-
nd, the plaintiff was safely secured/incarcerated at Minima Security Inst-
itution in Lorton Virginia, until my released dated, August 25, 1988 from
Minima Security prisoned complex. Grand Jury Clause. The Clause of the Fi-
fth and sixth Amendment to the United States Constitution requiring an in-
dictment by a Grand Jury before a person can be tried, arrested, convicte-
d, imprisoned: held, for criminal charged for serious offenses. The search
warrant and affidavited, had expired, from its original version from Janu-
ary 27, 1989 and executed on February 03, 1989, beyond the (72 hours) of
a requirement by law of a actual faked searched warranted and expired aff-
idavited. March 20, 1989 in a separate incidenced of the time the petitio-
ner was driving on expired driving permit that had been previously revoke-
d by metropolitan police Trasportation Department of safety, driving lice-
nsed, had expired and revoked: I was driving in the 3rd Street, Tunnel ar-
ound 6:00 P.M. in a 1977 dark blue Cadillac, under the decreased named,
Carry Miller, where officer Terrence T. Welsh and officer Serena Muse wer-
e involved in a Terry Stopped. Officer Terrence T. Welsh and officer Sere-
na Muse, in involved in the falsity of a forfeiture claimed, by officer T.
errence T. Welsh, seized property of Henry L. Hill, on March 20, 1989 of
$2,056. of u.s. currency. Forfeiture claimed was made up by officer Terre-
nce T. Welsh. The judge's named on the forfeiture is falsed. No judge eve-
r issued issued confiscation document. Officer James D. Wright and officer
Timothy S. Craggette. made a falsed Forfeiture claimed in the Superior Co-
urt, by a unknown judge. The $3,685.00 dollars was seized under falsed Pr-
etensed. Feb 3, 1989. 33 "K" Street. N.W., Washington. D.C. 20001. Ant.
¢211. The Falsed Grand Jury indictment; there was no search warrant and a-
ffidavit for Henry L. Hill. the searched warranted and affidavit was inte-
nded for some else. Marriatte Kittrell. The affidavit was never used to s-
eized personal property, on Feb 3, 1989 and March 21, 1989 and March 21.
1989, the vehicle under the named Carry Miller, the searched of the vehic-
le was conducted on three separate occasions on. March 20. 1989 and March
21, 1989, and Feb 3, 1989 was used in a cross-contamination of a poisonou-
sness tree doctrine, which March 20. 1989 and March 21. 1989 officer Terr-
ence T. Welsh, seized evidence out of the groved compartment of the 1977
dark blue Cadillac was used by prosecutor Teresa McHenry, Ausa to infer
into separate case for evidence of receiepts done on the car. Feb 3, 1989
in two separate incidences on Feb 3, 1989 and March 20. 1989. The Drug te-
sted was not done by MID-Atlantic, Washington. D.C. AS THE PROSECUTION in-
tended, in both cases or any other drug Lab. In two separate heated-seale-
d bags on two separate dates, Feb 3, 1989. March 20, 1989 and March 21, 1-
989. $2,2056. was seized by officer Terrence T. Welsh, on March 21, 1989
to be used as evidenced on March 21, 1989 which the day before seized as
personal property on March 20. 1989 and seized as evidenced a day later M-
arch 21. 1989. Eugene Welsey.Jr., Chief probation officer, Arnold L. Hunte-
r Deputy Chief probation officer. Phillip N. Burgest U.S. probation office-

r; Supervising U.S. probation officer reported is a falsed document. can not be supported. substantiated or sustained by the facts.

28 U.S.C. & 1343 (a)(1)(2)(3)

Civil rights and elective official's

(a) The District Courts shall have original jurisdiction of any civil action authorized by law to commence by any person. (1) to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a Citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Section & 1985 of title 42; (2) To recover damages from any person who fails to prevent or aid in preventing any wrongs mentioned in Section & 1985 of title 42. which he had knowledge were about to occur and power to prevent:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privileg or immunity secured by the Constitution, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of Citizens or of all persons with in the jurisdiction of the United States.

(Per Curiam)

Petitioner, an inmate at the F.C.I. Gilmer institutios, Glenville, West virbineh, commenced this action against the District of Columbia anf othofficer and 28 U,S. $ 1343(3), SEEK TO RECOVER DAMAGES FOR CLAIMS injuries and deprivation of rights while incarcerated under a judgment not challenged her doing the course of the trial.

<u>Legal Claims</u>

(11) There is this unwritten rule in America, that a black man in this country is suppose to lie down and just accept it when he is kicked, that when one person's rights are infringe upon or trampled all our rights are endangered even the rights of this poor black so-called underclass because as we treat one another with undue agony and pain the whole world over; we all one in the same humanity without regard to one another suffering to satisfy our trist for wicked purposes. One can not touch one of us, without touching all of us. America justice may be blind to the reality of policies and laws geered toward a specific people. If our eyes are close to the reality of one another being endangered of fear that God is a just God and if we continue on this course, our country is doom to perish under the same circumstances which we live by. Even the rights of this poor black man. Deserved to be heard in according to the law even if our eyes are close to the reality of one another. If you only can see colors without the support of each other, we will soon come under anarchy with only ourselves to blime. If you see me as criminal you must ask yourself when have I did the right thing. We are a strong people who has built your country over a three hundred year period without any compensation' when have you done a just thing. If you deprive me of the right to hear my plead, how can I willfully ask for justice when I am only seen from the color of my skin, not for the man I am. So less not your heart be troubled because as I see myself, we should all see each other one a level of continue down fall.

## Equal Protection and Due Process are guaranteed under (5th and 14th Amend.)

Government can not make or enforce any law to deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction, the equal protection of the law, due process as defined under the Fifth (5th amendment, means the right to be heard in a meaningful manner and a meaningful time. The right to have the issue Constitutionally conducted. The right to cross-examine witnesses of the accused. The right to bring witnesses on my own behalf. Plaintiff is invoking his right under the Fifth (5th amendment; Johnson V. Avery, 393 U.S. 483, 21 L. ED. 2d 718, 95 S. CT. 747. Like others, personers have a Constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts.

## What is the Constitution?

A Constitution is the system of basic laws in a country. These laws state the right of the people and the powers of Government. The Constitution of the U.S. is the oldest one in the world. It was written in 1787. The U.S. Constitution had to be approved by the States. IT was adopted in 1789. The U.S. Constitution had to be approved by the States. It was adopted in 1789.

## What are some of my rights as a Citizen of this Country?

The U.S. Constitution states that no matter how much money you have, what your race is, or whether you a man or a woman, you have the same rights and privileges as any other Citizen of this Country. Plaintiff are not asking for favor, only a fair hearing of grievances that wasn't meet doing the time plaintiff was on trial. Any justice that the Government consider to be just and fair. Life is short' time is at hand.

## Equity

Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparable injured by the conduct of the Defendant's and their agents, long after the court grants the declaratory and monetary injunctive relief which Plaintiff seeks. Plaintiff will amend this civil action is directed to do by this honorable court.

## Relief Soughted

Wherefore, in consideration of and on the basis of the facts set forth, plaintiff respecially petition this court for the following relief: (1) That plaintiff be awarded damages in the amount of 43,000,000,000 billion or more dollars) $43,000,000,000. Billion or more dollars. From each every defendant's, for the violations of his right to be free from cruel and unusual punishment: And the Wanton infliction of pain, emotional distress, and mental anguish, which is guaranteed to him by the eight (8th and fourteen (14th) Amendments of the United States Constitution. The majority voted of the the Supreme Court of 6 to 3 or greater is the full amount. And the each and every defendant's be ordered to pay the full amount plaintiff compensatory damages, punitive damages, monetary compensation and nominal damages in the amount of $43,000,000,000 or more(forththree billion or more dollars ), for the violation of his protected right, and clearly established Constitutional rights of the eight (8th) and fourteeth (14th) Amendments of the the United States Constitution. Additional relief: General damages for men-

tal and emotional anguish. Punitive damages for annoyance and anxiety, or set a date for trial by jury (7th amendment). 2) that the court enter a declaratory judgment pursuant to title 28 U.S.C. 2201, declaring unconstitutional, the acts and conduct described, Supra, and that a perliminary and permanent injunction relief be issued against defendant's and their agents. (3) That plaintiff be granted the costs of this action, including attorney's fees and such other, and further relief as this court may deem proper. Or in the alternative, set a date for a trial by jury. Justicia omibus. Falsed Grand jury indictment; falsed indictment of the trial court.

18 U.S.C. & 1622. Subornation of perjury; 18 U.S.C. & 1623. False declarations before falsity og Grand jury or court; 18 U.S.C. & 1621. perjury generally:

Whoever (18 U.S.C. & 1621. Perjury generally (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, disposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or (2) in any declaration, certificate, benification, or statement under Section 28 U.S.C. 1746, of title 28, United States code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more that five years, or both. This Section is applicable whether the statement or subscription is made within or without the United States.

### Title 18 U.S.C. & 1622. Subornation of perjury

Whoever procures another to commit any perjury is guilty of subornation of perjury, and shall be fined under this title or imprisoned not more than five years, or both. The Grand Jury Clause, forbids any one to be held unconstitutionally, or imprisoned, for a certain period of time without Due process of the law. To give instruction to an officer to know to be falsed, and infer it as though a grand jury was held, to be falsed, to give clerk stenography gave a falsed shorthand writing dictation to transcribe, as to infer into a grand jury particupante July 27, 1988, Grand jury No. 88-1.

### Title 18 U.S.C. & 1623. False declarations before falsed grand jury or court

(a) Whoever under oath ( or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under Section 28 U.S.C. & 1746 of title 28, United States code) in any proceeding before or ancillary to any court or false grand jury of the United States knowingly makes any false material declaration or makes any false material declaration, or makes or uses any other information to know to bw false, including any book, papers, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both. (b) This Section is applicable whether the conduct occurred within or without the United States. (C) An false indictment or information for violation of this Section alleging that, in any proceedings before or ancillary to any court or false grand jury of the United States, the defendants under oath has knowingly made two or more declarations, which inconsistent to the degree that one of them is necessary false, need not specify which declaration iffalse

if (1) each declaration was made within the period of the statute of limitation for the offense charged under this Section. In any prosecution under this Section, the falsity of a declaration set forth in the false indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilable contradictory declarations material to the point in question in any proceeding before or ancillary to any court or false grand jury. It shall be (D) proof beyond a reasonable doubt under this Section is sufficient for conviction. It shall not be necessary that such proof made by any particular number of witnesses or by documentary or other type of evidence.

Rule 3. <u>Commencement of action</u>. A civil action is commence by filing a complaint with the court.

Rule 4. Summons and complaint:
(e) Service upon individuals within a judicial District of the United States. Unless otherwise provided by Federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, made be effected in any judicial District of the United States: (1)(2).

Rule 8(a) General rules of pleading

(a) Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitleed to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Rule 12. Federal rules of criminal or civil procedures; extent of applicability.
_____

In no procedure is specially prescribed by these rules, the District Court may proceed in any lawful matter not inconsistent with these rules, or any applicable statute, and may apply the Federal rules of criminal procedure or the Federal rules of civil procedure, whichever it deems most appropriate, to motions filed under these rules.

Affidavit to support all material facts that applicable under penalty of perjury 28 U.S.C. & 1746.
_____

All sets of facts are those to relate to statement made under oath of my recollection and belief. I have read all set of facts and know of its contents to be true and accurate. This Affidavit is to serve as bond in support of all set of facts that relates to this case before the court of law. The judge or prosecutor, defense attorney, or private Citizen should review all set of facts are true, unless the opposing parties submit his or her affidavits disputing those facts to proved all set of facts is false or otherwise, the judge or magistrate will automatically lean in favor of the complainant, Henry L. Hill.

See extension on page (    ) Statute 6585(A)(B)(1)(3) And provision 6529(A)(B)(1)(H).
_____

The private Sector of Employee's are not to be discriminated against thier

employee for for performance of promotions and pay increases of incentive as well as the minimum wadge's at $8.95 and hour of the United States, Supreme, say otherwise, this new rule of law is guaranteed and not to be override by unfair minimum wadge worke forced of the private and Federal labor law of the job sector and State Government. Job evaluation for promotions of benefits whether this person is a male or female or elder person or youth, not to be discriminated against. Summer jobs for the youths of Minimum wedge pay height. Jobs will provide training for yound adults who seek employment from employer's who provide incentive of training on the job that give young adults a chance to worked. Job discrimination as well as bias or prejudice are held to pay double for any violation on the job. Sex discrimination base on sexual orentation or preference is against this new current law. Job opening for those who seek employment are qualified persons are not be over looked for a less qualified person; job discrimination based on disable persons or handicap persons, not to be over looked for those who have better health conditions or those who skin color look over or pass up, do to a unhidden policy that favor whites employee's over people of color. Discrimination based on rules and regulations that are not presently known outside of those who worked behind the seen, that don't allow people of color who seek employment. Those who have experience in the fields of skilled professional persons, and job training for unqualified persons are not to be pass over by thier employer's. The color of youser skin does not determined your qualification of a skilled worker, or those who is less qualified. The Federal Government and State Government are not to discriminate, are over looked for those qualified persons for employment. Job discrimination and job replacement persons who have worked for a determine amount of time, but was forced to retired or resigned based age or sex or sexual preference, and promotions are to pay double for any act that violates clearly established Constitutional rights. Fail to hire because of sex, age or skin color are to pay double for any infraction that violates the right to be free of racism, sexism, job discrimination; especially trained skilled workers of those who qualify for a job, but are discriminated against, base on age or sex. CEO's as well as management professional skilled workers are not to be over looked for a less qualified person.

<u>Certificate of service</u>

I, hereby, confirm all set of facts are true and actual to the best of my knowledge and recollection and belief. The foregoing mailed, will be mail to the clerk of the courts, to be placed on file to be recorded or placed on the computer, which is the proper procedure of the letter of the law, and as well as such time, the courts is to returned a copy of the stamped document or motion to show proof of service, inorder to make the records to reflect the rules of civil procedures policy regulations of orders from the courts.

NOTARY PUBLIC OFFICIAL SEAL
BRAD D SHINGLER
State of West Virginia
Federal Correctional Institution-Gilmer
My Commission Expires
July 24, 2016
P.O. Box 6000
Glenville, WV 26351

Respectfully Submitted,

Henry Lee Hill #14661-016

Under penalty pf perjury 28 U.S.C. & 1746. Dated: 01-19-07

In the United States District Court
for the District of Columbia


Henry Lee Hill
        Plaintiff, Pro Se Litigant.

        VS.

James D. Wright, et al.,
Defendant's for the Government.

        "Lack jurisdiction of Federal authority to exercise sovereignity
        of State regulation; Interstate commerce Clause..."Lopez." Arti-
        cle 1, Section 8, Clause 3.


"Indeed, on this crucial point, the Majority and Justice Breyer agreed
in principle that the Federal Government has nothing approaching a po-
lice power, "United States V. Lopez, 514 U.S. 131 L.ED. 2d 626, 115
S. CT. 1624 (5th Cir. 1995). Article 1, Section 8, Clause 3.


    District of Columbia Sovereignity acts as a State, for the purpose
    of a State Actor." Congress cannot Delegate to the District of Col-
umbia power to regulate commerce between the District of Columbia, a-
nd the States. Under Stoutenburgh V. Hennick, Dist. Col. 1889, 9 S.
CT. 256, 129 U.S. 141, 32 L.ED. 637.


Federal Government of commerce Clause has no criminal element of State
criminal affairs of commercial activities of private domestic economic
of Interstate commerce Clause. "Civil rights Complaint of illegal just-
ice of its sovereignity..... criminal conduct rests with the States.

Miller V. Howe Sound Min. Co., D.C. Washington, D.C. 1948, 77 F. Supp.
540; Citl of Atlanta V. National Bituminous Coal Commission, D.C. D.C.
1939, 26 F. Supp. 606, Affirmed 60 S. CT. 170, 308 U.S. 517, 84 L.ED.
440.

United States   V.   Lopez, 514 U.S. 131 L.ED 626, 115 S. CT. 1624 (5th Cir. 1995); The United States District Court for the Western District of Texas, denying the accused's motion to dismissed the indictment, concluded that the act was a Constitutional exercise of Congress's power to regulate activities in and affecting commerce, and that the business of Elementary, Middle, and High School's affect interstate commerce. The accused was then tried in the District Court and convicted of violating the act. The accused Appealed, power of Congress to Legislate under the commerce Clause of the Federal Constitution Article 1, Section 8, Clause 3. The United States Court of Appeals for the Fifth Circuit agreed and reversed, holding that in light of what the court characterized as insufficient congressional findings and legislate history the act, in the full reach of its terms, was invalid as beyond the power of Congress under commerce Clause (2 F. 3d. 1342).

Commerce regulation by Congress, under the Federal Constitution's commerce Clause, Article 1, Section 8, Clause 3. May regulate three broad areas of activity. Tax Court, Juvenile Court, Superior Court. (1) The use of the channels of interstate commerce. (2) The protection of the Instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the treat may come only from interstate activities, and (3) Those activities that substantially affect interstate commerce; where economic activity substantially affects interstate commerce, congressional legislating that activity will be sustained. The United States Constitution establishes a system of Dual Sovereignty. Prihtz V. United States, 521 U.S. 898, 918 (1997); Gregory V. Ashcroft, 501 U.S. 452, 457, (1991), one hundred and thirty years ago, the court explained the necessity of the Dual System the people of each State compose a State, having its own Government, and Endowed with all functions essential to separate and independent existence, without the States in the Union, there could be no such political body as the United States, not only therefore, can there be no loss of separate and independent Autonomy to the States, through the Union under the Constitution, but its may be not unreasonable said that the preservation of the States, and the maintenance of their Governments, are as much within the design and care of the Constitution as the preservation of the Union and the maintenance of the National Government. The Constitution, in all its provisions took to an indestructible Union, compose of indestructible States."

## A. United States V. Lopez;

Commerce Clause, Congress does not have unlimited ability to use criminal jurisdiction for Federal criminal statutes must have come Nexus to a Federal Constitutional power of Nexus is often found in the commerce Clause; Article 1, Section 8, Clause 3. Of Constitution for the Congress power to "regulate commerce with the authority, and among the several States, and with the Indian Tribes. U.S. Constitution Article 1, Section 8, Clause 3. This language, commonly rejected to as the commerce Clause give Congress the power to regulate three broad categories of activity; (1) That involving the use of channels of interstate commerce; (2) That involving International States comes since Lopez. Courts have been wary of Federal indictments charging local crime. For example, in United States V. Pappadopoulos, 64 F. 3d. 522 (9th Cir. 1995); the court accepted the defendant's as applied challenge to the Federal arson statute, holding that the Government failed to demonstrate the requisite jurisdictional connection required to sustain Federal jurisdiction. ID. At 528; See also United States V.

**Denalli**, 73 F. 3d. 328, 329 (11th Cir. 1996) (following Pappadopoulos. And holding that arson of a residence did not satify jurisdictional requirement under the circumstances)" United States V. Paredes,950 F. Supp. 584 (S.D.N.Y. 1996) (dismissing indictment under the Federal murder-for-hire statute, and holding that the use of an interstate Telephone pager was an insufficient interstate Nexus to establish the jurisdiction threshold). The breadth of the interstate commerce theories proffered by the Government was of great concern to the court. Under the theories that the Government presents in support of & 922(g), it is difficult to perceive any limitation on Federal power; even in areas such as criminal law enforcement or education where States historically have been sovereign.These, if we were to accept the Government's arguments, we are hard-pressed to posit any activity that Congress is without power to regulate.

The court found the Statute to be an unconstitutional exercise of power because to hold otherwise would, require us to conclude that...there will never be a distinction between what is truly National and what is truly local."ID. At 567-68 (citation omitted). Is Lopez. The court held that Congress could regulate a noncommercial interstate activity under its commerce power if the activity a close and substantial affect on the economy inorder for the Federal Government Override State State Statute with unnecessary Federal Statute. Interstate agreement, is interstate commerce commercial activities. The relationship is based on the respect of laws and policies that allow the State Government to regulate criminal conduct affect on or relationship to, interstate commerce. Lopez. 514 U.S. At 558-59, 561-62. The court rejected the Government's argument that crime in general has negative affect on interstate commerce, and cautioned against pilling " inference upon inference in a manner that would bid fair to convert Congressional authority under the commerce Clause to a general police power of the sort retained by the States. "Lopez. 514 U.S. At 567. Thus, for the Federal Government to assert that it has an interest in noncommercial interstate activity, the Government must show that the activity has a close and substantial affect on interstate commerce inorder to override State control criminal activity under State criminal statute. See e.g., ID. At 558; United States V. Pappadopoulos; 64 F. 3d. 522, 514-27 (1995). States, Territories, and possessions Federalism-criminal law. Under the Federal System, the States possess primary authority for defining and enforcing the criminal law; when Congress criminalizes conduct already denounce as criminal by the States, it affect a change in the Sensitive relation between Federal and State criminal jurisdiction.

Commerce between States are not regulated by Congress although a determination whether an interstate activity is commercial or noncommercial, in respect to the validity-under the Federal Constitution's commerce Clause, Article 1, Section 8, Clause 3, - of Congressional regulation of the activity, may in some cases result in legal uncertainity; and although, so long as Congress authority is limited to those powers enumerated in the Constitution, and so long as those enumerated powers are interstate as having judicially enforceable outer limits. Congressional Legislation under the commerce Clause always will engener legal uncertainity, this uncertainity is mandated by the Constitution by the withholding from Congress of a plenary police power that would authorized enactment of every type of legislate.

United States District Court; does not have authority to regulate laws Governing other States; which exceeds the authority of Congress to regulate commerce among the several States under the Federal Constitution's commer-

United States District Court; does not have authority to regulate laws g-
overning other States; which exceeds the authority of Congress to regula-
te commerce among the several States under the Federal Constitution's co-
mmerce Clause, Article 1, Section 8, Clause 3., in that the act (1) Is n-
either a regulation of the use of the channels of interstate commerce no-
r an attempt to prohibit the interstate trasportation of a commodity thr-
ough the channels of commerce, (2) Cannot be justified as a regulation by
which Congress has sought to protect an intrumentality of interstate com-
merce or a thing in interstate commerce, and (3) Cannot be sustained as
a regulation of an activity that substantially affects interstate commer-
ce, because (a) The act is criminal statute that by its terms has nothin-
g to do with commerce or any sort of economic enterprise and is not an e-
ssential part of a larger regulation of economic activity in which the r-
egulator scheme could be undercut unless the interstate activity were re-
gulated, possession of a firearm in a local District of Columbia that ac-
ts as a State for the purpose of a State Actor that travel through sever-
al local States before entering the District of Columbia is no sense an
economic activity might through repetition elsewhere, substantially affe-
ct any sort of interstate commerce, which is interstate agreement betwee-
n Federal and State Government not to interfere with criminal activities
of the States because the States already contained jurisdiction to regul-
ate State criminal conduct, and the act, therfore may not be sustained u-
nder prior United States Supreme Court cases upholding regulations of ac-
tivities that arise out of or are connected with a commercial transaction
which viewed in the aggregate substantially affects interstate commerce,
(b) the act contain no jurisdictionally element of criminal Federal sove-
reignty, because the States have already denouced this act to be criminal
by the States. Police power by States have been criminalized for those ac-
ts that the criminal State is already been inacted which the Federal has
to have a substantial affect on State crime inorder that federal (overrid-
e0 state criminal law under the statute. These, if we were to accept the
Government's arguments, we are hard-pressed to posit any activity that C-
ongress is without power to regulate State criminal activity; indeed the
Federal Government are limited to State criminal activity because the Fed-
eral Government no criminal element that would give Federal Government to
supercede State Criminal law under the State statute.

Lopez., 514 U.S. At 564

The court found the statute to be an unconstitutional exercise of power
because to hold otherwise, would, require us to conclude that...there wi-
ll never be a distinction between what is truly National and what is tru-
ly local . " ID. At 567-68 (Citations omitted). is Lopez. The court held
that Congress could regulate a noncommercial interstate activity under i-
ts commerce power if the activity a close and substantial affect on, or
relationship to, interstate commerce. Lopez. 514 U.S. At 558-59, 561-62.
The court rejected the Government's argument that crime in general has a
negative effect on interstate commerce, and cautioned against pilling "
Interference upon interference in a manner that would bid fair to convert
congressional authority under the commerce Clause to a general police po-
wer of the sort retained by the Staes." Lopez. 514 U.S. At 567. Thus, fo-
r the Federal Government to assert that it has an interest in noncommerc-
ial interstate activity, the Government must show that the activity has
a close and substantial effect on interstate commerce. See e.g., ID. At
558; United States  V.  Pappadopoulos; 64 F. 3d. 522, 514-27 (1995). St-
ates, Territories, and possessions Federalism-criminal law. Under the Fe-
deral System, the States possess primary authority for defining and enf-
orcing the criminal law; when Congress criminalizes conduct already den-

ouced as criminal by the States, it effect a change in the sensitive rela-
tion between Federal and State criminal jurisdiction.

Commerce between States are not regulated by Congress although a determin-
ation are made whether an interstate activity is commercial or noncommerc-
ial, in respect to the validity-under the Federal Constitution's commerce
Clause, Article 1, Section 8, Clause 3, - of Congressional regulation of
the activity, may in some cases result in legal uncertainity; and althoug-
h, so long as Congress authority is limited to those powers enumerated in
the Constitution, and so long as those enumerated powers are interstate a-
s having judicially enforceable outer limits, congressional legislation u-
nder the commerce Clause always will engender legal uncertainity, this un-
certainity is mandated by the Constitution by the witholding from Congres-
s of a plenary police power that would authorized enactment of every type
of legislate.

United States District Court; does not have authority to regulate laws Go-
verning other other States; which exceeds the authority of Congress to re-
gulate commerce among the several States under the Federal Constitution's
which is an illegal exercise to infringe on State criminal Statutes of co-
mmerce Clause, Article 1, Section 8, Clause 3, in that the act (1) is nei-
ther a regulation of the use of the channels of interstate commerce nor a-
n attempt to prohibit the interstate trasportation of a commodity through
the channels of commerce, (2) Cannot be justified as a regulation by whic-
h Congress has sought to protect an intrumentality of interstate commerce
or a thing in interstate commerce, and (3) Cannot be sustained as a regul-
ation of an activity that substantially affects interstate commerce, inor-
der to override State criminal Statutes, because (a) The act is criminal
statute that by its terms has nothing to do with commerce or any sort of
economic enterprise and is not an integral part of the Federal regutory t-
hate would be essential part of a larger reguation (emphasis added) Such
as foreign Nations and Governments and Countries of economic activity in
which the regulatory scheme could be undercut commercial commodities of
the International and National entrepreneur under the private Sector, unl-
ess the interstate activity were reglated, possession of a firearm in a l-
ocal District of Columbia that acts as a Statute for the purpose of a Sta-
te Actor; activity that travel through several local States before enteri-
ng the District of Columbia is in no sense an a Federal Government aconom-
ic activity that might through repetition elsewhere, substantially affect
any sort of interstate commerce; which is interstate agreement, which wou-
ld give Federal authority power to (override State Criminal statute with
a new and unnecessary Federal statute. Interstate commerce is interstate
agreement between Federal and State Government; not to interfere with cri-
minal activities of the State criminal conduct, because the States alread-
y contained jurisdiction to regulate State criminal and commercial activi-
ty, and the act, therefore may not be sustained under prior United States
court cases upholding regulations of activities that arise out of or is c-
onnected with a commercial transaction which viewed in the aggregate subs-
tantially affects interstate commerce, (b) The act contain no Federal jur-
isdiction 18 U.S.C. & 922(g) The act neither regulates a commercial activ-
ity nor contains a requirement that the constructive possession be connec-
ted in any way to interstate commerce.

The Supreme Court hold that the Constitution creates a Federal Government
of enumerated powers. See U.S. Constitution, Article 1, Section 8, Clause
3. As James Madison wrote, " The powers Delegated by the proposed Constit-
ution to the Federal Government are few and defined. Those which are to r-
emain in the State Government are numerous and indefinite." The Federal n-
o. 45, pp 292-293 (C. Rossiter ed 1961). This Constitutionally mandated d-

ivision of authority "Was adopted by the Framers to ensure protection of our fundamental liberties." Gregory V. Ashcroft, 501 U.S. 452, 458, 115 L.ED. 2d 410, 111 S. CT. 2395 (1991) (Internal qoutation makes omitted)." Just as the separation and independence of the coordinate branches of the Federal Government serve to prevent the accumulation of exercive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyanny and abuse from either front."

I did. The Constitution Delegates to Congress the power "to regulate commerce with foreign Nations, and among the several Tribes." U.S. Constitution Article 1, Section 8, Clause 3. The court, through Chief Justice Marshall, first defined the nature of Congressed, commerce power in Gibbons V. Ogden, 9 Wheat 1, 989-190, 6 L.ED. 23 (1824):

"Commerce, undoubledly, is traffic, but it is something more; it is intercource. It describes the commercial intercourse between its branches, and is regulated by prescribing rules for carrying on that intercourse." The commerce power " is the power to regulate; that is, to prescribe the rule by which commerce is to be Governed. This power, like all others vested in Congress, is complete in inself may be exercise to its utmost extend, and acknowledges no limitations, other than are prescribed in the Constitution." At 196, 6 L.ED. 23, the Gibbons court however, acknowledged that limitations on the commerce power are inherent in the very lanuage of the commerce Clause. "It is not intended to say that these words comprehend the commerce, which is completely internal, which is carried on between man and man in a State, or between different parts of the same State, and which does not extend to or affect other States. Such a power would be inconvenient, and is certainly unnecessary." Comprehensive as the word 'among' is, it may very properly be restricted to that commerce which concerns more States than one...The enumeration presupposes something, if we regard the language or the subject of the Sentence, commerce of a State." ID., At 194-195, 6 L. ED. 23. For nearly a Century thereafter, the court's commerce Clause decisions dealt but rarely with the extent of Congress power, and almost entirely with the commerce Clause as a limit on State legislation that discriminated against interstate commerce. See, e.g. Veazie V. Moor, 14 How 568, 573-575, 14 L.ED. 545 (1853). See also L.ED. Tribe, American Constitutional law 306 (2d. ed. 1988). Under this line of categories of activity such as "production, " manufacturing, " and " mining" were within the province of State Government, and thus were beyond the power of Congress under the commerce Clause. See Wickard V. Filburn, 317 U.S. 111, 121, 87 L.ED. 122, 63 S. CT. 82 (1942) describing development of commerce Clause jurisprudence). "The power of Congress our interstate commerce is not confined to the regulation of commerce among the States. It extended to those activities interstate which so affect interstate commerce or the exercise of the power of Congress our it as to make regulation of them appropriate means to the attainment of a legitimate end, the exercise of the granted power of Congress to regulate interstate commerce." ID., At 118, 85, ed. 609, 61 S. CT. 451, 132 A. L.R. 1430. See also United States V. Wrightwood Dairy Co., 315 U.S. 110, 119, 86 L.ED. 726, 62 S. CT. 523 (1942) (The commerce power "Extends to those intrastate activities which is a substantial way interfere with or obstruct the exercise of the granted power").

"We now turn to consider the power of Congress, is the light of this framework, to enact & 922(g). The first two categories of authority may be quickly disposed of: & 922(g) is not a regulation of the use of the channels of interstate commerce, nor is it an attempt to prohibit the interstate transportation of a commodity through the channels of commerce; nor can & 922 (g) be justified as a regulation by which Congress has sought to protect an intrumentality of interstate commerce or a thing in interstate commerce.

This; if & 922(g) is to be sustained, it must be under the third categor-
as a regulation of an activity that substantially affects interstate com-
merce.

Section & 922(g) is a criminal statute that by its terms has nothing to
do with "commerce" or any sort of economic enterprise, however, broadly
one might define those terms. Section & 922(g) is not an essential part
of a larger regulation of economic activity, such as International and N-
ational alike, in which the regulatory sceme could be undercut unless th-
e interstate activity were regulated. It cannot, therfore, be sustained
under our cases upholding regulation of activities that arise out of or
are connected with a commercial transaction, which viewed in the aggrega-
te, substantially affects interstate commerce.

S. CT. 1710 (1993) (qouting Engle  V.  Isaac, 456 U.S. 107, 128, 71 L.ED.
2d 783, 102 S. CT. 1558 (1982); See also Screws  V.  United States, 325
U.S. 91, 89 L.ED. 1495, 65 S. CT. 1031, 162 ALR 1330 (1945) (Plurality o-
pinion) ("Our National Government is one Delegated powers alone. Under o-
ur Federal System the Administration of criminal justice rests with the
States excepts as Congress, acting within the scope of those Delegated p-
owers, has created offenses against the United States") When Congress cr-
iminalizes conduct already denouced as criminal by the States, it effect-
s a "change in the Sensitive relation between Federal and State criminal
jurisdiction." Encroach. To advance beyond proper, established, of usual
limits, make gradual inroads, dictatorship of the majority in encroachin-
g on the rights of the individual States. 2. To trespass upon the proper-
ty, domain, or rights of another, especially stealthily or by gradual ad-
vances which that is described, article. United States  V.  Enmons, 410
U.S. 396, 411-412, 35 L.ED. 2d 379, 93 S. CT. 1007 (1973) (quoting United
States  V.  Bass, 404 U.S. 336, 349, 30 L.ED. 2d 488, 92 S. CT. 575 (1971
). The Government acknowledges that & 922(g) "displaces State policy cho-
ices in State criminal statutes, with unnecessary Federal Criminal statu-
tes, which inturned encroach upon the Sovereignty to govern it own laws
of criminal conduct...that its prohibitions apply even in State that have
chosen not to outlaw the conduct in question." Brief for United States 29
, n. 18; see also statement of "President George Bush" on signing the cr-
ime Control Act: of 1990, 26 Weekly Comp of Pres Doc 1944, 1945, (Nov.
29, 1990) (most egregiously, Section & 922(g) Inappropriately overrides
legitimate State firearms laws with a new and unnecessary Federal law. T-
he policies reflected in these provisions could legitimately be adopted
by the States but they should not BE imposed upon the States by Congress"
).

We note that on September 13, 1994,,"President Williams Clinton" signed
into law the violent crime Control and Law Enforcement Act: of 1994, Pub
L.ED. 103-322, 108 Sat 1796. Section 32-0904 of that Act, ID., At 2125,
amend & 922(g) to include congressional findings regulating the effects
of firearms possession in and around schools upon interstate and foreign
commerce. The Government does not have unlimited powers to enforce laws
upon the State by a unnecessay Federal criminal statute, that the States
already have jurisdiction of State criminal conduct, reiterate Federal G-
overnment need not to rely upon these subsequent findings as a substitut-
e for the absence of findings in the first instance, because criminal an-
d commercial of interstate commerce is a criminal element of the State C-
riminal conduct, which the Federal Government inorder to override State
criminal jurisdiction, there has to be a substantial affect on the econo-
mic of interstate commerce activities of commercial commodities of the S-
tate. Or of oral August 25 ("We're not relying on them in the strict sen-
se of the word, but we think that at avery minimum they indicate that re-

asons can be identified for why Congress wanted to regulate this particu-
lar activity").

The statement surround jurisdiction is one that can't be disputed which
we all can agreed with the recent ruling of jurisdiction under United St-
ates V. Lopez, Article 1, Section 8, Clause 3...on 02/03/89, at approx-
imately 8:00 P.M. officer Timothy S. Craggette, while working in an unde-
rcover capacity, went to 33 "K" Street, N.W., Washington, D.C. Apt. 211.
While inside that address, officer Timothy S. CRaggette, exchanged $20.0-
0 MPD funds with Elliott Kittrell, for 1-clear plastic zip-locked packet
which contained a white colored rock, a portion of which was field test-
ed with a positive reaction of cocained. After this transaction was comp-
leted, officer Timothy S. Craggette, left the apt. 211. (CCN: 065-344).
On o2/03/89, at approximately 8:15 P.M. Investigator James D. Wright, wh-
ile working in an undercover capacity, went to 33 "K" Street, N.W. D.C.
Apt. 211. While inside that address, Investigator Wright, exchanged $20.-
00 MPD funds with Elliott Kittrell, for 1-clear plastic zip-locked packe-
t which contained a white colored rock, a portion of which was field tes-
ted with a positive reaction for cocaine. After this transaction was com-
pleted, Investigator Wright, left the Apt. 211. (CCN: 065-457).

In both the above lised cocaine transaction, Elliott Kittrell, went to t-
he rear bedroom of apartment 211, to obtained the packet of cocained.

On 02/03/89, at approximately 8:15 P.M. Members of the First District vi-
ce squard executed an expired Un-numbered D.C. Superior Court; search wa-
rranted, expiration dated, January 27, 1989 and executed on Feb 03, 1989
for the entire address of 33 "K" Street, N.W., Washington, D.c. Apt.#211.
The search warrant and affidavit were a forgery. The affidavit had been
altered from its original version " word " House, was change to "Apartme-
nt." by prosecutor Teresa McHenry,Ausa with her right hand. (CCN: 065-45-
1). The affidavit was not introduced doing the pendency of the trialed.
The Search warrant was under the Female named, Marriette Kittrell, that
was given the search warrant. Both officers Timothy S. Craggette and Inv-
estigator James D. Wright; identified Elliott Kittrell as the subject wh-
o had sold them the cocained, he was then arrested, without probable cau-
se. Recovered after a search of the rear bedroom was 48-clear plastic zi-
p-locked packets, all of which contained white colored rocks, a portion
of which was field tested with a positive reaction for cocained, narcoti-
c paraphernalia, 2-hand guns and ammunition, personal papers in the name
of both Marriette Kittrell and Henry L. Hill, an assortment of suspected
stolen property and $3,685.00 dollars, in both Marriette Kittrell and He-
nry Lee Hill, admitted to living in the rear bedroom. Both Marriette and
Henry L. Hill were placed under arrested. Recovered from other locations
in the same apartment was an additional 4-clear plastic zip-locked packe-
ts, all of which contained white colored rocks, a portion of which was f-
ield tested with a positive reaction for cocained.

Recovered from Marriette Kittrell's right front pants watch pocket was 1-
clear plastic zip-locked packet which contained a white colored rock; a
portion of which was field tested with a positive reaction for cocained.
Recovered from Henry L. Hill's possession was $168.00 in assorted bills.

Statements signed by officer Eugene Wdwards #463 on 02/03/89, and prepar-
ed by both officer Timothy S. Craggette and Investigator James D. Wright
on 02/03/89. The search warrant was issued by the clerk of the court on
January 27, 1989. Not on the aboved dated 02/03/89 when the search warra-

T AND Affidavit was issued January 27, 1989. Not on the above dated 02/-03/89.

The Superior Court, may regulate three broad areas of activities; Tax Court; Juvenile Court, and Superior Court. The District of Columbia acts as a statute for the purposed of a State Actor, to regulate policies within the scope of its sovereignty. The Federal Government lack jurisdiction to regulate police powers that are Delegatored or asserted by the District of Columbia, that acts as a statute for the purpose of a State actor. Article 1, Section 8, Clause 3.

"The Supreme Court Justice Wrote; "Indeed, on this cruial point, the majority and Justice Breyer agreed in principle the Federal Government has nothing approaching a police power," United States V. Lopez, 514 U.S. 131 L.ED. 2d 626, 115 S. CT. 1624 (Fifth Cir. 1995).

Guns that is made in Germany are not the concerns of the United States Federal Government under the Constitution commerce Clause because Germany is not apart of the United States of America that would give Congress the power to regulate foreign activities of commercial of commerce. Under discussion "Lopez." Agun manufactured of Derships and distributor is a commercial activity that does not have acything to do qith the elements of jurisdiction of a police power & 922(g) of the Constitution. "The criminal element of a Stare crime are regulated by the States and does not come Nexus to a Federal jurisdiction is outside the boundaries, separate and distinctly different from Federal participation of a State crime of its soovereignth that doesn't extend into Federal regulated activities of wars that is empowered by Congress. Tax court, juvenile Court, SUPERIOR Court is activities under the District of columbia, Article 1, Section 8, Clause 3.,

The metropolitan First police Department did not have Federal participation of any jurisdictional element to arrested and detained on Feb 3, 1989, at 33 "K" Street, n.w., Washington, D.C., Apt.#211, of District of Columbia is a statute for the purpose of a State actos are not a regulation of commerce clause that give Congress the power to regulate criminal activities by the States which are the Federal Government is not Delegated to be empowered by the Federal Government to try a State criminal activity which lack jurisdiction to regulate interstate commerce Clause. The act is separate distinctly different from the Federal Government which does not regulate outside of its sovereignty within the three broaded activities under "Lopez."

Since Lopez." Courts have been wary of Federal indictments charging local crime, for example, in United States V. Pappadopoulos, 64 F. 3d. 522 (9th Cir. 1995) The court accepted the defendants as applied challenge to the Federal arson statute holding that the Government failed to demonstrate the requisite jurisdictional connection required to sustained Federal jurisdiction. ID. At 528; see also United States V. Danalli, 73 F. 3d. 328, 329 (11th Cir. 1996) (following Pappadopoulos. And holding that arson of a residence since Lopez. Courts have been wary of Federal indictments charging local crime, for example, in United States V. Pappadopoulos, 64 F. 3d. 522 (9th Cir. 1995) The court accepted the defendants as applied challenge to the Federal arson statute holding that the Government failed to demonstrate the requisite jurisdictional connection required to sustained Federal jurisdiction. ID. At 528; see also United States V. Denalli, 73 F. 3d. 328, 329 (11th Cir. 1996) (following Pappadopoulos. And holding that arson of a residence did not satisfy jurisdictional requirement under the circumstances); United States V. Paredes, 950 F. Supp. 584 (S.D.N.Y. 1996) (dismissing indictment under Federal statute, and holding that the use os an intrastate telephone pager was an insufficient interstate nexus to established the jurisdiction threshold).

United States V. Denalli, 73 F. 3d. 328 (11th Cir. 1996); the Federal arson statute e-xpressly requires a jurisdictional prerequisite as an essential element. Congress Const-ructed the Statute to exercise the full reach of the Federal commerce power. Russell V. United States, 471 U.S. 858, 105 S. CT. 2455, 85 L.ED. 2d 829 (1985).

The Supreme Court recently considered the scope of Federal commerce power in U.S. V. Lopez, _____ U.S. _____, L.ED. S. CT. 1624, 131 L.ED. 2d 626 (1995), Where the court considered the Constitutionality of the gun - free school zone act. ID. At _____, 115 S. CT. At 1624. The court examine commerce Clause jurisprudence and identified three ca-tegories of activity that Congress could regulate under the commerce power.

First Congress may regulate the use of the channels of interstate commerce. Defendant w-as indicted on two counts of violating the Federal murder-for-hire-statute 18 U.S.C. & 922(g). And one court of possession by a Felon of ammunition, 18 U.S.C. & 922(g). This opinion addresses defendants pretrial motion to dismiss his indictments under 18 U.S.C. & 922(g) for lack of Federal jurisdiction to enforce State criminal conduct, with a un-necessary Federal statute, and defendant's request for a pretrial hearing to determine whether the Government manufactured Federal jurisdiction in this case. For the reasons set forth below, defendant's motion April 18 indictment are dismissed. Accordingly; no hearing is required, defendant was arrested on Feb 22, 1996, on charges of using an int-erstate commerce facility in the commission of a murder-for-hire scheme in violation of 18 U.S.C. & 922(g) Defendant was subsequently charged with possession by a felon of amm-unition in violation of 18 U.S.C. & 922(g) The Government has failed to sustained its b-urden of establishing Federal jurisdiction over defendant's allegedly unlawful conduct. The murder-for-hire charge must therefore be dismissed.

See also L. Tribe, American Constitutional law 306 (2d. ed. 1988). Under this line of categories of activity such as "production," manufacturing," and " M-ining" were within the province of State Government, and thus were beyond the power of Congress to regulate interstate commerce commercial and State criminal conduct under Fe-deral new Statutes, pilled on top of State statutes of commerce Clause. See Wickard V. Filburn, 317 U.S. 111, 121, 87 L.ED. 122, 63 S. CT. 82 (1942) (describing development o-f commerce Clause jurisprudence). "The power of Congress our interstate commerce is not confined to the regulation of commerce among the States. It extend to those activities interstate which so affect interstate commerce or the exercise of the power of Congress our it as to make regulation of them appropriate means to the attainment of a legitimat-e end, the exercise of the Granted power of Congress to regulate interstate commerce." ID., At 118, 85 L.ED. 609, 61 S. CT. 451, 132 ALR 1430. See also United States V. Wri-ghtwood Dairy Co., 315 U.S. 110, 119, 86 L.ED. 726, 62 S. CT. 523 (1942) (The commerce power "Extends to those intrastate activities which is a substantial way interstate wi-th or obstruct the exercise of the granted power"). "We now turn to consider the power of Congress, is the light of this framework, to enact & 922(g). The first two categories of authority may be quickly disposed of: & 922(g) is not a regulation of the use of the channels of interstate commerce, nor is it an attempt to prohibit the interstate transp-ortation of a commodity through the channels of commerce; nor can & 922(g) be justified as a regulation by which Congress has sought to protect an intrumentality of interstate commerce or a thing in interstate commerce. This; if & 922(g) is to be sustained, it m-ust be under the third category as a regulation of an activity that substantially affec-ts interstate commerce.

Section & 922(g) Is a criminal statute that by its terms has nothing to do with "Commer-ce" or any sort of economic enterprise, however, broadly one might define those terms. Section & 922(g) Is not an essential part of a larger regulation, such as foreign comme-rce of International commercial activity of economic commodity, in which the regulatory scheme could be undercut unless the intrastate on noncommercial activity were regulated, It cannot, therefore, be sustained under our cases upholding regulation of activities t-hat arise out of or are connected with a commercial transaction, which viewed in the ag-

gregate, substantially affects interstate commerce. Commerce defined, the exchange of goods and services, especially on a large scale involving transportation between Cities, States, and Nations. Internation commerce. Trade and other business activities between Nations. Interstate commerce. Trade and other business activities between those located in different States; especially., traffic in goods and travel of people between States. For purposes of this phrase, most statutory definitions include a Territory of the United States as a State. Some statutory definitions of interstate commerce include commerce between a foreign country and a State. Intrastate commerce. Commerce that begins and ends entirely within the borders of a single State. Commerce Clause. U.S. Constitution Article 1, Section 8, Clause 3, which gives Congress the exclusive power to regulate commerce among the State, with foreign Nations, and with Indian tribes, until Lopex V. United States, the laws changes that defines the States control criminal conduct. Such as a Civil War or roiting throughout the United States, inorder to override State criminal Statutes which are granted by the people through Congress which would have to be voted on a bill that would give the Federal Government jurisdiction to (override State criminal statute.

Miller V. Howe Sound Min. Co., D.C., Washington, D.C. 1948, 77 F. Supp. 540. City of Atlanta V. National Bituminous Coal commission, D.C. D.C. 1939, 26 F. Supp. 606, Affirmed 60 S. CT. 170, 308 U.S. 517, 84 L.ED. 440.

Miller V. Howe Sound Min. Co., Commerce; Constitutional law:

The limitations imposed on congressional power by Due Process are not absolute, but, when vital public interests are at stake and exercise by Congress of its commerce power is attended by incidents analogous to those which attend police power, Congress may Constitutionally encroach upon interfering private vested interest, if it does not act arbitrarily and adopts a reasonably suitable means to accomplish its purpose. U.S.C.A. Constitutional Article 1, Section 8, Clause 3; Amendment 5, 14th Constitutionality.

Constitutional law:

In application of rule that law shall not be unreasonable, arbitrary, or capricious and that means selected shall have a real and substantial relation to object sought to be attained, findings of Congress are not conclusive, bue are a question for judicial determination, which will be decided by the courts for themselves. U.S.C.A. Constitutional Amendment 5,14.

When the Federal Government infringe upon State criminal activity, of the States, it cause the relation between Federal and State to be at odds with Federal statute is unnecessary because State still have jurisdiction over State criminal activity.

26 F. Supp. 606 Constitutional law:

The restriction imposed on the exercise of Congress, power to regulate commerce by due process Clause of Constitution does not require that freedom of competition or contrast be preserved to individual or State, if would result in destructive interference with interstate commerce. The Government of Federal courts are Military personell, not to encroach on private Sector commercial activities and State criminal statutes. Which the Federal Government is a (none profit) Oranization, which has nothing to do with economic of interstate commercial private invested interests of the States, it cause the private Sector, are not regulated by the Federal Government of private interests of police power which have laws and statutes already been enacted by the States of criminal activities, which the Federal Government enactment of Federal Statutes and laws that infringed on State criminal conduct of activities. Commerce of private Sector of economic. The result in destructive interference with interstate commerce. U.S.C.A. Constitutional Article 1, Section 8, Clause 3., amendment 5,14.

I make all laws which shall be necessary and proper for carrying into execution the for-
egoing powers, and all other powers vested by this Constitution in the Government of th-
e United States, or in any Department or officer thereof.

(Emphasis added) See p. 60
The courts should look closely at jurisdiction of the Federal Government because crimin-
al activities have no element of concerns of criminal conduct of Federal involvment, be-
cause the States still have jurisdiction over criminal activities because the Federal
Government control Military court, inorder to take control over State criminal conduct,
there has be be substantial affect on interstate commerce Clause, inorder for the Feder-
al Government to override State activities of existence criminal statutes, or otherwise,
the Federal Government would violate due process of the Fifth and 14th amendment by way
of pilling Federal Statutes on top of State statutes who has already denouced this act
to be criminal. When Federal authorities inorder to arrested and detained, it has to co-
me nexus to interstate commerce Clause because the Federal Government is a (none profit)
Oranization that rely on donations and the collections of money from tax payer's, becau-
se guns and other comodities; such as legal and illegal is a commercial economic of
private sector, and not Military court, or Military personelled of Soldier's who receiv-
ed a check from Congress who are not regulated by Congress because this act has already
been criminalized by the States. Commercial activities of sales from it Citizens are not
under Federal authority of a communist Government who dictate to its Citizens of guns r-
egulations of private companies because interstate commerce Clause deal with Internatio-
nal laws of foreign Government as well as economic and therefore, police power of crimi-
nal activities does not extend into the hands of the Federal Government. Under the old
existence laws, the Federal Government relied on intrastate was given jurisdiction over
intrastate activities if a noncommercial activities of produced that doesn't extend out-
side of the Control of State Government who is (not) allowed to buy and sale products to
the private Sector of economic activities because the Government is a (none profit) Ora-
nization, therefore, capital that is attoted through the tax payer's in not regulated by
Congress because the Federal Government has limited powers that does not extend into co-
mmercial activities of interstate commerce Clause.

Until Lopez, defining of the interpretation of intrastate and interstate is activities-
that doesn't extend into interstate commerce Clause which does not come nexus that wou-
ld connect the Federal Government into commercial activities of the States because int-
rastate is a noncommercial items that the Government do trading among themselves that
received a budget for the physical year amount of money needed or available of a estim-
ation which depend on the size of the Government that buy products from themselves tha-
t is not allowed to sale these military items or other none commercial items to the pr-
ivate Sector as well investor's contracts who invested in the Government that provide
services for the Federal and State productivity of the private investors of contracts
of companies who bid to the Government, but not without restrictions; such as Army per-
sonell who is not allowed to sale to the public of a few who is awarded contracts to p-
roduced products to upkeep Federal building, such as schools, hospitals, businesses et-
c. Article 1, Section 8, Clause 3. Imports of commercial activities of foreign governm-
ent who the private investor's buy and sale goods of a commercial activity of economic
interstate commerce Clause but noncommercial activity that is provided to the Federal
Government of the United States, does not extend into the Private Sector of noncommerc-
ial activities.

See: United States  V.  Griffin, 303 U.S. 226, 229, 58 S. CT. 601, 82 L.ED. 764 (1938)
("Since lack of jurisdiction of a Federal court touching the subject-matter of the lit-
igation cannot be waived by the parties, we must upon this Appeal examine the contenti-
on."); Hertz Corp.  V.  Alamo Rent-A-Car, Inc., 16 F. 3d. 1126, 1131 (11th Cir. 1994)
("Subject-matter jurisdiction can never be waived or conferred by the consent of the p-
arties.") (qouting Latin A.M. property & Cas. Inc. Co.  V.   Hi-Lift Marine, Inc., 887

F. 2d 1477, 1479 (11th Cir. 1989); Filzgerald V. Seaboard Sys. R.R., Inc., 760 F. 2d 1249, 1250 (11th Cir. 1985) (It is a well known fact that parties cannot confer jurisd- iction upon the Federal Courts."); Love V. Turlengton, 733 F. 2d 1562, 1564 (11th Cir. 1984) ("It is an established principle of law that subject matter jurisdiction cannot be created or waived by agreement of the parties."); Eagerton V. Valuations, Inc, 698 F. 2d 1115, 1118 (11th Cir. 1983) ("It is well established that subject-matter jurisdiction cannot be waived or conferred on a court by consent of the parties."). Furthermore, we are bound to assure ourselves of jurisdiction even if the parties fail to raise the iss- ue. See Insurance Corp. If ir., LTD., 456 U.S. At 702 ("A") Court...will raise lack of subject-matter jurisdiction on its own motion."); Fitzgerald, 760 F. 2d At 1251 ("A Fed- eral court not only has the power but also the obligation at any time to inquire into j- urisdiction whenever the possibility that jurisdiction does not exist arises.") (Citing philbrook V. Glodgett, 421 U.S. 707, 95 S. CT. 1893, 44 L.ED. 2d 525 (1975); City of K- enosha V. Bruno, 412 U.S. 507, 93 S. CT. 2222, 37 L.ED. 2d 109 (1973).

Justice Thomas, concurring.

The court today properly concludes that the commerce Clause does not grant Congress the authority to prohibit gun possession within 1,000 feet of a school, as it attempted to d- o in the Gun-Free School Zones Act of 1990, pub L. 101-647, 104 Stat 4844. Although I J- he original understanding of the commerce Clause. In a future case, we ought to temper o- ur commerce Clause jurisprudence in a manner that both makes sense of our more recent c- ase law and is more faithful to the original understanding of that Clause. We have said that Congress may regulate not only "Commerce...among the several States, " U.S. Constit- ution Article 1, Section 8, Clause 3, but also anything that has a "substantial affect" on such commerce. This test, if taken to its logical extreme, would give Congress a "pol- ice power" over all aspects of America life. Unfortunately, we have never come to grips with this implication of our substantial affects formula. Although we have supposedly ap- plied the substantial affects test for the past 60 years, we always have rejected readin- gs of the commerce Clause and the scope of Federal power that would permit Congress to e- xercise a police power; our cases are quite clear that there are real limits to Federal power. See New York V. United States, 505 Us ____, 120 L.ED. 2d 120, 112 S. CT. 2408 (1992).

Gregory V. Ashcroft, 501 U.S. 452, 115 L.ED. 2d 410, 111 S. CT. 2395 (1991); The Unite- d States Constitution establishes a System of Dual sovereignty between the States and the Federal Government; pursuant to the Constitution's 14th and 5th amendment, the Federal G- overnment has limited powers and the States retain substantial sovereign authority; such a Federalist structure assures a decentralized Government that will be more sensitive to the diverse needs of a heterogogeneous order, allows for more innovation and experimenta- tion in Government, and makes Government more responsive by putting the States in compet- ition for a mobile Citizenry, perhaps the principal benefit of the Federalist System und- er the United States Constitution is a check on abuses of Government power, for, just as the separation of church and State and independence of the coordinate branches of the Fe- deral Government serve to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the IItates and the Federal Government will reduce the risk of tynny and abuse from either front; if this "double security" is to be effective there must be a power of balance between the IItate and the second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or thin- gs in interstate commerce, even though the threat may come only from intrastate activiti- es finally, Congress commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce, those activities that substantially affect interstate commerce.

one of the principal of our Federal Slystem is that the "IItates possess primary authority

for defining and enforcing the criminal law." ID. At _____ n.3, 115 $I. CT. At 1631 n. 3; Brecht V. Abrahamson, 507 U.S. 619, 634-35, 113 II. CT. 1710, 1720, 123 L.ED. 2d 3- 53 (1993) (qouting Engle V. Isaac, 456 U.S. 107, 128, 102 II. CT. 1558, 1572, 71 L.ED. 2d 783 (1982).

Neither United IItates V. Guest, 383 U.S. 745, 16 L.ED. 2d 239, 86 $I. CT. 1170, nor Di- strict of Columbia V. Carter, 409 U.S. 418, 34 L.ED. 2d 613, 93 S. CT. 602, Casts any doubt on the enduring vitality of the civil rights cases and Harris. Assuming that there has been gender-based disarate treatment by IItate authorities in these cases, it would not be enough to save & (emphasis added) statutes visit remedy, which is directed not at a State or State Actor but at individuals who have committed criminal acts motivated by gender bias. Section (Emphasis added) Statutes visits no Consequence on and virginia pub- lic official involved in investigating or prosecuting Brzonkala's assult, and it is thus unlike any of the & 5 remedies this court has previously uphold, many case law of lack j- urisdiction because it has been a proven fact that the primary principle of Federal auth- ority to exercise power over the IItates, there has to be substantial affect inorder to o- verride State jurisdictional Statutes.

United States V. Wrightwood Dairy Co., 315 U.S. 110, 119, 96 L.ED. 726, 62 S. CT. 523 (1942)
The United States is a (none profit) Oranization that collect Taxes from the Tax payer's and other forms of Aid; such as donations from it Citizens; especially when we are emplo- yed, and have to pay taxes out of the wadge's or profits that it Citizens received from businesses of small and large companies of Capitals that we received from checks and sto- cks, and other forms of exchange for pay we get that taxes are paid out of, as well as d- 1 to the United States, concerning wars in foreign countries and States of the Unites St- onations of financial assistance through the (Banking industrial $ystems that len Capita- ates; especially wars and IInternational affairs of drug trafficking of interstate commer- ce, which the Federal Government received, but does not have unlimited powers to regulate interstate commerce of foreign Nations and Countries because this money is paid by the T- ax-payer's to protect the United IItates interest, which statutes has already been enacte- d by the States of a new and unnecessary new statute of the Federal Government. States h- as enacted statutes and provisions of police power that is Delegated by the people of in- terstate commerce Clause, State criminal activities doesn't extend into the Federal Gove- rnment to regulate States denouced criminal conduct, by the States which the Federal Gov- ernment to infringe on the States, upset the balance of a healthy relation that Federal and States have agreed through the Centuries that they won't interfere in criminal or co- mmercial activities that is Delegated by the States of police power regulated policy, by the States. When the Federal Government upset the balance, it causes duress of criminal violations of bias and prejudice, due to sensitive relation of interstate commerce Claus- e of a criminal element that is awarded by the States.

However, since "Lopez", The interstate commerce Clause, the law has then been defined by the Supreme Court, that has outlaw criminal conduct by Federal involvment of State crimi- nal activities that show a distinctively defferent in a change in the law that doesn't g- ive the Federal Government unlimited powers to regulate State criminal affairs when crim- inal activities deal in particularly of police power, that is Delegated by the States. T- he relation between Federal and States of interstate commerce Clause; a substantial affe- ct has to take place that will give the Federal Government authority to (override) State criminal Statutes, inorder to regulate State criminal conduct. Martial law: 1. The law b- y which during wartime the army, instead of civil authority, governs the country because of a perceived need for military security or public safety. The military assumes control purportedly until civil authority can be restored. 2. A body of firm, strictly enforced rules that are imposed because of a perception by the country's rulers that civil govern- ment has failed, or might fail, to function. Martial law is usually imposed when the rul- ers foresee an invasion, insurrection, economic collapse, or other breakdown of the rule- rs' desired social order. Martial law is the public law of necessity. Necessity calls it forth, necessity justifies its exercise, and necessity measures the extent and degree to which it may be employed. That necessity is no formal, artificial, legalistic concept but an actual and factual one; it is the necessity of taking action to safeguard the State a- gainst insurrection, riot, disorder, or public calamity.

What constitutes necessity is a question of fact in each case. "Frederick B. Wiener, A Practical manual of Martial law 16 (1940). Martial law is nothing more and nothing less than an application of the common law doctrine that force, to what-ever degree necessary, may be used to repress illegal danger threatening the order or the existence of the Sta-te, where the ordinary civil authorities - the police - are unable to resist or subdue a disturbance, additional force, military in nature, may be applied. The extent of milit-ary force used depends in each instance upon the extent of the disturbance. The private Sector, is a economic, and does not apply to the Federal intervention policy maker's, la-ck jurisdiction to enforce laws that is already regulated by the States criminal activit-ies of police power, with a Federal unnecessary added law that the States already have State statutes in placed. Since "Lopez; the laws has since been defined to a old law made new that put the power back into the hands of the States. United States V. Harris, 106 U.S. 629, 27 L.ED. 290, 1st S. CT. 601, and the Civil ri-ghts cases, 109 U.S. 3, 27 L.ED. 835, 3 S. CT. 18, which were both decided shortly after the amendment's adoption. The force of the doctrine of stare decision behind these deci-sion's stem not only from the length of time they have been on the books, but also from the insight attributable to the members of the court at the time, who all had intimate knowledge and familiarity with the events surrounding the amendment's adoption.

City of Boerne V. Flores, 521 U.S. 507, 517, 138 L.ED. 2d 624, 117 S. CT. 2157, also does not give Congress the authority to enact (Emphasis added) New and unnecessary Fede-ral Statutes that the State law enforcement has already denouced "this act to be crimin-al by the States of police power, by the States. Petitioner's assertion that there is p-ervasive bias in various State criminal justice System against victims of gender-motiva-ted violence is supported by a volumious Congressional records. However, the fourteenth amendment places limitations on the manner in which Congress may attack discriminatory conduct. Foremost among them is the principle that the amendment prohibits only State a-ction, not private conduct. Russell V. United States, 471 U.S. 858, 85 L.ED. 2d 829, 105 S. CT. 2455 covered because of the question whether the Congress would have the aut-hority under the Constitution. In sum, the legislative history suggests that Congress at least intended to protect all business property, as well as some additional property th-at might not fit that description, but perhaps not every private home. By its terms, Ho-wever, the statute only applies to property that is "used" in an "activity" that affects commerce. The Rental or real estate is unquestionably such an activity, we need not rely on the connection between the Market for residential units and "the interstate movement of people, " to recognize that the local Rental of an apartment unit is merely an eleme-nt of a much broader commercial market in Rental properties. The congressional power to regulate the class of activities that Constitute the rental market for real estate inclu-des the power to regulate interstate agreement between Federal and State that are separ-ate and distinctly different who has already denouced the act to be criminal activities by police power of the States. The States have sensitive relation between it's sovereign-ty that doesn't extend outside of its own law; unless there is substantial affect that allow the Federal Government to interfere between the States and the Federal Government.

United States V. Wrightwood Dairy Co., 315 U.S. 110, 119, 86 L.ED. 726, 62 S. CT. 523 (1942)
(Emphasis added) (The commerce power "extends to those intrastate activities which subt-antial way to interfere with or obstruct the exercise of the granted power"). since, Lo-pez, the Federal Government has redressed the Constitutionality of interstate commerce Clause of intrastate which is the existing or occurring within a State, does not Consti-tute Federal Government to interfere with State affairs which the Federal Government is a (none profit) Oranization; does not have the authority to regulate interstate commerce Clause substantially affect interstate agreement that will lead to the Federal Governmen-t infringing on State criminal conduct to take control over existence laws of State affa-

irs, because this act is already been criminalized by the States. Congress does not reg-
ulate commodities of economic of commercial activities because this act will interfere
with the sensitive relation between Federal and State activities who have already denou-
ced to be criminal conduct that govern its own affairs without a new and unnecessary Fe-
deral statute and provisions to compiled statutes on top of State statutes and orovisio-
ns by the States with are already Delegated by the States since the civil war, of the N-
orth and the South. Since United States V. Wrightwood Co., are no longer in existence
because Federal Government does not regulate private Sector of State criminal activitie-
s that buy and sale commercial activities by private investor's.

Harris V. United States, 146 F. 3d. 1304 (11th Cir. 1998);
Federal courts are courts of limited jurisdiction, deriving their power solely from act-
icle 1, Section 8, Clause 3, of the Constitution and from the legislative acts of Congr-
ess; thus they cannot derive power to act from the actions of the parties before them,
and the parties are incapable of conferring upon Federal courts jurisdictional foundati-
on they otherwise lack simply by waiver or procedural default. U.S.C.A. Constitution Ar-
ticle 1, Section 8, Clause 3.

Because jurisdictional claims may not be violated a defendant need not show "cause" to
justify his failure to raise such a claim notably, jurisdictional defects, by contrast,
cannot be procedurally violated as Federal courts, we are courts of limited jurisdictio-
ns, deriving our power solely from Article 1, Section 8, Clause 3, Constitution and from
the legislative acts of Congress. See Insurance Corp. Of Ir. LTD. V. Compagnie des Ba-
uites de Guinee, 456 U.S. 694, 701, 102 S. CT. 2099, 72 L.ED. 2d 492 (1982). We therefo-
re, cannot derive power to act from the actions of the parties before us. See ID. At 70-
2. Consequently, the parties are incapable of conferring upon us a jurisdictional found-
ation we otherwise lack simply by waiver or procedural violation.

Washington, D.C., 1948, 77 F. Supp. 540.
City of Atlanta V. National Bituminous Coal Commission, D.C. D.C. 1939, 26 F. Supp.
606, Affirmed 60 S. CT. 170, 308 U.S. 517, 84 L.ED. 440.

Miller V. Howe Sound Min. Co.
commerce; Constitutional law:

The limitations imposed on congressional power by Due Process Clause are not absolute,
but, when vital public interests are at stake and exercise by Congress of its commerce
power is attended by incidents analogous to those which attend police power Congress may
Constitutionally encroach upon interfering private vested interest, if it does not act
arbitrarily and adopts a reasonably suitable means to accomplish its purposes. U.S.C.A.
Constitutional Article 1, Section 8, Clause 3; amendment 5,14.

Constitutional law:

In application of rule that law shall not be unreasonable, arbitrary, or capricious and
that means selected shall have a real and substantial relation to objects sought to be
attained, findings of Congress are not conclusive, but are a question for judicial dete-
rmination, which will be decided by the courts for themselves. U.S.C.A. Constitutional
amendment 5,14.

Where a statute is questioned on ground that it transcends limits of Due Process, commer-
cial and private investors are not to be encroach of Constitutionality of Federal Govern-
ment, police power to regulate commerce that is already govern by the States laws enact-
ment under the Constitution of guns sold of private Sectors are not Government regulatio-
n to enact laws that has already been enacted by the States, which the Federal Governme-
nt statutes and laws are not to be compile on Statutes that is already Delegated by the

States, which the Federal Government laws and provisions must not be unreasonable, abitrary or capricious, and that means selected shall have real and substantial affect on interstate commerce to regulate relation to objects sought to be attained. U.S.C.A. Constitutional amendment 5,14.

26 F. Supp. 606 Constitutional law:
The restriction imposed on exercise of police power to regulate commerce by Due Process Clause of Constitution does not require that freedom of competition or contract be preserved to individual or State, if it would result in destructive interference with interstate commerce. The Government of Federal courts is a none profit oranization, which has nothing approaching police power, held under Lopez, which the Federal Government has nothing to do with economic of interstate agreement between interstate commerce Clause of private sales of firearms regulation under private Sectors are not regulated by the Federal Government involvment of private interest of police power which have laws, provisions and statutes already Governed by the States which the Federal Government enactment of Federal Statutes, violates the Constitution of the State law enforcement, that is already in placed to protect it sovereignty of its Citizens from enproachment of interference of Federal Government to compile Federal Statutes on top of State statutes, violates Due Process of the (Fifth and 14th) Amendment. The States is regulated by interstate agreement between the States and Federal Government that agreed not to interfere in State criminal conduct of interstate commerce Clause, as long as it does not have a substantial affect on the economic of commercial activities which private Sector of the States control their economics of businesses Sector which regulate private sector of buy and sales laws once violated have a destructive interference with interstate commerce Clause of police power. U.S.C.A. Constitution Article 1, Section 8, Clause 3., amend,5, 14.

Miller V. Howe Sound Min. Co., 77 F. Supp. 540.
No court in the Federal System, except Supreme Court, derives its jurisdiction directly court, derives its jurisdiction directly from Constitution, and all of others depend upon authority of Congress which in their jurisdiction, so that such jurisdiction conferred.
The restriction imposed on exercise of Congress because this act violates the Due Process of the (Fifth and fourthteen Amendment of the Constitution regulation commerce by Due Process Clause of Constitution does not require that freedom of competition or contract be preserved to individual or State Dual sovereignty relation of States, if violated, it would result in destructive interference with Sensitive relation between Federal Government and interstate agreement of commerce Clause. U.S.C.A. Constitution, Article 1, Section 8, Clause 3. Amendment 5th and 14th Amendment of the Constitution.

## Certificate of Service

Subscribed and Affirm/Sworn to me. A official Public Figure on Duty this 19TH
_____, Day of JANUARY_____, 2007.

Respectfully Submitted,

Henry Lee Hill #14661016

NOTARY PUBLIC OFFICIAL SEAL
BRAD A. SHINGLER
State of West Virginia
Federal Correctional Institution-Gilmer
My Commission Expires
July 24, 2016
P.O. Box 5000
Glenville, WV 26351

Dated: 1/ 19 / 2007.
Under penalty of perjury 28 U.S.C.A. & 1746.

F 07-0483
UNA

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I. (a) PLAINTIFFS

Henry L. Hill

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 14661-016

**DEFENDANTS**

Officer D. Wright, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-00483
Assigned To : Walton, Reggie B.
Assign. Date : 04/04/2007
Description: HILL v. WRIGHT et al

### II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

### III CITIZE
FOR PLAINTI.

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ K. *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    □    ACTION UNDER F.R.C.P. 23    ☒ **DEMAND $** 43 million    Check YES only if demanded in complaint    **JURY DEMAND:** ☒ YES    □ NO

...ES   □ NO    If yes, please complete related case form.

...RECORD

...OR COMPLETING CIVIL COVER SHEET JS-44
...Authority for Civil Cover Sheet

...erein neither replaces nor supplements the filings and service of pleadings or other papers as required by
...the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of
...a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips
...n Numerals on the Cover Sheet.

...PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of
...f the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

...section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section

...: The assignment of a judge to your case will depend on the category you select that best represents the
...You may select only one category. You must also select one corresponding nature of suit found under

...nder which you are filing and write a brief statement of the primary cause.

...t there is a related case, you must complete a related case form, which may be obtained from the Clerk's

...ou should ensure the accuracy of the information provided prior to signing the form.

Court Name: District of Columbia
Division:
Receipt Number: 4216037030
Cashier ID: tjack
Transaction Date: 03/04/2007
Payer Name: Linda Johnson

Linda Johnson
Amount: $350.00

Check/Money Order Num: 2010
Amt Tendered: $350.00

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00